| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the:<br><br>Southern District of New York<br><br>Case number (*If known*): _____ Chapter 15 |

❑ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
| --- | --- | --- |
| 1. | **Debtor's name** | Grupo Famsa, S.A.B. de C.V. _____ |
| 2. | **Debtor's unique identifier** | **For non-individual debtors:**<br><br>❑  Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___<br><br>❑  Other _____. Describe identifier _____.<br><br>**For individual debtors:**<br><br>❑  Social Security number:  xxx – xx– ____ ____ ____ ____<br><br>❑  Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____<br><br>❑  Other _____. Describe identifier _____. |
| 3. | **Name of foreign representative(s)** | Paloma Elizabeth Arellano Bujanda _____ |
| 4. | **Foreign proceeding in which appointment of the foreign representative(s) occurred** | _____ |
| 5. | **Nature of the foreign proceeding** | *Check one:*<br><br>☑  Foreign main proceeding<br>❑  Foreign nonmain proceeding<br>❑  Foreign main proceeding, or in the alternative foreign nonmain proceeding |
| 6. | **Evidence of the foreign proceeding** | ☒  A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br><br>❑  A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br><br>☑  Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached. Board Resolution appointing foreign representative, and a certified English translation (and Spanish version) of order commencing foreign proceeding. |
| 7. | **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?** | ❑  No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)<br><br>☑  Yes |

Debtor   Grupo Famsa, S.A.B. de C.V.                                    Case number (if known)_____
_____
Name

---

**8.** **Others entitled to notice**    Attach a list containing the names and addresses of:

    (i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

    (ii)    all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

    (iii)    all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.** **Addresses**    **Country where the debtor has the center of its main interests:**    **Debtor's registered office:**

    Mexico

    Avenida Pino Suarez 1202 Norte, Piso 3
    Number       Street

    P.O. Box

    Monterrey, Nuevo Leon                 64000
    City        State/Province/Region    ZIP/Postal Code

    Mexico
    Country

    **Individual debtor's habitual residence:**    **Address of foreign representative(s):**

    Avenida Pino Suarez 1202 Norte, Piso 3
    Number       Street                          Number       Street

    P.O. Box                                      P.O. Box

    Monterrey, Nuevo Leon                 64000
    City        State/Province/Region    ZIP/Postal Code    City        State/Province/Region    ZIP/Postal Code

    Mexico
    Country                                       Country

---

**10.** **Debtor's website** (URL)    _____

---

**11.** **Type of debtor**    *Check one:*

    ☑ Non-individual (*check one*):

        ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

        ❑ Partnership

        ❑ Other.  Specify: _____

    ❑ Individual

---

| Debtor | Grupo Famsa, S.A.B. de C.V. | Case number (if known) |
| | Name | |

---

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☒ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

 Related case no. 20-11505 pending before Judge Chapman .

---

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ _____      Paloma Elizabeth Arellano Bujanda
Signature of foreign representative          Printed name

Executed on   08/06/2020
              MM / DD / YYYY

✖ _____      _____
Signature of foreign representative          Printed name

Executed on   _____
              MM / DD / YYYY

---

**14. Signature of attorney**

✖ /s/ Pedro. A. Jimenez              Date   08/06/2020
Signature of Attorney for foreign representative          MM / DD / YYYY

Pedro A. Jimenez
Printed name

Paul Hastings LLP
Firm name

200 Park Avenue
Number        Street

New York                              NY        10166
City                                  State     ZIP Code

(212) 318-6000                        pedrojimenez@paulhastings.com
Contact phone                         Email address

4448130                               NY
Bar number                            State

---

PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Pedro A. Jimenez
Derek D. Cash

*Counsel for the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

|  |  |
|---|---|
| *In re:* | : |
|  | : |
|  | : Chapter 15 |
|  | : |
|  | : Case No. 20- _____(___) |
| Grupo Famsa S.A.B. de C.V. | : |
|  | : |
|  | : |
| **Foreign Debtor.**[1] | : |

-------------------------------------------------------------X

<u>**RESPONSE TO QUESTION 8 ON CHAPTER 15 PETITION (OFFICIAL FORM 410)**</u>

I.      All persons or bodies authorized to administer foreign proceedings of the debtor:

| Name | Address | Email |
|---|---|---|
| Paloma Elizabeth Arellano Bujanda (Foreign Representative) | Avenida Pino Suárez 1202 Norte, Piso 3, Unidad A 64000 Monterrey, Nuevo León, Mexico | paloma.arellano@famsa.com |
| Luis Manuel Pérez de Acha | Boulevard Manuel Ávila Camacho 40, oficina 1908, Colonia Lomas de Chapultepec, Alcaldía Miguel Hidalgo, 11000, Ciudad de México. | lmpa@pdea.mx |
| Antonio Alfredo Ibarra de Rueda | Boulevard Manuel Ávila Camacho 40, oficina 1908, Colonia Lomas de Chapultepec , Alcaldía Miguel Hidalgo, 11000, Ciudad de México. | air@pdea.mx |
| José Eduardo González Platas | Boulevard Manuel Ávila Camacho 40, oficina 1908, | jegp@pdea.mx |

---

[1]     The last four digits of the Foreign Debtor's Mexican federal tax identification number are 5267. The location of the corporate headquarters and the service address for the Foreign Debtor is Avenida Pino Suárez 1202 Norte, Piso 3, Unidad "A", Zona Centro, 64000 Monterrey, Nuevo León, Mexico.

| | Colonia Lomas de Chapultepec, Alcaldía Miguel Hidalgo, 11000, Ciudad de México. | |
|---|---|---|
| Mario Blancas Vargas | Boulevard Manuel Ávila Camacho 40, oficina 1908, Colonia Lomas de Chapultepec, Alcaldía Miguel Hidalgo, 11000, Ciudad de México. | mblancas@bcfc.mx |
| Antonio Silva Oropeza | Boulevard Manuel Ávila Camacho 40, oficina 1908, Colonia Lomas de Chapultepec, Alcaldía Miguel Hidalgo, 11000, Ciudad de México. | asilva@soeli.mx |
| Héctor I. Ruiz Osorio. | Edificio Aurum, Piso 7, Oficina 720, Avenida Lázaro Cárdenaz 435, Zona Loma Larga Poniente, 66266 San Pedro Garza García, N.L | hruiz@ruizfalce.com |

II.     All parties to litigation pending in the United States in which the debtor is a party at the time of this filing:     None.

III.     All entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code:

Bank of New York Mellon,
Indenture Trustee under the 2020 Notes &
Indenture Trustee and Collateral Agent under the 2024 Notes
c/o Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Attn: Marian Baldwin Fuerst


Ad Hoc Bondholder Group of 2024 Notes
c/o Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019
Attn: Raniero D'Aversa, Jr.

## Petition for relief by declaring bankruptcy
Title One of the Bankruptcy Law (hereinafter LCM)

C[itizen] District Judge for | Civil and Labor Matters of the Fourth Circuit in the State of Nuevo León

File:
Click here to type

Parties
Click here to type
Click here to type

Type of proceeding:
Click here to type

Only in the case of a merchant belonging to a corporate group in which there exist(s) (an)other merchant(s) for which bankruptcy proceedings have previously been filed, write the number of the file, previously filed at the District Court at which the petition is being filed, as well as all other information to identify the parties and the type of bankruptcy proceeding, whether derived from a petition for a declaration of ordinary bankruptcy, from a petition for a declaration of bankruptcy with a previous restructuring plan, or from a lawsuit for a declaration of bankruptcy.

Choose one of the seven following options by clicking the button next to the paragraph which describes the situation of the petitioning merchant, to identify a judge competent to receive the petition, in accordance with the provisions of articles 4, section III and 17 of the LCM. Then, follow only the instructions of the chosen paragraph.

**Option 1** — If the petitioner is an individual merchant, after the words "…Judge in…" write the name of the federative entity in which their main place of business is located, or failing that, where their address is located, followed by the words "…on duty". Articles 4 and 17, first paragraph, of the LCM.

**Option 2** — If the petitioner are the successors to an individual merchant, after the words "…Judge in…" write the name of the federative entity in which their main place of business is located or failing that, where the executor's address is located, followed by the words "…on duty". Articles 4 and 17, first paragraph, of the LCM.

**Option 3** — If the petitioner is trust property used in business activities, after the words "…Judge in…" write the name of the federative entity in which the registered office of the trustee is located or the address where the head office of the business activities the trust property is used for, is located, followed by the words "…on duty".

**Option 4** — With the provisos described in points five and six below, if the petitioner is a non-individual merchant, after the words "…Judge in…" write the name of the federative entity in which their registered office is located, or, if such does not exist, that of the federative entity where the head office of the company is located, followed by the words "…on duty". Articles 4, section III and 17, first paragraph, of the LCM.

**Option 5** — If the petitioner is a merchant belonging to a corporate group in which there exist(s) (an)other merchant(s) for which bankruptcy proceedings have previously been filed, derived from a petition for a declaration of ordinary bankruptcy, a petition for a declaration of bankruptcy with a previous restructuring plan, or from a lawsuit for a declaration of bankruptcy, after the words "…Judge in…" write the extra parts of the name of the District Court in which the previously opened bankruptcy case is held. Articles 4, section III and 17, first paragraph, of the LCM.

**Option 6** — If the petitioner is a merchant filing for bankruptcy, in conjunction with an(other) merchant(s) that belongs to the same corporate group, in accordance with article 15 Bis of the LCM, write the name of the federative entity in which the registered office of the merchant and member of the corporate group is located, falling firstly in the hypotheses listed in articles 10, 11 or 20 Bis of the LCM, or if no registered office exists, that of the federative entity where the head office is located, followed by the words "…on duty." Articles 4, section III and 17, first paragraph, of the LCM.

**Option 7** — If the petitioner is a non-individual merchant who is filing for bankruptcy, jointly with its unlimited liability partners, in accordance with article 14 of the LCM, write the name of the federative entity in which the registered office of the non-individual is located. If no registered office exists, write the name of the federative entity where the head office of the that merchant is located, followed by the words "…on duty." Articles 4, section III and 17, first paragraph, of the LCM.



### Merchant identification and addresses
Article 20, second paragraph, of the LCM.

Name of merchant:          Grupo Famsa S.A.B. de C.V

Write the full name of the individual, or, as the case may be, the trade name or corporate name of the non-individual requesting a declaration of bankruptcy.

Address of merchant determining jurisdiction:

Write the full address which determines the territorial jurisdiction for the competent District Judge before whom the petition is being filed.

Avenida Pino Suárez 1202 Norte, Zona Centro, Tercer piso, Unidad "A", Monterrey, State of Nuevo Leon.

Choose only one of the following six options, clicking on the button next to the title of the option whose contents describe the situation of the merchant petitioning for a declaration of bankruptcy and provide the corresponding information.

Option 1
○    Individual (Physical Person)
Articles 4, section III and 17, first paragraph, and 13 of the LCM.

Select one of the options below by clicking on the button next to the paragraph which describes the type of address you are providing.

○    Address of the company's main place of business
○    Home address, in the absence of a main place of business
○    Home address, in the absence of a main place of business, the company's operations having been suspended or terminated

Option 2
○    Successors of an individual company owner
Articles 4, section III and 17, first paragraph, and 12 of the LCM.

Select one of the options below by clicking on the button next to the paragraph which describes the type of address you are providing.

○    Address of a company which is still operating
○    Address of the executor of the succession because the company suspended operations

Option 3
○    Unlimited liability partner
Articles 4, section III and 17, first paragraph, and 14 of the LCM.

Upon choosing this option 3, the following phrase will be automatically selected, whose contents must match the address you provide.
○    Home address

Option 4
●    Commercial company
Articles 4, section III and 17, first paragraph, of the LCM.

Select one of the options below by clicking on the button next to the paragraph which describes the type of address you are providing.

●    Registered office
○    Address at which the company's head office is located, there being no registered office.

**Option 5**

○     Branch of a foreign company
Articles 4, section III and 17, first paragraph, and 16 of the LCM.

Upon choosing this option 5, the following phrase will be automatically selected, whose contents must match the address you provide.

○     Address of the branch where the head office is located

**Option 6**

○     Trust property
Articles 4, section III and 17, first paragraph, of the LCM, and 381 and 391 of the General Law on Negotiable Instruments and Credit Transactions.

Select one of the options below by clicking on the button next to the paragraph which describes the type of address you are providing.

○     Registered office of the trust
○     Address where the head office of the business activity the trust property is used for, is located

Only if among the foregoing six options you have chosen the option "Commercial company", in respect of which one of the situations described in the two below boxes is applicable, choose one of the options by clicking on the button next to the paragraph whose contents describe the current situation of your company and provide the information requested.

○ **Commercial company belonging to a corporate group which is the subject of a lawsuit for a declaration of bankruptcy, successively in respect of (an)other member(s) of the corporate group in accordance with article 15 Bis of the LCM:**

Choose just one of the following options by clicking on the button next to the paragraph whose contents match the information that complements the description of the company situation of the petitioning commercial company and after the words "designated as", write the corporate name or trade name of the commercial company in question.

○   Holding company of another commercial company designated as
Click here to type

○ Controlled by another commercial company designated as
Click here to type

After the words "…of the commercial company…", write the trade name or corporate name of the entity you referred to in the foregoing option and after the word "file", write the corresponding number.

The address provided for determining jurisdiction is that of the commercial company
Click here to type
in respect of which a bankruptcy proceeding has previously been filed before this court, under file
Click here to type
Articles 4, section III and 17, first paragraph, of the LCM.

○ **Commercial company belonging to a corporate group which is the subject of a lawsuit for a declaration of bankruptcy, jointly with (an)other member(s) of the corporate group in accordance with article 15 Bis of the LCM.**

Choose just one of the following options by clicking on the button next to the paragraph whose contents match the information that complements the description of the company situation of the petitioning commercial company and after the words "designated as", write the corporate name(s) or trade name(s) of the commercial company(ies) in question.

○   Holding company of another commercial company(ies) designated as
Click here to type

○   Controlled by another commercial company designated as
Click here to type

The address provided for determining jurisdiction is:

Choose just one of the three following options by clicking on the button next to the paragraph whose contents match the current circumstances of the address you are providing.

Only in the event of having chosen option 3, after the words "designated as", write the corporate name or trade name of the commercial company you are referring to.

**Option 1**
○ The petitioning company, member of a corporate group made up of other companies being sued jointly and whereof it is the holding company. Article 4, section III, and 17, second paragraph, of the LCM.

**Option 2**



|  | ○ The petitioning company, because you deem that, of all the members of the corporate group, it is the one that falls first within the hypotheses of articles 10, 11 of the LCM. Article 4, section III and 17, third paragraph of the LCM |
| --- | --- |
|  | **Option 3**<br>○ Another company requesting a joint declaration of bankruptcy, designated as Click here to type, because it is deemed that, of all the members of the corporate group, it is the one that falls first within the hypotheses of articles 10, 11 of the LCM. Article 4, section III and 17, third paragraph of the LCM |

Merchant's other addresses:
For legal & service of process purposes:
Avenida Lázaro Cárdenas Número 435, Edificio Aurum, piso 7, oficina 720, Colonia Residencial Santa Bárbara in San Pedro Garza García, Nuevo León.

Write the full address, within the jurisdiction of the District Court, to be designated to receive notices.

Corporate, offices, premises, branches, warehouses and/or stores, and, in the case of an individual, a home address:

1. Famsa Colon, Colon # 601, Zona Centro, Monterrey, Nuevo León, C.P. 64000.
2. Famsa Hidalgo Monclova, Hidalgo # 436, Monclova, Coahuila, C.P. 25700.
3. Famsa Félix U. Gómez, Gómez # 960, Centro, Monterrey, Nuevo León, C.P. 64000.
4. Famsa Nueva Rosita, Carranza # 76, Colonia Comercial, Nueva Rosita, Coahuila, C.P. 26850
5. Famsa Linares, Juárez y Allende # 208, Centro, Linares, Nuevo León, C.P. 67700
6. Famsa Santa Catarina, Manuel Ordoñez # 307, Centro, Santa Catarina, Nuevo León, C.P. 66350
7. Famsa Matamoros, Morelos # 614, Centro, Matamoros, Tamaulipas, Cp. 87300
8. Famsa Valle, Av. San Pedro # 220, Colonia Del Valle, San Pedro Garza, Nuevo León, Cp. 66220
9. Famsa Allende, Allende # 205, Centro, San Luis Potosí, San Luis Potosí, Cp. 78000
10. Famsa Guadalupe, Benito Juárez # 600, Colonia Guerra, Guadalupe, Nuevo León, Cp. 67140
11. Famsa Carranza Tampico, Emilio Carranza # 508, Centro, Tampico, Tamaulipas, Cp. 89000
12. Famsa López Mateos, Cuauhtémoc Y M. J. Cloutier S/N, Unidad Habitacional Adolfo Lopez Mateos, Santa Catarina, Nuevo León, Cp. 66360
13. Famsa Contry, Eugenio Garza Sada # 3755, Colonia Contry, Monterrey, Nuevo León, Cp. 64860
14. Famsa Calzada Independencia, Calzada Independencia Norte # 362, Centro, Guadalajara, Jalisco, Cp. 44100
15. Famsa San Pedro Torreón, Av. Ramos Arizpe # 28, Centro, San Pedro, Coahuila, Cp. 27800
16. Famsa Altamira, Altamira # 309, Centro, Tampico, Tamaulipas, Cp. 89000
17. Famsa Santa María, Av. Pablo Livas # 7500, Colonia Santa María, Guadalupe, Nuevo León, Cp. 67190
18. Famsa Matriz Obregón, Reelección # 905, Centro, Ciudad Obregón, Sonora, Cp. 85000
19. Famsa Colon Reynosa, Colon # 505, Centro, Reynosa, Tamaulipas, Cp. 88500
20. Famsa Francisco, I. Madero Torreón, Av. Hidalgo # 46, Centro, Ciudad Francisco I. Madero, Coahuila Cp27900
21. Famsa Matriz Navojoa, No Reelección Esquina Morelos, Centro, Navojoa, Sonora, Cp. 85800
22. Famsa Hidalgo, Rayón # 207, Centro, Ciudad Hidalgo, Nuevo León, Cp. 65600
23. Famsa Aztlán, Av. Aztlán # 6265, Local 1 Y 2, Residencial Aztlán, Monterrey, Nuevo León, Cp. 64250
24. Famsa Muzquiz Sabinas, Hidalgo 406, Centro, Muzquiz, Coahuila, Cp. 26340
25. Famsa Matriz Celaya, Blvd Adolfo López Mateos # 556, Centro, Celaya, Guanajuato, Cp. 38000
26. Famsa Matriz Los Mochis, Guillermo Prieto # 222, Centro, Los Mochis, Sinaloa, Cp. 81200
27. Famsa Universidad, Av. Universidad # 300, Centro, San Nicolás De Los Garza, Nuevo León, Cp. 66444
28. Famsa Valle San Carlos, Av. Santo Domingo # 1851, Colonia Valle San Carlos, San Nicolás, Nuevo León, Cp. 66437
29. Famsa Panuco Tampico, Lerdo De Tejada Esquina 5 De Mayo, Centro, Panuco, Veracruz, Cp. 93990
30. Famsa San Juan Del Rio, Blvd. Hidalgo # 72, Centro, San Juan Del Rio, Querétaro, Cp. 76800
31. Famsa Sabinas Hidalgo, Carretera Nacional # 800, Ruta A Laredo, Sabinas Hidalgo, Nuevo León, Cp. 65200
32. Famsa Tezozomoc, Puente 8-A, Manzana 47, Lote 31 Y 32, Colonia Alfredo Baranda, Valle De Chalco, Estado De México, Cp. 56610



33. Famsa Pérez Treviño Saltillo, Manuel Pérez Treviño # 248, Centro, Saltillo, Coahuila, Cp. 25000
34. Famsa 16 De Septiembre, 16 De Septiembre # 230, Centro, Guadalajara, Jalisco, Cp. 44100
35. Famsa Zapopan, Ramón Corona #12, Esquina Pinos, Centro, Zapopan, Jalisco, Cp. 45100
36. Famsa Polanco, Longinos Cadena # 2131, Colonia Polanco, Guadalajara, Jalisco, Cp. 44960
37. Famsa Madero Tampico, Primero De Mayo # 404, Centro, Ciudad Madero, Tamaulipas, Cp. 89400
38. Famsa Eloy Cavazos, Av. Eloy Cavazos # 440, Colonia 12 De Mayo, Guadalupe, Nuevo León, Cp. 67180
39. Famsa Dos Poniente Puebla, Dos Poniente # 906, Centro, Puebla, Puebla, Cp. 72000
40. Famsa Rio Nilo, Rio Nilo # 7540, Colonia Villas De Oriente, Tonalá, Jalisco, Cp. 45400
41. Famsa Pino Suarez León, Pino Suarez # 209 A, Centro, León, Guanajuato, Cp. 37000
42. Famsa Escobedo, Av. Raúl Salinas Lozano # 777, Escobedo, Nuevo León, Cp66056
43. Famsa Los Ángeles, Félix U. Gómez # 4100, Local F, Colonia Juana De Arco, Monterrey, Nuevo León, Cp. 64000
44. Famsa Huatabanpo Navojoa, Hidalgo # 7, Centro, Huatabampo, Sonora, Cp. 85900
45. Famsa Tecnológico Cd Juárez, Av. Ejercito Nacional 2701-F, Colonia Del Márquez, Ciudad Juárez, Chihuahua, Cp. 32607
46. Famsa Arboledas Irapuato, Arboledas # 1200, Colonia San Miguelito, Irapuato, Guanajuato, Cp. 36556
47. Famsa Industrial Piedras Negras, Carretera 57 # 203, Esq Av. Industrial, Colonia Venustiano Carranza, Piedras Negras, Coahuila, Cp. 26070
48. Famsa Tacuba      Arcos, Calzada México-Tacuba # 549, Colonia Popotla, Alcaldía Miguel Hidalgo, Ciudad De México, Cp. 11400
49. Famsa Arcos De Belén, Arcos De Belem # 30, Colonia Doctores, Alcaldía Cuauhtémoc, Ciudad De México, Cp. 6720
50. Famsa Mixcoac, Molino # 18, Colonia Mixcoac, Alcaldía Benito Juárez, Ciudad De México, Cp. 3910
51. Famsa Centenario, Av. Centenario # 1227, Colonia Azcapotzalco, Alcaldía Gustavo A. Madero, Ciudad De México, Cp. 7040
52. Famsa Plaza Grande Hermosillo, Periférico Pte Equina Con Tepic, Colonia Álvaro Obregón, Hermosillo, Sonora, Cp. 83170
53. Famsa La Fama, Hidalgo # 202 Interior F, Colonia La Fama, Santa Catarina, Nuevo León, Cp. 66100
54. Famsa Santa Cruz, Carretera Monterrey-Reynosa # 101, Local F, Colonia 29 De Julio, Guadalupe, Nuevo León, Cp. 67196
55. Famsa Pantitlán, Av. México # 247 Esq Pantitlán, Colonia Raúl Romero, Nezahualcóyotl, Estado De México, Cp. 57630
56. Famsa Contreras, Av. México # 1341, Colonia San Nicolás Totolapan, Alcaldía Magdalena Contreras, Ciudad De México, Cp. 10900
57. Famsa Portales, Ajusco # 3, Colonia Portales, Alcaldía Benito Juárez, Ciudad De México, Cp. 3300
58. Famsa La Viga, Calzada De La Viga # 1800, Colonia Héroes De Churubusco, Alcaldía Iztapalapa, Ciudad De México, Cp. 9090
59. Famsa Gustavo Baz, Av. Gustavo Baz # 213,Colonia Benito Juárez, Nezahualcóyotl, Estado De México, Cp. 57000
60. Famsa San Bernabé, Av. Solidaridad # 6601, Colonia San Bernabé, Monterrey, Nuevo León, Cp. 64100
61. Famsa Matriz Guaymas, Av. Serdán # 24 Y Calle 17, Centro, Guaymas, Sonora, Cp. 85400
62. Famsa Lomas Lourdes Saltillo, Blvd. Luis Echeverría, Colonia Lomas De Lourdes, Saltillo, Coahuila, Cp. 25090
63. Famsa Chimalhuacán, Av. Chimalhuacán # 277, Colonia Benito Juárez, Nezahualcóyotl, Estado De México, Cp. 57000
64. Famsa Puebla Sur, Cuatro Sur # 902, Centro, Puebla, Puebla, Cp. 72000
65. Famsa Matriz Morelia, L Cárdenas # 1400, Colonia Ventura Puente, Morelia, Michoacán, Cp. 58020
66. Famsa Zaragoza Querétaro, Av. Zaragoza # 263, Centro, Querétaro, Querétaro, Cp. 76000
67. Famsa Antonio Plaza Celaya, Antonio Plaza # 319, Centro, Celaya, Guanajuato, Cp. 38000
68. Famsa Ruiz Cortinez, Ruiz Cortinez # 600, Local F, Colonia León, Guadalupe, Nuevo León, Cp. 67120
69. Famsa Naucalpan, Del Parque # 12, Centro, Naucalpan De Juárez, Estado De México, Cp. 53000
70. Famsa Cuajimalpa, Ocampo # 74, Colonia Centro, Alcaldía Cuajimalpa, Ciudad De México, Cp. 5000
71. Famsa La Estanzuela, Carretera Nacional # 7877, Local F, Colonia La Estanzuela, Monterrey, Nuevo León, Cp. 64988
72. Famsa Muñoz S.L.P., Av. Muñoz # 650-1, Colonia Albino García, San Luis Potosí, San Luis Potosí, Cp. 78153
73. Famsa M. Aleman, Blvd Miguel Alemán # 312, Centro, León, Guanajuato, Cp. 37000
74. Famsa Lerdo De Tejada, Av. Aldama Oriente # 169, Colonia Centro, Lerdo, Durango, Cp. 35150
75. Famsa Plaza Cadereyta, Juárez # 115, Centro, Cadereyta, Nuevo León, Cp. 67450
76. Famsa Matriz Culiacán, Av. Domingo Rubí Esq Francisco I. Madero, Centro, Culiacán, Sinaloa, Cp. 80000
77. Famsa San Ángel, Dr. Gálvez # 25, Colonia San Ángel, Alcaldía Álvaro Obregón, Ciudad De México, Cp. 1000
78. Famsa Atizapán, Santiago Tianguistengo # 14 Y 16, Colonia Ciudad López Mateos, Atizapán De Zaragoza, Estado De México, Cp. 52900
79. Famsa El Paseo San Luis Potosí, Dr. Salvador Nava M. # 405, Local 38-43, Colonia Del Paseo, San Luis Potosí, San Luis Potosí, Cp. 78320
80. Famsa Sanders Cd Juárez, Av. Eduardo Sanders #1551-B-10, Colonia El Barreal, Ciudad Juárez, Chihuahua, Cp. 32040
81. Famsa Rio Bravo, Francisco I. Madero # 4170, Colonia Del Valle, Rio Bravo, Tamaulipas, Cp. 88980
82. Famsa Plaza Periférico, Carretera Reynosa-Monterrey # 1000, Colonia Lomas Del Real De Jarachinas, Reynosa, Tamaulipas, Cp. 88730
83. Famsa Juárez,      Juárez # 950, Centro, Valle Hermoso, Tamaulipas, Cp. 87500
84. Famsa Américas, Av. Circunvalación # 611, Colonias Las Américas, Aguascalientes, Aguascalientes, Cp. 20230
85. Famsa A Serdán, Aquiles Serdán Y Zaragoza, Centro, Mazatlán, Sinaloa, Cp. 82000



86. Famsa Hidalgo Reynosa, Blvd Hidalgo Km 101, Colonia Las Fuentes, Reynosa, Tamaulipas, Cp. 88710

87. Famsa Mazatlan, Av. Ejercito Mexicano # 1000, Fraccionamiento San Ángel, Mazatlán, Sinaloa, Cp. 82010

88. Famsa Tijuana, Av. Díaz Mirón # 8050, Centro Tijuana, Baja California Norte, Cp. 22000

89. Famsa Alianza Torreón, Av. Morelos # 1747, Centro, Torreón, Coahuila, Cp. 27000

90. Famsa Cinco De Mayo, Av. 5 De Mayo # 247, Colonia Centro, Veracruz, Veracruz, Cp. 91700

91. Famsa Plaza Cristal, Av. Prolongación Díaz Mirón, Fraccionamiento Florestal, Veracruz, Veracruz, Cp. 91940

92. Famsa Casas Alemán, Puerto De Acapulco # 61, Colonia Casas Alemán, Alcaldía Gustavo A. Madero, Ciudad De México, Cp. 7960

93. Famsa Tacubaya, Martires De La Conquista # 8, Colonia Tacubaya, Alcaldía Miguel Hidalgo, Ciudad De México, Cp. 11870

94. Famsa Ermita, Ermita Iztapalapa # 1696-B, Colonia Barrio San Miguel, Alcaldía Iztapalapa, Ciudad De México, Cp. 9360

95. Famsa Benito Juárez, Juárez # 203, Centro, Chihuahua, Chihuahua, Cp. 31000

96. Famsa Silvestre Terrazas, Silvestre Terrazas # 9000-B, Colonia Los Pinos, Chihuahua, Chihuahua, Cp31416

97. Famsa Industria, Industrias # 1559, Colonia San Juan Bosco, Guadalajara, Jalisco, Cp. 44730

98. Famsa Matamoros, Lauro Villar #1219 Y M. Capista, Colonia Mexico Agrario, Matamoros, Tamaulipas, Cp. 87440

99. Famsa Díaz Mirón, Salvador Díaz Mirón # 405, Centro, Tampico, Tamaulipas, Cp. 89000

100. Famsa Taxqueña, Av. Taxqueña # 2391, Colonia San Antonio Culhuacán, Alcaldía Iztapalapa, Ciudad De México, Cp. 9800

101. Famsa Central    Ecatepec, Av. Central # 229, Colonia Valle De Aragón, Ecatepec, Estado De México, Cp. 55280

102. Famsa Porvenir, Manuel J. Clouthier # 450, Local 36, Fraccionamiento Rio Grande, Ciudad Juárez, Chihuahua, Cp. 32574

103. Famsa Valle Verde, Av. Lincoln # 670, Colonia Unidad Valle Verde, Monterrey, Nuevo León, Cp. 64360

104. Famsa Uruapan, Emilio Carranza # 13, Colonia Centro, Uruapan, Michoacán, Cp. 60000

105. Famsa Coatzacoalcos, Av. Juárez # 303, Colonia Centro, Coatzacoalcos, Veracruz, Cp. 96400

106. Famsa San Vicente, Francisco I. Madero, Lote 10, Manzana 4, Colonia Revolución, Chicoloapan, Estado De México, Cp. 56370

107. Famsa Molinito, Av. El Molinito # 18, Colonia El Molinito, Naucalpan De Juárez, Estado De México, Cp. 53530

108. Famsa Ecatepec, Av. Morelos # 410, Colonia Centro, Ecatepec, Estado De México, Cp. 55024

109. Famsa Agrícola Oriental, Oriente 253 # 458, Colonia Agrícola Oriental, Alcaldía Iztacalco, Ciudad De México, Cp. 8500

110. Famsa Revolución Uruapan, Paseo Revolución # 3753, Colonia Zumpimito, Uruapan, Michoacán, Cp. 60190

111. Famsa Cucapah Tijuana, Blvd. Cucapah # 21352, Local 11, Colonia Jardín Dorado, Tijuana, Baja California Norte, Cp. 22000

112. Famsa Matriz Plaza Colima, Ma. Ahumada De Gómez # 371, Colonia Campestre, Villa De Álvarez, Colima, Cp. 28988

113. Famsa Soriana Culiacán, Emiliano Zapata, Locales 6, 7 Y 8, Colonia Francisco Villa, Culiacán, Sinaloa, Cp. 80110

114. Famsa Sor Juana Inés, Ermita          Sor Juana Inés De La Cruz 553 Y 555, Colonia Benito Juárez, Nezahualcóyotl, Estado De México, Cp. 57700

115. Famsa Plaza Fiesta Matamoros, Prolongación Del Sauto # 22, Fraccionamiento Moderno, Matamoros, Tamaulipas, Cp. 87300

116. Famsa Centro Azcapotzalco, Tizoc # 10, Colonia Villa Azcapotzalco, Alcaldía Azcapotzalco, Ciudad De México, Cp. 2000

117. Famsa Centro Tultitlan, Ayuntamiento # 7, Colonia Centro, Tultitlan, Estado De México, Cp. 54900

118. Famsa Centro Chalco, Enseñanza Técnica # 5, Colonia Centro Chalco, Estado De México, Cp. 56600

119. Famsa Santo Domingo Coyoacán, Anacahuita # 237, Colonia Pedregal Santo Domingo, Alcaldía Coyoacán, Ciudad De México, Cp. 4369

120. Famsa Cd Victoria, Aldama # 902, Colonia Morelos, Ciudad Victoria, Tamaulipas, Cp. 87050

121. Famsa Centro Texcoco, Av. Juárez # 115, Colonia Centro, Texcoco, Estado De México, Cp. 56100

122. Famsa Cuernavaca, Av. Morelos # 317, Colonia Santa María, Cuernavaca, Morelos, Cp. 62000

123. Famsa Lorenzo Tezonco, Av. Tláhuac # 1634, Colonia San Lorenzo Tezonco, Alcaldía Iztapalapa, Ciudad De México, Cp. 9000

124. Famsa Mante, Vicente Guerrero # 900, Colonia Villa Juárez, El Mante, Tamaulipas, Cp. 89800

125. Famsa Villa De Las Flores, Blvd Coacalco S/N, Colonia Villa De Las Flores, Coacalco, Estado De México, Cp. 55700

126. Famsa Guerrero, Guerrero Y Madero # 1404, Centro, Nuevo Laredo, Tamaulipas, Cp. 88000

127. Famsa Izcalli, Av. Jiménez Cantú # 410, Colonia Centro Urbano, Cuautitlán, Estado De México, Cp. 54750

128. Famsa Jardines Morelos Ecatepec, Av. Central # 615, Colonia Jardín De Morelos, Ecatepec, Estado De México, Cp. 55070

129. Famsa Villa Nicolás Romero,          Av. 16 De Septiembre # 11, Colonia Villa Nicolás Romero, Nicolás Romero, Estado De México, Cp. 54400

130. Famsa Hacienda Los Morales          , Mario J. Montemayor # 1030, Colonia Hacienda Los Morales, San Nicolás De Los Garza, Nuevo León, Cp. 66495

131. Famsa Plaza Del Parque, Blvd Norte # 1101, Local 55, Colonia Cuauhtémoc, Puebla, Puebla, Cp. 72243

132. Famsa La Juventud, Periférico De La Juventud # 9907, Colonia Ignacio Allende, Chihuahua, Chihuahua, Cp. 31129

133. Famsa Tamatan, Calzada Luis Caballero # 250, Col Zozaya, Ciudad Victoria, Tamaulipas, Cp. 87000

134. Famsa Vallarta, Av. Vallarta # 4704, Colonia Granjas, Chihuahua, Chihuahua, Cp. 31160

135. Famsa Guamúchil, Victoria # 426, Colonia Centro, Guamúchil, Sinaloa, Cp. 81400



136. Famsa Cerro Gordo, Av. México Manzana 48, Lote 1, Colonia Jardín De Cerro Gordo, Ecatepec, Estado De México, Cp. 55100

137. Famsa Los Pinos,          Blvd. Díaz Ordaz # 303, Colonia Jardines De La Mesa, Tijuana, Baja California Norte, Cp. 22680

138. Famsa La Mesa, Blvd Díaz Ordaz # 3560, Fraccionamiento Pinos Agüero, Tijuana, Baja California, Cp. 22450

139. Famsa Toluca Tollocan, Paseo Tollocan Ote # 603, Colonia San Sebastián, Toluca De Lerdo, Estado De México, Cp. 50090

140. Famsa Cuautepec, Juventino Rosas # 238, Colonia Cuautepec Barrio Alto, Alcaldía Gustavo A. Madero, Ciudad De México, Cp. 7100

141. Famsa Los Reyes, Carretera México-Puebla Libre Km 18 ½, Emiliano Zapata, Los Reyes La Paz, Estado De México, Cp. 56490

142. Famsa Pachuca, Blvd. Luis Donaldo Colosio 1501, Colonia Venta Prieta, Pachuca De Soto, Hidalgo, Cp. 42080

143. Famsa Zumpango, Jesús Carranza # 11, Colonia Barrio San Juan Zumpango, Zumpango, Estado De México, Cp. 55600

144. Famsa Cervantes, Av. Colon # 14701, Colonia Paseo De Chihuahua, Chihuahua, Chihuahua, Cp. 31105

145. Famsa Solidaridad, Av. Luis Donaldo Colosio # 901, Colonia Ciudad Solidaridad, General Escobedo, Nuevo León, Cp. 66050

146. Famsa Tlaquepaque, Av. Rio Nilo # 2300, Colonia Prados Del Nilo, Tlaquepaque, Jalisco, Cp. 44100

147. Famsa Plaza Independencia, Calzada Independencia # 3295, Colonia Flores Magón, Guadalajara, Jalisco, Cp. 44300

148. Famsa H. Colegio Militar, Blvd. Francisco I. Madero S/N, Colonia Las Vegas, Culiacán, Sinaloa, Cp. 80090

149. Famsa Toluca Centro, Av. Benito Juárez Sur # 112, Colonia Centro, Toluca De Lerdo, Estado de México, Cp. 50000

150. Famsa Gómez Palacio, Periférico Torreón-Gómez Palacio km 6.7, fraccionamiento Hamburgo, Ciudad Gómez Palacio, Durango, Cp. 35000

151. Famsa Perisur, Carretera a La Colorada Y Periférico Sur, Colonia Valle De Seris, Hermosillo, Sonora, Cp. 83000

152. Famsa Gaona, J.J. Torres Landa # 305-D, Esquina Prolongación, León, Guanajuato, Cp. 37390

153. Famsa Coyotl, Eje Sur 1 Poniente # 101, Fraccionamiento Del Coyotl, Veracruz, Veracruz, Cp. 91713

154. Famsa Morelos Rio, Blvd. Morelos # 1501, Colonia Antonio J. Bermúdez, Reynosa, Tamaulipas, Cp. 88727

155. Famsa Carrizo, Revolución # 7300, Colonia Buena Vista, Nuevo Laredo, Tamaulipas, Cp. 88000

156. Famsa Los Fresnos, Av. Año De La Mujer esquina con Av. Del Triunfo, Colonia Los Fresnos, San Nicolás De Los Garza, Nuevo León, Cp. 66478

157. Famsa Plaza Los Encinos, Nuevo León S/N, Interior 11, Plaza Los Encinos, Tecate, Baja California, Cp. 21460

158. Famsa Chimalhuacán, Nezahualcóyotl S/N, Colonia Centro, Chimalhuacán, Estado de México, Cp. 56330

159. Famsa Ticoman, Av Ticoman # 1231, Colonia Santa María Ticoman, Alcaldía Gustavo A. Madero, Ciudad de México, Cp. 7000

160. Famsa Inguaran, Inguaran # 3719 Y 3717, Colonia Emiliano Zapata, Alcaldía Gustavo A. Madero, Ciudad de México, Cp. 7858

161. Famsa Las Torres, Av. Municipio Libre 555, Local 56, Colonia Loma Bella, Puebla, Puebla, Cp. 72480

162. Famsa Tijuana, Lázaro Cárdenas 405, Interior 8-D, Colonia La Mesa, Tijuana, Baja California, Cp. 22450

163. Famsa Tlalnepantla, Av. Hidalgo # 12, Colonia Centro, Tlalnepantla De Baz, Estado de México, Cp. 54000

164. Famsa Torreón Juárez, Av. Juárez Y Xochimilco S/N, Colonia Villa California, Torreón, Coahuila, Cp. 27089

165. Famsa Tecnológico, Blvd. Rodríguez Triana S/N, Colonia Villas La Merced, Torreón, Coahuila, Cp. 27274

166. Famsa Zaragoza Tampico, Hidalgo # 206, Centro, Altamira, Tamaulipas, Cp. 89600

167. Famsa Jiménez, Jiménez # 700-A, Colonia Las Fuentes, Piedras Negras, Coahuila, Cp. 26010

168. Famsa Victoria, Victoria # 757 Sur, Colonia Centro, Gómez Palacio, Durango, Cp. 35000

169. Famsa Acueducto De Guadalupe, Av. Luis Espinoza Manzana 8, Lote 35, Colonia Solidaridad Nacional, Alcaldía Gustavo A. Madero, Ciudad de México, Cp. 7268

170. Famsa 5 De Febrero , 5 De Febrero # 112 Poniente, Centro Durango, Durango, Cp. 34000

171. Famsa Ejercito Mexicano, Ejercito Mexicano # 1408, Colonia Arcim, Tampico, Tamaulipas, Cp. 89136

172. Famsa Santiago Blancas, Santiago Blancas # 474, Colonia Praderas Del Sur, Ciudad Juárez, Chihuahua, Cp. 32250

173. Famsa Sendero, Profesor Alfonso Reyes Y Av. Sendero, General Escobedo, Nuevo León, Cp. 66050

174. Famsa Bahía, Av. Reforma Interior 4, Av. Cortez Y Narciso Mendoza, Ensenada, Baja California, Cp. 22850

175. Famsa Cd Guzmán, Federico Del Toro # 166, entre López Rayón e Independencia, Ciudad Guzmán, Jalisco, Cp. 49000

176. Famsa Serdán, Plutarco E. Calles Y Guerrero, Centro, Hermosillo, Sonora, Cp. 83000

177. Famsa Plaza Oriente, Prolongación Plutarco E. Calles # 2551, Colonia Dr. Alfonzo Ortiz Tira, Alcaldía Iztapalapa, Ciudad de México, Cp. 9020

178. Famsa Montemorelos, Progreso # 309,Centro, Montemorelos, Nuevo León, Cp. 67500

179. Famsa Valle De Santiago, Av. Álvaro Obregón # 109, Centro, Valle Santiago, Guanajuato, Cp. 38400

180. Famsa Valles, Miguel Hidalgo # 445, Centro, Ciudad Valles, San Luis Potosí, Cp. 79000

181. Famsa Poza Rica, Blvd. Ruiz Cortines 1705, Colonia México, Poza Rica Hidalgo, Veracruz, Cp. 93310

182. Famsa Villahermosa, Blvd. A Ruiz Cortines # 801-B, fraccionamiento Arboledas Villahermosa, Tabasco, Cp. 86097

183. Famsa Zacatecas, Av. Hidalgo # 342-344, Centro, Zacatecas, Zacatecas, Cp. 98000

184. Famsa Tonalá, Francisco I. Madero # 66, Centro, Tonalá, Jalisco, Cp. 45400

185. Famsa Sabinas, Madero # 299, entre 1 Mayo y 5 Mayo, Sabinas, Coahuila, Cp. 26700



186. Famsa San Cosme, Rivera De San Cosme # 33, Colonia Santa María La Rivera, Alcaldía, Cuauhtémoc, Ciudad de México, Cp. 6400

187. Famsa Plaza Las Torres, Av. Las Torres 211-B, fraccionamiento Valle Del Bravo Ciudad Juárez, Chihuahua, Cp. 32573

188. Famsa Teapa, Gregorio Méndez # 212, Centro, Teapa, vasco, Cp. 86800

189. Famsa Madero León, Francisco I. Madero # 306, 308 y 310, Colonia Centro, León, Guanajuato, Cp. 37000

190. Famsa 5 De Mayo, 5 De Mayo # 319, Esq. Calle Unión, Centro, Aguascalientes, Aguascalientes, Cp. 20000

191. Famsa Tecámac, Carretera Federal México-Pachuca Km 34, Manzana 1, Villas Del Real, Tecámac, Estado de México, Cp. 55740

192. Famsa Plaza Fiesta, Av. Himno Nacional 4005, Lote 10-12, Colonia Himno Nacional, San Luis Potosí, San Luis Potosí, Cp. 78280

193. Famsa Usumacinta, Paseo Usumacinta S/N, Colonia Tabasco 2000, Villahermosa, Tabasco, Cp. 86100

194. Famsa Comalcalco, Gregorio Méndez S/N, Centro, Comalcalco, Tabasco, Cp. 86300

195. Famsa Cárdenas, Reyes Hernández S/N, Centro Cárdenas, Tabasco, Cp. 86500

196. Famsa Cruz Del Sur, Forjadores De Puebla # 1009, Cuautlancingo, Puebla, Cp. 72700

197. Famsa Anáhuac, Calzada Anáhuac # 298, Desarrollo Urbano, Mexicali, Baja California, Cp. 21219

198. Famsa Mercado, Av. Hidalgo Oriente # 1202, Centro, Ciudad Victoria, Tamaulipas, Cp. 87000

199. Famsa Clavijero, Javier Clavijero # 45, Centro, Xalapa, Veracruz, Cp. 91010

200. Famsa Las Quintas, Camino Los Lermas # 610, Colonia Valle Hermoso, Sector 1, Guadalupe, Nuevo León, Cp. 67160

201. Famsa Macuspana, José N. Rovirosa # 69, Centro, Macuspana, Tabasco, Cp. 86700

202. Famsa Independencia, Independencia S/N Esq. Yucatán, Colonia San Francisco, Los Mochis, Sinaloa, Cp. 81230

203. Famsa Cuautla, José Perdiz # 13, Centro, Cuautla, Morelos, Cp. 62740

204. Famsa Sun Mall, Av. Pablo Livas # 760, Ancla 1, Colonia Tres Caminos, Guadalupe, Nuevo León, Cp. 67190

205. Famsa Huehuetoca, Av. Huehuetoca Lote 1234, Colonia Ex-Hacienda San Miguel, Cuautitlán Izcalli, Estado de México, Cp. 54715

206. Famsa Ermita, Calzada Ermita Iztapalapa 1777, Colonia San Miguel 8a Ampliación, Alcaldía Iztapalapa, Ciudad de México, Cp. 9837

207. Famsa Buganvilias, Carretera San Luis Valles 314, Colonia Buganvilias, Soledad G. Schez, San Luis Potosí, Cp. 78436

208. Famsa Ixtapaluca, Carretera Federal México-Cuautla, Colonia Santa Bárbara, Ixtapaluca, Estado de México, Cp. 56538

209. Famsa Pedregal, Calzada Industrial Palaco 3900, Colonia Valle De Puebla, Mexicali, Baja California, Cp. 21384

210. Famsa Nuevo Mexicali, Calzada General L. Cárdenas # 2619, Colonia Compuertas, Mexicali, Baja California, Cp. 21218

211. Famsa Paseo De Altamira, Blvd. Ignacio Allende # 403, Centro, Altamira, Tamaulipas, Cp. 89600

212. Famsa Solidaridad, Blvd. Solidaridad # 834, Colonia El Encanto, Hermosillo, Sonora, Cp. 83117

213. Famsa Sendero, Av. Benito Juárez #2005-Q, Colonia Estrella De Oriente, San Luis Potosí, San Luis Potosí, Cp. 78396

214. Famsa Las Palmas, Morelos # 401, Centro, Cuernavaca, Morelos, Cp. 62000

215. Famsa Universidad , Carretera Pachuca-Tulancingo #1000, Colonia Abundio Martínez, Mineral Reforma, Hidalgo, Cp. 42184

216. Famsa Santa Lucia, Carretera Traspeninsular # 135, Colonia Carlos Pacheco, Ensenada, Baja California, Cp. 22830

217. Famsa Bella Vista Mall, Rodolfo Elías Calles Pte 1736, Colonia Bellavista Ciudad Obregón, Sonora, Cp. 85130

218. Famsa Molinete, Carretera A Reynosa 2301, Locales G-H, Colonia Santa María, Guadalupe, Nuevo León, Cp. 67190

219. Famsa San José Valle, Concepción Del Valle # 6800, Colonia San José Del Valle, Tlajomulco de Zúñiga, Jalisco, Cp. 45640

220. Famsa Guadalajara, Comonfort # 317, Lotes 02, 03 Y 04, Colonia Santa María Tequepezpan, Guadalajara, Jalisco, Cp. 44610

221. Famsa Nogalera, Periférico Luis Echeverría # 2545, Colonia Lourdes, Saltillo, Coahuila, Cp. 25070

222. Famsa San Roque, Av. Eloy Cavazos #101-A, Colonia Valle De Juárez, Ciudad Juárez, Chihuahua, Cp. 67289

223. Famsa Nogales Mall, El Greco # 45-S 4, Colonia Greco Colosio, Nogales, Sonora, Cp. 84066

224. Famsa Zacatecas, Blvd. López Mateos # 309, Centro, Zacatecas, Zacatecas, Cp. 98000

225. Famsa Carrasco, Juan Carrasco S/N, Centro, Guasave, Sonora, Cp. 81000

226. Famsa Coatzacoalcos, Universidad Veracruzana Km 7, Colonia Santa Isabel, Coatzacoalcos, Veracruz, Cp. 96530

227. Famsa Insurgentes, Insurgentes # 18015 5 a 10, Colonia Rio Tijuana 3ra Etapa, Tijuana, Baja California, Cp. 22226

228. Famsa Mayorazgo, 11 Sur # 10162 / 95 Y 105 poniente, Colonia Los Pinos, Puebla, Puebla, Cp. 72240

229. Famsa Sendero Toluca, Blvd. Miguel Alemán # 55-F, Colonia Parque Industrial Lerma, Lerma, Estado de México, Cp. 52000

230. Famsa Plaza Paseo Minatitlán, Institutos Tecnológicos # 268, Colonia Nueva Mina Norte, Minatitlán, Veracruz, Cp. 96734

231. Famsa Plaza Las Brisas, Rafael Cuervo # 1150, Colonia Ejido Vergara Tarimoya, Veracruz, Veracruz, Cp. 91855

232. Famsa Plaza Comercial Acuña, Emilio Mendoza Cisneros # 1300, Colonia Parque Industrial Amista, Ciudad Acuña, Coahuila, Cp. 26220

233. Famsa Sendero Querétaro, Av. Revolución # 99, Local G, Colonia El Roció, Santiago, Querétaro, Cp. 76114

234. Famsa Diamante, Josefa Ortiz De Domínguez # 111, Lote 1-6, Colonia Jardines De San Francisco, San Francisco Del Rincón, Guanajuato, Cp. 36330

235. Famsa Tepeji Del Rio, Carretera México-Querétaro # 41-J 01, Colonia San Mateo 1ra Sección, Tepeji Del Rio, Hidalgo, Cp. 42850

236. Famsa Pozuelos, Pozuelos # Circuito Interior 1, Colonia Barrio Pozuelos Zona V, Guanajuato, Guanajuato, Cp. 36080



237. Famsa Libertad, División Del Golfo # 3000, Colonia Libertad, Ciudad Victoria, Tamaulipas, Cp. 87019
238. Famsa Las Torres, Blvd. Juan A. De Torres 1315-7, Colonia San José Del Consuelo, León, Guanajuato, Cp. 37200
239. Famsa Plaza Sendero, Av. Constituyentes #300, Fraccionamiento Quinta Real, Matamoros, Tamaulipas, Cp. 87345
240. Famsa Sendero Saltillo, Carretera a Los González # 365, Colonia San José De Los Cerritos, Saltillo, Coahuila, Cp. 25299
241. Famsa Multiplaza Lincoln, Av. Lincoln S/N Interior 4, Barrio De Chapultepec, Monterrey, Nuevo León, Cp. 64208
242. Famsa Falcón, Falcon # 378, Blanco/Trevino, Centro, Torreón, Coahuila, Cp. 27000
243. Famsa La Fe, Av. Rómulo Garza # 410, Colonia La Fe, San Nicolás de los Garza, Nuevo León, Cp. 66477
244. Famsa Santa Fe, Oriente # 7002, Interior 8, Lomas Del Mar, Tijuana, Baja California, Cp. 22564
245. Famsa Gran Patio Zaragoza, Blvd. Zaragoza # 6008, Colonia Parque Industrial Zaragoza, Ciudad Juárez, Chihuahua, Cp. 32685
246. Famsa Bordo De Xochiaca, Bordo De Xochiaca S/N Manzana 589, Colonia Tlatelco, Chimalhuacan, Estado de México, Cp. 56355
247. Famsa Oasis     Tijuana, Blvd. Real De Baja California # 23911, SA-1 Real De San Francisco, Tijuana, Baja California, Cp. 22236
248. Famsa Plaza Las Américas, Central S/N Sub Ancla 1, conjunto Urbano Las Américas, Ecatepec, Estado de México, Cp. 55075
249. Famsa Héroes Tecámac, Felipe Villanueva S/N SA-01, Colonia Los Héroes Tecámac Sección III, Tecámac, Estado de México, Cp. 55764
250. Famsa La Luna, Central S/N Local 6, Cuernavaca, Morelos, Cp. 62430
251. Famsa Actopan, Carretera México-Laredo Km 120-118A, Colonia Canadá Aviación, Actopan, Hidalgo, Cp. 42500
252. Famsa Plaza San Isidro, Blvd. Bosque De San Isidro S/N, Colonia Zapopan Norte, Zapopan, Jalisco, Cp. 45130
253. Famsa Boulevard Madero, Blvd. Francisco I. Madero # 14, Colonia Madero, Francisco I. Madero, Coahuila, Cp. 27900
254. Famsa Allende, Carretera Nacional 201 Norte, Colonia San Javier, Allende, Nuevo León, Cp. 67350
255. Famsa Sun Mall Vip, Carretera Reynosa Lote 76 # 1800, Paseo Del Prado, Juárez, Nuevo León, Cp. 67250
256. Famsa Diagonal, Diagonal 33 # 228, Colonia Itzimna 108, Mérida, Yucatán, Cp. 97143
257. Famsa Villa De García, Av. Las Villas # 100 Exterior, Colonia Privada De Las Villas, García, Nuevo León, Cp. 66000
258. Famsa Los Ébanos, Av. La Concordia # 800 Exterior, Colonia Los Ébanos, Apodaca, Nuevo León, Cp. 66612
259. Famsa Valle Soleado, Av. Prolongación Ruiz Cortinez 450 Oriente, Colonia Valle Soleado, Guadalupe, Nuevo León, Cp. 67114
260. Famsa Fuentes Mares, Blvd. José Fuentes Mares # 8420, Colonia Mármol, Chihuahua, Chihuahua, Cp. 31065
261. Famsa Paseo Reforma, Av. Reforma # 5601, Colonia Fraccionamiento Las Alamedas, Nuevo Laredo, Tamaulipas, Cp. 88275
262. Famsa Santos Degollado, Rinconada Castañeda León # 101, Centro, Irapuato, Guanajuato, Cp. 36500
263. Famsa Las Américas, Blvd. Francisco Villa # 730, Colonia Guadalupe, Durango, Durango, Cp. 34220
264. Famsa Madero, Av. Madero Poniente Y Cuautla # 50, Centro, Morelia, Michoacán, Cp. 58000
265. Famsa Corregidora, Corregidora # 112, Centro, Morelia, Michoacán, Cp. 58000
266. Famsa Palmira, Isla De Tris # 7, Centro, Ciudad Del Carmen, Campeche, Cp. 24100
267. Famsa Tamazunchale, Av. Juárez 127, Colonia San Miguel, Tamazunchale, San Luis Potosí, Cp. 79960
268. Famsa Sendero Mérida, Calle 14 # 70, Colonia Chuminopolis, Mérida, Yucatán, Cp. 97158
269. Famsa Plaza Bella Valladolid, Calle 42 # 2909, Centro, Valladolid, Yucatán, Cp. 97780
270. Famsa Colima, Hidalgo # 67, Centro, Colima, Colima, Cp. 28000
271. Famsa Cuauhtémoc, Morelos # 925, Centro, Cuauhtémoc, Chihuahua, Cp. 31500
272. Famsa Sendero Ecatepec, Carretera México-Tepexpán # 8, Colonia San Isidro Atlautenco, Ecatepec, Estado de México, Cp. 55064
273. Famsa Huinala, Gaspar Castano 101, Colonia Lomas Del Pedregal, Apodaca, Nuevo León, Cp. 66648
274. Famsa Puerto Vallarta, Av. Francisco Villa # 1526, Colonia Los Sauces, Puerto Vallarta, Jalisco, Cp. 48328
275. Famsa Piedras Negras Chimalhuacán, Nezahualcóyotl S/N, Colonia Santa María Nativitas, Chimalhuacán, Estado de México, Cp. 56330
276. Famsa Plaza Tepazones, Paseo De Tepozán # 3, Colonia Floresta, Los Reyes La Paz, Estado de México, 56420
277. Famsa Tulum, Tulum S/N, Colonia Supermanzana 2ª, Benito Juárez, Quintana Roo, Cp. 77505
278. Famsa Allende, Allende # 41, Centro, San José Iturbide, Guanajuato, Cp. 37980
279. Famsa León, 5 de Mayo # 208, Centro, León, Guanajuato, Cp. 37000
280. Famsa Zuazua,     Carretera General De Zuazua # 131, Colonia Real De Palmas, General Zuazua, Nuevo León Cp. 65760
281. Famsa La Piedad, Juan Pablo II # 901, Colonia México, La Piedad, Michoacán, Cp. 59340
282. Famsa Paseo San Juan, Paseo Central # 183, Colonia Valle De Oro, San Juan Del Rio, Querétaro, Cp. 76802
283. Famsa Plaza Las Américas, 21 Diagonal # 325, Colonia Miguel Hidalgo, Mérida, Yucatán, Cp. 97229
284. Famsa Mérida Centro, Calle 56 # 488 Y 486, Centro, Mérida, Yucatán Cp. 97000
285. Famsa Mi Plaza Héroes, Av. 20 de Noviembre Cruce Con Av. Chac Mol, Colonia Los Héroes, Benito Juárez, Quintana Roo, Cp. 77518

286. Famsa Sendero Villahermosa, Circuito Interior Carlos Pellicer C. # 5202, Colonia José Ma. Pino Suarez, Villahermosa, Tabasco, Cp. 86029

287. Famsa Tepic        , Zacatecas # 87 Sur, Centro, Tepic, Nayarit, Cp. 63000

288. Famsa Matehuala, Miguel Hidalgo 221-A, Centro, Matehuala, San Luis Potosí, Cp. 78700

289. Famsa Uriangato, Uriangato 240, Colonia La Joyita, Uriangato, Guanajuato, Cp. 38983

290. Famsa Córdoba, Esquina Av. 7 y Avenida 7, Centro, Córdoba, Veracruz, Cp. 94500

291. Famsa Plaza Comercial Reynosa, Carretera Reynosa-San Fernando # 500, Colonia Parque Industrial Estiva Alcalá, Reynosa, Tamaulipas, Cp. 88796

292. Famsa Plaza Montemorelos, Simón Bolívar # 1201, Colonia Mexiquito, Montemorelos, Nuevo León, Cp. 67550

293. Famsa Romero Rubio, Calzada Guadalupe # 102, Centro, Cuautitlán, Estado de México, Cp. 54800

294. Famsa Huehuetoca, Jorobas S/N, Colonia Barrio Salitrillo, Huehuetoca, Estado de México, Cp. 54685

295. Famsa Plaza Villas Satélite, Periférico Luis Echeverría A. 2481, Colonia Satélite Norte, Saltillo, Coahuila, Cp. 25115

296. Famsa Silao, Prolongación 5 De Mayo S/N, Colonia La Joyita, Silao, Guanajuato, Cp. 36130

297. Famsa Mazatlán, Oscar Pérez Escoboza # 8201, Colonia Venadillo, Mazatlán, Sinaloa, Cp. 82099

298. Famsa Sendero Coatzacoalcos, Dr. José Lemarroy Carrión # 45, Colonia Fraccionamiento Industrial Servicio Parque Tecnológico, Veracruz, Veracruz, Cp. 96536

299. Famsa Tula, Blvd. Tula-Iturbide # 116, Colonia Satélite Norte, Tula, Hidalgo, Cp. 42800

300. Famsa Chapultepec, Blvd Licenciado Eliseo Mendoza Berrue, Colonia Chapultepec, Piedras Negras, Coahuila, Cp. 26070

301. Famsa Escuadrón 201, Av. Francisco I. Madero Poniente, Local 1, Colonia Irrigación, Morelia, Michoacán, Cp. 58140.

302. Famsa Candiles, Av. Prolongación Candiles Lote 1A, D14, SU2A, Colonia Fraccionamiento Camino Real Residencial, Querétaro, Querétaro, Cp. 76190

303. Famsa Allende, Benito Juárez 109, Centro, Allende, Coahuila Cp. 26530

304. Famsa Francisco Coss, Blvd. Francisco Coss # 780, Centro, Saltillo, Coahuila Cp. 25000

305. Famsa Ciudadela, Av. Arturo B. De La Garza 101, Colonia El Mirador, Juárez, Nuevo León, Cp. 67266

306. Famsa González Ortega, Jesús González Ortega # 201, Centro, Zacatecas, Zacatecas, Cp. 98000

307. Famsa Barrancos, Av. Benjamín Hill # 5720, Colonia Barrancos, Culiacán, Sinaloa, Cp. 80189

308. Famsa Tianguistenco, Don Catarino González Benítez 806, Colonia Guadalupe Rhon de Hank, Santiago Tianguistenco, Estado de México, Cp. 52600

309. Famsa Tulancingo, Molino del Rey # 133, Centro, Tulancingo, Hidalgo, Cp. 43600

310. Famsa Rio Verde, Plaza Constitución Sur N, Centro, Rio Verde, San Luis Potosí, Cp. 79610

311. Famsa Salamanca          Salamanca          Ciudad Estadocp

312. Centro De Distribución Monterrey, Real Mezquital # 115, Colonia Los Fresnos, Apodaca, Nuevo León, Cp. 66636

313. Bodega Número 2, Adolfo López Mateos # 1750, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260

314. Centro De Distribución Monterrey, Adolfo López Mateos # 1339, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260

315. Bodega Colón, Colón # 601 Poniente, Centro, Monterrey, Nuevo León, Cp. 64000

316. Bodega Proyectos, Alfonso Reyes # 1408 Y 1419, Colonia Sarabia, Monterrey, Nuevo León, Cp. 64490

317. Bodega Fiscal, Luis B. Arellano, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260

318. Bodega Número 6, Bernardo Reyes # 5285, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260

319. Bodega Planta, A. López Mateos # 1339, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260

320. Bodega San Cosme, Rivera De San Cosme # 33, Colonia Santa María La Rivera, Alcaldía Cuauhtémoc, Ciudad de México, Cp. 6400

321. Bodega Ermita, Av. 5 De Mayo # 78, Colonia Santa María Aztahuacan, Alcaldía Iztapalapa, Ciudad de México, Cp. 9500

322. Centro Distribución Ropa, Pino Suarez # 1202 Norte, Centro, Monterrey, Nuevo León, Cp. 64000

323. Bodega Laredo, Enterprise # 412, Interamerican Distribución, Nuevo Laredo, Tamaulipas, Cp. 88240

324. Centro De Distribución Hermosillo, Ign. Pesqueira 16 Y García Morales, Colonia El Llanito, Hermosillo, Sonora Cp. 83210

325. Bodega Querétaro, Ignacio Pérez 155-A, Centro, Querétaro, Querétaro, Cp. 76000

326. Bodega Monclova, Carretera 57 Km 4.363 S/N, Local 4, Colonia Ciudad Universitaria, Monclova, Coahuila, Cp. 25710

327. Bodega Valle Dorado, Km 111 # 953 Frente A 1, Colonia Valle Dorado, Ensenada, Baja California, Cp. 22890

328. Bodega Sabinas, Zaragoza Y Juárez S/N, Centro, Sabinas, Coahuila Cp. 26700

329. Bodega Tampico, Av. De La Industria #706-A, Colonia Monte Alto, Altamira, Tamaulipas, Cp. 89606

330. Bodega Matamoros, Carretera Sendero Nacional Km 1, Zona Industrial, Matamoros, Tamaulipas, Cp. 87479

331. Bodega Reynosa, Tamaulipas S/N, Colonia Rodríguez, Reynosa, Tamaulipas, Cp. 88630

332. Bodega San Luis Potosí, Carretera Matehuala Km 426-27, Colonia La Raza, Soledad G Sach, San Luis Potosí, Cp. 78433

333. Bodega 124 Monterrey, Av. Adolfo López Mateos # 1750, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260

334. Bodega Ermita UAM, Calzada Ermita Iztapalapa # 1777, Colonia San Miguel 8a Ampliación, Alcaldía Iztapalapa, Ciudad de México, Cp. 9837

335. Centro De Distribución Hermosillo, Blvd. Antonio Quiroga Bodega 16, Colonia El Llanito, Hermosillo, Sonora, Cp. 83210

336. Bodega Aguascalientes, Av. José Ma. Chávez # 429, Centro, Aguascalientes, Aguascalientes Cp. 20000

337. Bodega Puebla, 15 Norte # 803, 8 Poniente y 10 Poniente, Colonia San Miguel, Puebla, Puebla, Cp. 72100



338. Bodega Nuevo Laredo, Nuevo León # 4015, Colonia Juárez, Nuevo Laredo, Tamaulipas, Cp. 88250

339. Centro De Distribución México, Autopista México-Querétaro Km 26.5, Colonia San Pedro Barrientos, Tlalnepantla de Baz, Estado de México, Cp. 54010

340. Bodega Veracruz, Av. 20 De Noviembre # 533, Centro, Veracruz, Veracruz, Cp. 91700

341. Bodega Piedras Negras, Microondas # 300, Colonia Vista Hermosa, Piedras Negras, Coahuila, Cp. 26060

342. Bodega Culiacán, Nicolás Bravo 1053, Colonia Industrial Bravo, Culiacán, Sinaloa Cp. 80120

343. Centro De Distribución Tultitlan, Centro Industrial # 9, Colonia Izcalli Del Valle, Tultitlan, Estado de México, Cp. 54945

344. Centro De Distribución Guadalajara, Nopal # 1655, Colonia El Alamo, Tlaquepaque, Jalisco, Cp. 45560

345. Centro De Distribución Chihuahua, Av. Nicolás Gogol # 11370, Interior 1, Complejo Industrial Chihuahua, Chihuahua, Chihuahua, Cp. 31109

346. Centro De Distribución Tijuana, Prolongación M. Juárez # 1089 1-13, Colonia Linda Vista, Tijuana, Baja California, Cp. 22129

347. Bodega Aldama, Prolongación Valle Del Guadiana # 831, Fraccionamiento Jardín, 4ª Etapa, Zona Industrial, Gómez Palacio, Durango Cp. 35079

348. Centro De Distribución Guadalajara, Periférico Sur # 2557, Colonia Artesanos Industrial, Guadalajara, Jalisco, Cp. 44920

349. Bodega General Uruapan, California # 59, Colonia Ramón Farías, Uruapan, Michoacán Cp. 60050

350. Bodega Laredo Texas Dos, Dr. Archer # 13609, killam Ind. Park, Laredo, Texas, Estados Unidos de Norteamérica, Cp. 78045

351. Bodega Cuernavaca, Calle 54 Sur # 2, Bodega C, Colonia Civac, Jiutepec, Morelos, Cp. 62550

352. Bodega Toluca, Av. Alfredo Del Mazo # 1120, Colonia San Juan De La Cruz, Toluca de Lerdo, Estado de México, Cp. 50010

353. Bodega Pachuca, Ferrocarril Central #2602, Colonia San Cayetano, Pachuca de Soto, Hidalgo, Cp. 42084

354. Bodega Saltillo, Blvd. Los Fundadores Km 5, Parque Industrial Cormoran, Saltillo, Coahuila, Cp. 25000

355. Centro De Distribución Irapuato, Lote 41, Fraccionamiento De Lote No. 45, Colonia Agrícola Lázaro Cárdenas, Irapuato, Guanajuato, Cp. 36556

356. Bodega Remate Torreón, Av. Morelos # 1495, Poniente 3er Piso, Centro, Torreón, Coahuila, Cp. 27000

357. Bodega Durango, Av. Guadalajara # 224, Colonia Jalisco, Durango, Durango, Cp. 34170

358. Bodega Ciudad Juárez, Municipio Libre # 305, Colonia Chavena, Ciudad Juárez, Chihuahua, Cp. 32060

359. Centro De Distribución Chihuahua, Avenida Nicolás Gogol # 11370, Interior 1, complejo Industrial Chihuahua, Chihuahua, Chihuahua, Cp. 31109

360. Centro De Distribución Tijuana, Av. Ferrocarril Km.14.5, Parque Industrial Los Pinos 3, Tijuana, Baja California, Cp. 22680

361. Bodega Poza Rica, Blvd. Adolfo Ruiz Cortinez 1808, Colonia Manuel A. Camacho, Poza Rica Hidalgo, Veracruz, Cp. 93220

362. Centro De Distribución Villahermosa, Cloro II Etapa S/N, Colonia Ciudad Industrial, Villahermosa, Tabasco, Cp. 86010

363. Bodega Laredo Texas No. 3, 13609 Archer Dr. Killam Industrial Park, Laredo Texas, Texas, Estados Unidos de Norteamérica, Cp. 78045

364. Bodega Zacatecas, Calle Del Bosque # 604, Colonia Tecnológica, Zacatecas, Zacatecas, Cp. 98090

365. Centro De Distribución Villahermosa, Cloro # 102, Colonia Ciudad Industrial 2a Etapa, Villahermosa, Tabasco, Cp. 86010

366. Centro De Distribución Culiacán, Carretera A El Dorado 3578 Sur, Colonia Las Flores, Culiacán, Sinaloa, Cp. 80104

367. Bodega Mérida, Calle 48 # 585, Colonia Plan De Ayala Sur III kanas, Mérida, Yucatán, Cp. 97285

368. Bodega Cancún, Luis Donaldo Colosio Manzana 61, Colonia Supermanzana 301, Benito Juárez, Quintana Roo, Cp. 77536

369. Bodega Región 01 Monterrey, Colón # 601 Poniente, Centro, Monterrey, Nuevo León, Cp. 64000

370. Bodega Región 02 Hermosillo, Juárez Y Luis Donaldo Colosio, Centro, Hermosillo, Sonora, Cp. 83000

371. Bodega Región 03 México, Arcos De Belem # 30, Colonia Doctores, Alcaldía Cuauhtémoc, Ciudad de México, Cp. 6720

372. Bodega Región 04 Guadalajara, Calzada Independencia # 3295, Colonia Flores Magón, Guadalajara, Jalisco, Cp. 44300

373. Bodega Región 05 Chihuahua, Silvestre Terrazas # 9000-B, Colonia Los Pinos, Chihuahua, Chihuahua Cp. 31416

374. Bodega Región 06 Tijuana, Av. Díaz Mirón # 8050, Centro, Tijuana, Cp. 22000

375. Bodega Región 07 Irapuato, Arboledas # 1200, San Miguelito, Irapuato, Guanajuato, Cp. 36556

376. Centro de Distribución Valle Hermoso, Valle Hermoso, San Luis Potosí.

377. Cedis Guadalajara          Guadalajara          Ciudad Guadalajaraestadocp

378. 160     Cedis Hermosillo     Hermosillo          Carr. Al Panteon Nuevo Y Blvd.Gcia.Morales Hermosillo, Sonciudad Hermosilloestadocp

379. Centro de Distribución Chihuahua, Av. Nicolás Gogol # 11370, Interior 1, Chihuahua, Chihuahua

380. Centro de Distribución Tijuana, Av. Ferrocarril 14.5, Km Fraccionamiento Los Pinos, Tijuana, Baja California

381. Centro de Distribución Culiacán, Carretera A El Dorado # 3578 Sur, Ejido Las Flores, Culiacán, Sinaloa, Cp. 80104

382. Centro de Distribución Irapuato, Lote 41 y Fracción Del Lote 45, Colonia Agrícola L. Cárdenas, Irapuato, Guanajuato, Cp. 64260

383. Centro de Distribución Villa Hermosa, Cloro S/N, Industrial Etapa II Villahermosa, Tabasco, Cp. 86126

384. Centro de Distribución Ropa Monterrey, Pino Suarez # 1202 Norte, Centro, Monterrey, Nuevo León, Cp. 64000

385. Bodega El Mezquital,          Av. Real Mezquital #115, Colonia Los Fresnos 9 Sector, ciudad Sectorestadocp

386. Bodega No. 2 Monterrey, Adolfo López Mateos # 1750, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260

Write the full address of each of the various offices and premises of the merchant petitioning to be declared bankrupt, if any.

Head office:

Avenida Pino Suárez 1202 Norte, Zona Centro, Tercer piso, Unidad "A", Monterrey, Estado de Nuevo León

Write the full address of the head office of the merchant petitioning to be declared bankrupt, even if this is not a factor for determining jurisdiction



### Merchant status

In accordance with the provisions of articles 4 and 9 of the LCM, only merchants may be declared bankrupt.

Under the terms of the provisions of article 4, section II of the LCM, merchant is understood to mean an individual or entity with that status as defined in the Code of Commerce, and trust property may be included within that concept, when it is used in business activities.

In accordance with the provisions of article 12 of the LCM, the merchant's successors may be declared bankrupt when the company whereof the merchant was the owner, is either still trading or suspended, the creditors' actions being still enforceable.

In accordance with the provisions of article 14 of the LCM, a declaration of bankruptcy of a company determines that unlimited liability partners shall be considered, to all intents and purposes, bankrupt.

---

Choose just one of the following six options by clicking on the button next to the paragraph which describes the circumstances of the person petitioning to be declared bankrupt and describe on form LP2/20/Appendix 12, the accompanying documents to prove merchant status.

The petitioner claims to be a merchant because he/she/it is:

Option 1
- ○ An individual with the legal capacity to do business and who does so as an ordinary occupation;

Option 2
- ○ The successors of a individual company owner which:

  If this option is chosen, next click on the button next to the operational situation of the company belonging to the individual author of the succession.

  - ○ Is still operating
  - ○ Has suspended operations and creditors' actions have not lapsed and thus, are still enforceable

  Only if you chose one of the two above options, next outline the circumstances or characteristics which, under the terms of the provisions of article 3, section I of the Code of Commerce and article 4, section II of the LCM, confer merchant status to the individual author of the succession petitioning.

  Click here to type
  _____

Option 3
- ● An entity incorporated according to mercantile laws;

Option 4
- ○ An unlimited liability partner of a company

Option 5
- ○ A foreign company or agency or branch thereof, which engages in business activities within national territory;

Option 6
- ○ Trust property with business activities.

  Only after choosing this option, next give the details of the purposes of the trust, which, under the terms of the provisions of article 4, section II of the LCM, determines that the activities the trust property is used for, are business-related.

  Click here to type
  _____



## ☐ **Small enterprise**

According to the provisions of article 5 of the LCM, small enterprises may only be declared bankrupt, when they agree, in writing, to voluntarily submit to the application of the LCM. A small enterprise is understood to be any business, whose current and expired liabilities altogether do not exceed the equivalent of 400,000 UDIS at the time of the petition or lawsuit.

If this is the case, place an X in the square next to the title of this section.

The undersigned petitioner declares to be a small enterprise and expressly and voluntarily wishes to submit to the application of this Law.

## **Identification and capacity of the person acting on behalf of the merchant and authorized persons under the terms of article 1069 of the Code of Commerce**

Click on the button next to the phrase that describes the type of legal person corresponding to the merchant petitioning to be declared bankrupt.

● Entity (Moral Person) or trust property          ○ Individual (Physical Person)

### Person(s) acting on behalf of the merchant

If you need space to add more persons acting on behalf of the merchant, follow these steps:

1. Click on the left side of the page at the same level as the next box, in which is inserted the identification information of persons acting on behalf of the merchant.
2. Select the "Copy" command.
3. Move the cursor to the "<<Paste area>>", which appears straight after the area selected.
4. Select the "Paste" command.

Name:
Humberto Loza López

Write the full name of the physical person signing the petition for a declaration of bankruptcy.

Acting in their capacity as:
Attorney-in-fact

Describe the capacity in which they are acting, be it in their own name and account, as an attorney-in-fact or legal representative.

Instrument to prove this capacity:
Public Deed 12,566 two thousand five hundred sixty-six, notarized in the City of Monterrey Nuevo León on April 23 of 2014 before Mr. Hernán Montaño Pedraza Notary Public number sixty 60.

If applicable, describe the document confirming that they have the capacity to represent the merchant who wishes to be declared bankrupt and fill out the LP2/20/Appendix 10 form.

<<Paste area>>

### Authorized person(s)

In accordance with the provisions of article 1069 of the Code of Commerce, supplementary to the LCM, the parties may authorize persons with legal capacity, to act in the name of the authorizing party.

Under the terms of the third paragraph of the aforementioned article 1069, the parties may give authorization to receive notifications and to be served and consult any notices and/or resolutions, as well as to assert any necessary remedies or resources, offer and act during the presentation of evidence, argue in hearings, ask for sentence to be passed to avoid lapsing for procedural inactivity and to carry out any act such as may be necessary to defend the rights of the authorizing party. For this, they must provide evidence of their being legally authorized to practice as a lawyer or attorney-at-law.

Under the terms of the penultimate paragraph of the aforementioned article 1069, the parties may appoint any persons with legal capacity, to receive notifications and to be served and consult any notices and/or resolutions, whilst not having the other powers referred to in the foregoing paragraph.

To identify the persons you authorize and the scope of said authorization, provide the information requested below.
Use one box for each authorized person and as many pages as necessary.

If you need space to add more persons acting on behalf of the merchant, follow these steps:

1. Click on the left side of the page at the same level as the next box, in which is inserted the identification information of persons acting on behalf of the merchant.
2. Select the "Copy" command.
3. Move the cursor to the "<<Paste area>>", which appears straight after the area selected.
4. Select the "Paste" command.

| Name of authorizing party:<br>Humberto Loza López | Name of authorizing party:<br>Humberto Loza López |
|---|---|
| Write the full name of the authorizing party, be it the merchant or one of the creditors. | Write the full name of the authorizing party, be it the merchant or one of the creditors. |



| | |
|---|---|
| **Name of authorized person:**<br>Luis Manuel Pérez de Acha<br><span style="color:blue">Write the full name of the authorized individual.</span> | **Name of authorized person:**<br>Mario Héctor Blancas Vargas<br><span style="color:blue">Write the full name of the authorized individual.</span> |
| **Professional license:**<br>949588<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span> | **Professional license:**<br>1056157<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span> |
| **Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce | **Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce |
| **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br><br>**Name of authorized person:**<br>Antonio Silva Oropeza<br><span style="color:blue">Write the full name of the authorized individual.</span> | **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br><br>**Name of authorized person:**<br>Antonio Alfredo Ibarra de Rueda<br><span style="color:blue">Write the full name of the authorized individual.</span> |
| **Professional license:**<br>1378067<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span> | **Professional license:**<br>3647453<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span> |
| **Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce | **Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce |
| **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br><br>**Name of authorized person:**<br>José Eduardo González Platas<br><span style="color:blue">Write the full name of the authorized individual.</span> | **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br><br>**Name of authorized person:**<br>Andrea Blancas Ojeda<br><span style="color:blue">Write the full name of the authorized individual.</span> |
| **Professional license:**<br>11476176<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span> | **Professional license:**<br>9995041<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span> |
| **Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce | **Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce |
| **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br><br><br>**Name of authorized person:**<br>José Angel de la Cruz Sánchez<br><span style="color:blue">Write the full name of the authorized individual.</span><br><br>**Professional license:**<br>6208991 | **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br><br>**Name of authorized person:**<br>Sandra Jannet Pérez Mena<br><span style="color:blue">Write the full name of the authorized individual.</span><br><br>**Professional license:**<br>11324499<br><span style="color:blue">Provide details of the document proving that the authorized person is legally</span> |

TRADUCCIÓN OFICIAL · GEORGINA HAYDÉ SÁNCHEZ GUADARRAMA · PERITO TRADUCTOR · TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX

| | |
|---|---|
| Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.<br><br>**Scope of authorization:**<br>Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.<br><br>☒  Article 1069, third paragraph, of the Code of Commerce<br>☐  Article 1069, penultimate paragraph, of the Code of Commerce | authorized to practice as a lawyer or attorney-at-law.<br><br>**Scope of authorization:**<br>Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.<br><br>☒  Article 1069, third paragraph, of the Code of Commerce<br>☐  Article 1069, penultimate paragraph, of the Code of Commerce |
| **Name of authorizing party:**<br> Humberto Loza López<br>Write the full name of the authorizing party, be it the merchant or one of the creditors.<br><br>**Name of authorized person:**<br> Iván Josué Romo Valdovinos<br>Write the full name of the authorized individual.<br><br>**Professional license:**<br> 6208825<br>Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.<br><br>**Scope of authorization:**<br>Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.<br><br>☒  Article 1069, third paragraph, of the Code of Commerce<br>☐  Article 1069, penultimate paragraph, of the Code of Commerce | **Name of authorizing party:**<br> Humberto Loza López<br>Write the full name of the authorizing party, be it the merchant or one of the creditors.<br><br>**Name of authorized person:**<br> Héctor Ignacio Ruiz Osorio<br>Write the full name of the authorized individual.<br><br>**Professional license:**<br> 2624381<br>Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.<br><br>**Scope of authorization:**<br>Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.<br><br>☒  Article 1069, third paragraph, of the Code of Commerce<br>☐  Article 1069, penultimate paragraph, of the Code of Commerce |
| **Name of authorizing party:**<br> Humberto Loza López<br>Write the full name of the authorizing party, be it the merchant or one of the creditors.<br><br>**Name of authorized person:**<br> Marcelo Falce García<br>Write the full name of the authorized individual.<br><br>**Professional license:**<br> 2269281<br>Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.<br><br>**Scope of authorization:**<br>Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.<br><br>☒  Article 1069, third paragraph, of the Code of Commerce<br>☐  Article 1069, penultimate paragraph, of the Code of Commerce | **Name of authorizing party:**<br> Humberto Loza López<br>Write the full name of the authorizing party, be it the merchant or one of the creditors.<br><br>**Name of authorized person:**<br> Gerardo Eliud Aguillón Violante<br>Write the full name of the authorized individual.<br><br>**Professional license:**<br> 10026547<br>Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.<br><br>**Scope of authorization:**<br>Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.<br><br>☒  Article 1069, third paragraph, of the Code of Commerce<br>☐  Article 1069, penultimate paragraph, of the Code of Commerce |
| **Name of authorizing party:**<br> Humberto Loza López<br>Write the full name of the authorizing party, be it the merchant or one of the creditors.<br><br>**Name of authorized person:**<br> Fermín Eduardo García Flores<br>Write the full name of the authorized individual.<br><br>**Professional license:**<br> 6736555<br>Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.<br><br>**Scope of authorization:**<br>Place an X in the box next to the paragraph which describes the scope of the authorization you are giving. | **Name of authorizing party:**<br> Humberto Loza López<br>Write the full name of the authorizing party, be it the merchant or one of the creditors.<br><br>**Name of authorized person:**<br> Ángel Hazael Alcudia Canepa<br>Write the full name of the authorized individual.<br><br>**Professional license:**<br> 9487731<br>Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.<br><br>**Scope of authorization:**<br>Place an X in the box next to the paragraph which describes the scope of the authorization you are giving. |

| | |
|---|---|
| ☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce | ☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce |
| **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br>**Name of authorized person:**<br>Marcelo Andrés Ruiz Zertuche<br><span style="color:blue">Write the full name of the authorized individual.</span><br>**Professional license:**<br>11196569<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span><br>**Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce | **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br>**Name of authorized person:**<br>Héctor Gabriel Ruiz Zertuche<br><span style="color:blue">Write the full name of the authorized individual.</span><br>**Professional license:**<br>11263583<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span><br>**Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☒ Article 1069, third paragraph, of the Code of Commerce<br>☐ Article 1069, penultimate paragraph, of the Code of Commerce |
| **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br>**Name of authorized person:**<br>Ramón Felipe Gómez Negrete<br><span style="color:blue">Write the full name of the authorized individual.</span><br>**Professional license:**<br><br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span><br>**Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☐ Article 1069, third paragraph, of the Code of Commerce<br>☒ Article 1069, penultimate paragraph, of the Code of Commerce | **Name of authorizing party:**<br>Humberto Loza López<br><span style="color:blue">Write the full name of the authorizing party, be it the merchant or one of the creditors.</span><br>**Name of authorized person:**<br>Balbina Miledi Martínez<br><span style="color:blue">Write the full name of the authorized individual.</span><br>**Professional license:**<br>Click here to type<br><span style="color:blue">Provide details of the document proving that the authorized person is legally authorized to practice as a lawyer or attorney-at-law.</span><br>**Scope of authorization:**<br><span style="color:blue">Place an X in the box next to the paragraph which describes the scope of the authorization you are giving.</span><br>☐ Article 1069, third paragraph, of the Code of Commerce<br>☒ Article 1069, penultimate paragraph, of the Code of Commerce |
| <span style="color:blue"><<Paste area>></span> | |

---

## ☐ **Joinder. Section 1**

<span style="color:blue">In accordance with the provisions of article 14, 15 and 15 Bis of the LCM, it is possible for the bankruptcy proceedings of one or more persons to be processed jointly, albeit determined separately, due to some corporate relationship or limited liability situation that may exist between them.</span>

<span style="color:blue">If this is the case, place an X in the square next to the title of this section.</span>

<span style="color:blue">Provide the information requested below and fill out form LP2/20/Section 1.</span>

---

<span style="color:blue">Click on the button next to the paragraph which describes the actual joinder situation and provide the corresponding information.</span>

○  It is requested that the proceeding hereby started be joined to the proceeding before this Court Click here to type, under file Click here to type relating to the bankruptcy proceeding of the merchant Click here to type. whereas, of the hypotheses listed in articles, 14, 15, and 15 Bis of the LCM, in respect of the petitioner, the relevant ones are specified on the LP2/20/Section 1 form.

○  It is requested that the proceeding hereby started be joined to the proceeding(s) of the merchant(s) Click here to

type, which is/are started in respect of the petitions for a declaration of bankruptcy that he/she/it/they jointly present, whereas, of the hypotheses listed in articles, 14, 15, and 15 Bis of the LCM, in respect of the petitioner, the relevant ones are specified on the LP2/20/Section 1 form.



### Statement of actual or threatened general default of merchant's payment obligations Section 2

In accordance with the provisions of article 20 of the LCM, a merchant who believes that he/she/it has defaulted generally his/her/its payment obligations, in terms of the hypotheses listed in article 10 of the same law, must declare that this is the case.

According to the provisions of article 20 Bis of the LCM, a merchant who believes that he/she/it is likely to default generally his/her/its payment obligations in terms of any of the hypotheses listed in article 10 of the same law, must declare under oath, that such general default is imminent.

According to the contents of the aforementioned article 20 Bis, second paragraph, imminent is understood to mean that any of the hypotheses listed in article 10 of the LCM will come about within the 90 days following the petition.

To provide information relevant to the merchant's payment default status, fill out form LP2/20/Section 2 and provide the information requested below.

Choose just one of the following options by clicking on the box next the merchant's defaulting status.

| | |
|---|---|
| ● The merchant declares the he/she/it has failed to pay his/her/its obligations to two or more different creditors because, as can be seen in the contents of form LP2/20/Section 2, he/she/it falls under the hypothesis or hypotheses in section(s) (I and/or II) of article 10 of the LCM. | After the phrase "…on date…", write the date on which the merchant expects inevitably to fall under either of the hypotheses listed in article 10 of the LCM.<br><br>○ The merchant declares under oath that on date click here to type , he/she/it shall fail to pay his/her/its obligations to two or more different creditors because, as can be seen in the contents of form LP2/20/Section 2, he/she/it shall imminently fall under the hypothesis or hypotheses in section(s) (I and/or II) of article 10 of the LCM. |

### Petition

If, according to the provisions of article 20 or 20 Bis of the LCM, the merchant believes that he/she/it has incurred, or shall imminently incur, a general default of his/her/its obligations in terms of any of the hypotheses set forth in article 10 of the same law, he/she/it may petition to be declared bankrupt, which, if upheld, shall start a conciliation phase, unless the merchant petitions to be declared bankrupt, under the terms of the provisions of article 43, section V of the LCM.

To provide information relevant to the formal petition for a declaration of bankruptcy, provide the information requested below.

In the space after the phrase "The merchant…" write the full name of the individual, or, as the case may be, the trade name or corporate name of the non-individual petitioning to be declared bankrupt.

In the space after the phrase "…at the stage of…", specify whether, if the bankruptcy declaration is upheld, you wish for a conciliation or bankruptcy stage to begin.

The merchant Grupo Famsa S.A.B. de C.V. , petitions to be declared bankrupt at the stage of Conciliation , , under the terms of the provisions of article 20 of the LCM, whereas the petition fulfills the requirements and the documents specified in that article are attached, and likewise declares that in respect of his/her/its payment obligations general defaulting status he/she/it meets the requirements demanded by the aforementioned article 20 or 20 Bis of the LCM, as can be seen in the contents of form LP2/20/section 2.



## Statement of facts

Below, state the facts upon which your petition is based, in a clear, concise and precise manner, in accordance with the provisions of article 322, section III of the Federal Code for Civil Proceedings, supplementary to the LCM.

Use as many pages as you need.

Grupo Famsa S.A.B. de C.V.

[C.]itizen District Judge for Civil and Labor Matters y of the Fourth Circuit,
In the State of Nuevo León.

GRUPO FAMSA S.A.B DE C.V, represented by its legal representative Mr. HUMBERTO LOZA LÓPEZ, same capacity that is attested with Public Deed Number 12,566 (twelve thousand five hundred sixty-six), notarized on April 23, 2014 before Mr. Hernán Montaño Pedraza Notary Public number sixty for the City of Monterrey Nuevo León. Same document that is attached hereto under Annex 11. Designates as domicile to hear and receive notices the one located at: Avenida Lázaro Cárdenas Número 435, Edificio Aurum, piso 7, oficina 720, Colonia Residencial Santa Bárbara in San Pedro Garza Garcia, in Nuevo León. Likewise, it is requested that the Attorneys at law and counselors mentioned in the corresponding section of this petition be authorized in terms of article 1069 of the Code of Commerce, and the legal interns as well. I respectfully appear before your Honor to present and request the following:

Pursuant to the provisions in articles 10, 11, 20 and others of the Bankruptcy Law, article 322 of the Federal Code for Civil Proceedings, I request **GRUPO FAMSA S.A.B. DE C.V.** to be declared bankrupt, according to the following:

### Causes of action

1. On December 27, 1979 in the city of Monterrey Nuevo León, *Don* Humberto Garza González, *Doña* Graciela Valdez Sánchez de Garza, *Don* Humberto Garza Valdez, "Fabricantes Muebleros S.A." represented by its director general Mr. *Don* Humberto Garza González and "Mueblera Nacional S.A." represented its attorney *Don* Roberto Arroyo López appeared before Mr. Fernando Treviño Lozano, Notary Public No.55 for Monterrey Nuevo León to incorporate a Corporation (*Sociedad Mercantil Anónima*) designated "Corporación Famsa".

2. The corporate purpose of Corporación Famsa is to: 1.- Buy and sell any kind of products, materials or trade items in its own name and account or in that of third parties. 2.-Trade in general, being able to execute all kinds of acts and agreements, as well as to perform commercial agencies, acting in its own name or in that of the principal. 3.-Manage, own, acquire, transfer, exploit, or allow the exploitation of invention patents, trademarks and trade names, industrial or intellectual property rights. 4.-Buy, sell, and receive in deposit stocks, notes or securities of any kind and execute in respect thereof all kinds of transactions, save for those transactions strictly reserved in the Law to the Securities Agents or the Stock Exchanges. 5.-To issue, draw, endorse, accept, guarantee and subscribe any kind of negotiable instruments and any other documents, proofs of debt and to guarantee payments under any means; to manage and grant secured or unsecured loans, and in general carry out all kind of stock, civil, commercial and financial transactions; on the understanding that the Company may not perform intermediation activities customary for the financial markets where resources are to be obtained from the public for their placement for profit whether in one's or someone else's account. 6.- Acquire, take and give on lease, dispose, mortgage or encumber, install, maintain and exploit the offices, plants, and the real estate and real rights required for the accomplishment of its corporate purpose and concerning the acquisition of these latter, after permit of the Ministry of Foreign Affairs has been granted, as applicable. 7.- In general, carry out any kind of businesses or activities, execute agreements, contracts and any other acts related or compatible with the corporate purposes.

3. The company's capital is $100,000,000.00 (one hundred million pesos 00/100 MXN) divided in 10,000 (ten thousand) paid-up ordinary bearer shares with a par value of

$10,000 (ten thousand pesos 00/100 M.N.)

4. On August 10, 1982, Don Humberto Garza González appeared before Mr. Fernando Treviño Lozano, Notary Public No.55 for Monterrey Nuevo León, in his capacity of Special Delegate for "Corporación Famsa S.A." to notarize the General Extraordinary Stockholders' Meeting Minutes whereby it was agreed the increase of the capital stock to $150,000,000.00 (one hundred fifty million pesos 00/100 MXN) The foregoing is attested with Public Deed Number 1,809 one thousand eight hundred and nine.

5. On March 7, 1988 the Special Delegate, Don Humberto Garza Gonzalez appeared before Mr. Fernando Treviño Lozano Notary Public number 55 for the City of Monterrey Nuevo León, to notarize the General Extraordinary Stockholders' Meeting Minutes of "Corporación Famsa" whereby it was agreed to: Transform the Company, from fixed capital to variable capital establishing the minimum capital without right to withdraw to $300,000,000.00 (three hundred million pesos 00/100 MXN) and the amendment of Clauses One and Seven of the Corporate Bylaws. The foregoing is attested in Public Deed Number 3,111 three thousand one hundred eleven which is attached hereto as document number 2 of Annex 12.

6. On November 19, 1997 the Special Delegate, Don Humberto Garza Gonzalez appeared before Mr. Fernando Treviño Lozano Notary Public number 55 for the City of Monterrey Nuevo León, to notarize the General Extraordinary Stockholders' Meeting Minutes of "Corporación Famsa" Whereby it was agreed to change its corporate name to "Grupo Famsa S.A. de C.V. and the full restatement of the corporate bylaws with a foreigner admission clause. The foregoing is attested in Public Deed Number 4,909 which is attached hereto as document number 3 of Annex 12.

7. On December 19, 2006 Mr. Señor Humberto Loza López, in his capacity as Special Delegate of the Extraordinary Stockholders' Meeting of "Grupo Famsa S.A. de C.V. Appeared before Mr. Hernán Montaño Pedraza Notary Public number 60 for the city of Monterrey Nuevo León, to notarize the General Extraordinary Stockholders' Meeting Minutes of the meeting held by said company on December 14, 2006 whereby it was agreed: Said meeting agreed upon the entire restatement of the company's bylaws in order to adapt them to the new Stock Market Law and its supplementary provisions; and the name of the company changed to "Grupo Famsa, Sociedad Anónima Bursátil de Capital Variable". The foregoing is attested in Public Deed Number 3,658 exhibited along with this petition as document number 4 of Annex 12.

8. In 2018, with 40 years of operation, the company was assigned by Standard & Poors Global Ratings ("S&P") a downgrading global and domestic issuer credit rating action, assigning a global 'B-' rating versus the prior rating of 'B', while modifying its rating to 'mxB' in the national scale from 'mxBBB-'. The global scale issue rating was also modified downward from 'B' to 'B-'.

The grounds for above ratings were, in the opinion of the rating agency, that the initiatives implemented by the company to improve operating and financial performance as well as cash flow generation of the retailer company, had been maintained below rating agency's expectations, thus representing weak liquidity. Furthermore, it assigned a "Negative" to company's forecast, by reason of Famsa Group's failure to execute a refinancing plan for its 2020 notes maturing in June 2020; and, should the liability management plan to refinance unsecured senior notes within the ensuing six months were not achieved the company liquidity would be subjected to an even greater pressure.

Since then, the pressure by rating agencies became evident and caused restlessness amongst a few institutions and the local market, starting to limit a few potential refinancing alternatives, mainly stock certificates.

9. Since the closing of 2018 and early 2019, Grupo Famsa meet with different financial institutions to assess a number of alternatives and proposals related to refinancing of



its unsecured senior notes in the stock market.

It also approached a few local banking institutions to establish a credit facility to substitute the 2020 senior notes liability.

However, most negotiations that were evaluated were subject to the granting of guaranty assets, same that Grupo Famsa lacked making the formalization of a few proposals difficult.

As to the stock market, the company options were limited by virtue of the rating granted by rating agencies as well as by the limited interest of investors in acquiring unsecured stock commitments for longer than a year.

10. On October 4, 2019, S&P Global Ratings ("S&P") lowered the issuer credit rating both national and global scales of Grupo Famsa to 'CCC+' from 'B-' and to 'mxCCC+' from 'mxB', respectively. The reason for the lowered rating was that the company had not still been able to implement a plan to refinance its debt related to its senior notes for US$140 millions.

11. Thereafter, thanks to the financial advisory of Credit Suisse, Grupo Famsa announced, on October 28, 2019, a proposal to refinancing its US dollars stock liabilities through an exchange offer consisting in exchanging new 9.75% senior notes maturing in 2024 (the "New Notes") by any and all outstanding 7.250% senior notes (the "Notes").

In addition, Grupo Famsa also put at the disposal of the holders a consent request (a "Consent request") addressed to the holders of Notes maturing in 2020 to execute certain proposed amendments (the "Proposed Amendments") to the indenture under which the Notes had been issued (the "Indenture"). The Proposed amendments would modify the Indenture to delete the majority of the restrictive covenants and certain events of default, among other provisions in the Indenture.

The Exchange Offer and the Consent Request would expire at 11:59 P.M., New York city time on November 25th, 2019, unless said period be extended or early terminated. The holders validly surrendering the Notes before 5:00 P.M., New York city time on November 8, 2019, would receive the aggregate consideration described below, unless said term be extended ("Early Payment Date"). Any holders validly surrendering the Notes after the Early Payment Date would only receive the consideration for the exchange described below. Notes offers could be withdrawn and the consents revoked before 5:00 P.M., New York city time on November 8, 2019, but not anytime after, subject to certain exceptions, unless said term would also be extended ("Withdrawal Deadline").

12. On October 29, 2020, Fitch Ratings lowered the long-term national scale ratings of Grupo Famsa, S.A.B. de C.V. to 'C(mex)' from 'BB(mex)'. At the same time, it lowered the long-term international scale (IDR) ratings to 'C' from 'B-'. Also, it lowered the short-term rating of Famsa to 'C(mex)' from 'B(mex)'. The downgrade was based on that the exchange proposal entailed a significant detriment to the contractual terms of the notes maturing in 2020, since such exchange came along with a consent request proposing the suppression of the majority of the restrictive covenants and certain events of default included in the issuance programme of the 2020 notes for the holders not accepting the transaction. Additionally, they included a statement indicating that the exchange offer for the 2024 notes delivery provided for a 5-year extension of the maturity, as it was deemed necessary to avoid payment suspension by the Company.

13. On its part, on October 20, 2019, S&P Global Ratings affirmed the issuer global scale credit rating of 'CCC+' and national scale issuer credit rating –CaVal– of 'mxCCC+' and maintained negative outlook arguing that the exchange proposed was not comparable to an event of default, since the new notes would be exchanged at par value, with a greater coupon and a collateral, unlike the original issue that did not have a collateral.

14. Fitch Ratings, then also acting as sole rating agent for the two stock placement programmes maintained by Grupo Famsa in the market for an amount of $1.5 billion pesos, downgrading action of Grupo Famsa's national short-term rating to 'C(mex)' significantly limited the company's opportunities to continue giving effect to renewals and new placements of paper through current stock programs. The (C) rating is immediately picked-up from risk indicators established by the Institution in charge of appraising stock instruments (Valuación Operativa y Referencias de Mercado S.A. de C.V. (VALMER)) which, as consequence of Fitch Ratings' action, resulted in an appraisal not higher than $30 pesos versus its base par price of $100 pesos, directly affecting current investments in outstanding stock certificates.

Therefore, Casas de Bolsa Base S.A. de C.V. and Vector Casa de Bolsa S.A. de C.V. vested with capacity to place Grupo Famsa stock paper in order to protect their customers' patrimony, limited promotion of such paper amongst its customer network.

15. On November 8, 2019, the company advertised an extension to the early payment date regarding the Exchange Offer and the Consent Request in order to make available to holders and owners of Notes an additional term to receive and analyze the Exchange Offer materials and surrender their Notes, extending the early payment date up to November 15, 2019 at 5:00 p.m., New York city time. Holders validly surrendering the Notes in advance to the early payment date would receive the full consideration.

16. On November 18, 2019, the company announced an additional extension to the early payment date regarding the Exchange Offer and the Consent Request, due to failure to reach a minimum offering condition to at least exchange US$112,000,000 dollars or 80% of outstanding Notes. Therefore, in order to make available to holders and owners of Notes an additional term to receive and analyze the Exchange Offering materials and surrender their Notes, the issuer extended the early payment date up to November 25, 2019 at 11:59 p.m., New York city time, also the due date. Holders validly surrendering the Notes in advance to the early payment date would receive the full consideration.

17. On November 25, 2019 an Exchange Offer in the amount of US $76,090,000 dollars or 54.35% of the outstanding Notes principal amount had been reached, therefore, on November 26, 2019, Grupo Famsa announced that in order to make available to holders and owners of Notes an additional term to surrender their Notes, it would extend the early payment date and the deadline up to December 10, 2019 at 5:00 p.m., New York city time.

In addition, the company modified the exchange offer to include a payment in cash of an amount of US$10 dollars per each US$1,000 dollars of the principal amount of the Notes offered to which total consideration is due; and to include an additional cash payment of US$2.50 dollars per each US$1,000 dollars of the Notes tendered to which total consideration is due in case the Issuer waives the minimum offering condition, which means that at least US$112,000,000 dollars or 80% of the Notes amount will be accepted for the exchange.

Likewise, it extended the withdrawal deadline, which originally was November 8, 2019 so that the holders of the Notes may withdraw the Notes any time before November 29, 2019 at 5:00 P.M. New York city time.

18. On December 11, 2019, Grupo Famsa notified the general public that US$80,922,000 dollars or 57.80% of the principal amount of the outstanding Notes had been validly tendered in the exchange offer. Consequently, the company chose to waive the Minimum Offering Condition and accept all the Notes tendered in the exchange offer. Also, for each US$1,000 dollars of the principal amount of the outstanding Notes tendered and accepted in the exchange offer, the holders would receive US$1,000 dollars corresponding to the principal amount of the New Notes and US$12.50 dollars in cash.

19. Settlement of the exchange offer took place on December 17, 2019, for which the holders received US$1,000 dollars corresponding to the principal amount of the New Notes and US$12.50 dollars in cash. New Notes were issued for a principal amount of US$80,922,000 dollars.

   Likewise, on the same date the proposed Amendments were made to the indenture under which the 2020 Notes were issued which bore effect simultaneously with the settlement of the exchange offer.

20. Despite the exchange of most of the 2020 Senior Notes, the company had a remaining of US$59,078,000 dollars which could not be exchanged and thus, the pressure for payment thereof on June 2020 continued to be exerted.

21. As a result of the above, on December 13, 2019, S&P Global Ratings once again lowered Grupo Famsa's global scale issuer credit rating from 'CCC+' to 'CCC-', and national scale issuer credit rating – CaVal– from 'mxCCC+' to 'mxCCC-'. At the same time, it lowered the rating of the Company's unsecured senior notes maturing in 2020, from 'CCC+' to 'CCC-'. The rating agency's outlook remained negative as a consequence of the remaining US$59,078,000 dollars pending restructuring.

   Days after, on December 23, 2019, S&P Global Ratings rated the company again, assigning a global scale rating of 'CCC-' to the secured senior notes at a rate of 9.75% and a maturity in 2024 of Grupo Famsa.

22. Meanwhile, on December 18, 2019, Fitch Ratings lowered the national scale long-term ratings of Grupo Famsa, S.A.B. de C.V. from 'C(mex)' to 'RD(mex)'. At the same time, it lowered the international scale (IDR) long-term ratings from 'C' to 'RD'. Also, it lowered the short-term national rating of Grupo Famsa from 'C(mex)' to 'RD(mex)'. These rating actions took place after the Company had ended the debt exchange process of the international notes maturing in 2020 on December 10, 2019.

23. Subsequently, Fitch re-evaluated the new capital structure of Grupo Famsa after the debt exchange and upgraded the long-term national scale rating to 'CCC-(mex)'. Likewise, Fitch upgraded IDR ratings to 'CCC-' and short-term national scale rating to 'C(mex)'. The ratings were a reflection of the refinancing risk of the unexchanged portion of the international notes maturing on June 1st, 2019, for an amount of US$59.1 M.

24. It is worthwhile to highlight that in 2019 Grupo Famsa issued $3,890,178 thousand pesos in Stock Certificates, which were used mainly for renewing maturities of the securities. Also, Grupo Famsa redeemed $4,294,145 thousand pesos in Stock Certificates throughout the year. The foregoing represented a significant cash outflow for the company to assume its short-term stock liabilities.

25. Since the beginning of 2020, the company held several meetings with a number of financial institutions in order to evaluate new alternatives or reconsider some that had been previously discussed in order to refinance the remaining amount of its unsecured senior notes in the stock market. At the same time, it continued to approach several local banking institutions seeking to establish a credit line to replace the liability for $59,078,000 dollars.

   The costs of incurring any of the alternatives proposed, as well as the start of the pandemic due to COVID-19 were one of the main constraints to materialize the restructuring of the liabilities.

26. As of January 30, 2020 the stock certificate placement programme for an authorized amount of up to $500,000,000 pesos or its equivalent in investment units or dollars of the United States of America became due. This programme established 4 valid issues thereunder.

    Likewise, as of March 9, 2020 the stock certificate placement programme for an authorized amount of up to $1,000,000,000 pesos or its equivalent in investment units or dollars of the United States of America became due. This programme established 4 valid issues thereunder.

    The proceedings for the renewal of the programmes are in process, however, no response has been obtained from the National Banking and Securities Commission regarding the authorization of the requested programmes yet.

    Therefore, Grupo Famsa does not have any valid stock certificates programmes to continue refinancing itself in the short term through the local market.

27. On March 27, 2020, Fitch Ratings agency again downgraded the national scale rating from 'CCC-(mex)' to 'CC(mex)'. It concomitantly lowered the international scale (IDR) long-term ratings from 'CCC-' to 'CC' and of the international notes maturing in 2024 from 'CCC-/RR4' to 'CC/RR4' . In addition, it affirmed the national short-term rating of Grupo Famsa as 'C(mex)', which comprised the short-term issues still current.

    The rating assigned was a reflection of the still limited liquidity of Grupo Famsa to comply with its short-term financial liabilities, namely the remaining 2020 Senior Notes that could not be restructured, as well as the restructuring process which occurred in the middle of a highly challenging operative and financial environment due to the disruptions caused in connection with coronavirus and the Mexican peso depreciation against the US dollar.

28. After evaluating a number of alternatives, Grupo Famsa announced on May 29, 2020 the beginning of a process to restructure its 7.250% outstanding senior notes solely and exclusively, the "2020 Notes", which represented a principal amount of US$59,078,000 dollars maturing on June 1, 2020. As part of this process, Grupo Famsa began a vote request (the "Request") to implement a plan with a prior agreement to restructure under the laws of the United States of America (the "Plan").

29. As per the established Plan, the holders of 2020 Notes would receive the following: The holders of the 2020 Notes that as of May 28, 2020 (the "Vote Record Date"), shall validly present their affirmative vote of the Plan before 5:00 P.M. on June 23, 2020 (the "Vote Deadline") and surrendering their 2020 Notes according to the proceedings required would receive (i) new senior notes with an annual rate of 10.25% and as maturity date December 15, 2023 (the "New Notes Series A") for a principal amount equal to the principal amount of the 2020 Notes held by them, plus the amount of the interests of the 2020 Notes that would have accrued up to the effectiveness of the Plan; and (ii) an additional cash payment of US$10 dollars for each US$1,000 dollars corresponding to the principal amount of the 2020 Notes held by them.

30. The rest of the 2020 Notes holders would receive new senior notes with an annual rate of 9.75% and maturity on December 15, 2024 (the "New Notes Series B" and, collectively with the New Notes Series A, the "New Notes") for a principal amount equal to the 2020 Notes held by them.

    According to the plan, in case the 2020 Notes holders representing at least two thirds of the amount in dollars and more than half of the notes, shall timely present their

acceptance of the Plan (considering only those who actually voted to accept or refuse the Plan), the Company's intention would be to file a voluntary reorganization to implement the Plan. The main purpose of the Petition and Plan is to restructure the 2020 Notes.

Likewise, Grupo Famsa announced that it would not make the payment of the 2020 Notes at their maturity and it considers that the consummation of the Plan represented the best alternative to successfully restructure the 2020 Notes without affecting other liabilities it has with its lenders, business creditors, and other third parties. Also, it announced its intention to comply with its payment obligations deriving from the 9.75% senior notes maturing in 2024 and from its short-term stock certificates.

31. In accordance with the above, Grupo Famsa paid the interests accrued corresponding to the first coupon of its 9.75% Senior Notes maturing in 2024 on June 15, 2020.

32. On the other hand, the rating agencies issued downgrading rating exercises resulting from the non-payment of the principal and interests of the unsecured senior notes maturing in 2020.

33. S&P Global Ratings lowered the rating to "SD" from "CCC-", while Fitch Ratings lowered the national scale long-term ratings to 'RD(mex)' from 'CC(mex)' and national scale short-term rating of Famsa to 'RD(mex)' from 'C(mex)'. At the same time, It lowered the international scale (IDR) long-term ratings from 'CC' to 'RD' and the rating of the international notes maturing in 2024 from 'CC/RR4' to 'C/RR4' . Short-term issues maintain their 'C(mex)' rating.

34. On June 23, 2020, Grupo Famsa received majority support from 2020 Note holders since they casted an affirmative vote on the restructuring plan of the senior notes maturing on June 1st, 2020. The affirmative vote roughly added up to 96% of the principal ($48.6 million dollars, legal tender of the United States of America) and over 98% of the total number of holders (351) voting on the restructuring plan.

35. Afterwards, on June 26 it filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Code for the Southern District of New York so as to obtain authorization of its restructuring plan with prior recognition under Chapter 11 of said code which would allow the Company to restructure its outstanding 7.250% senior notes maturing in June 1, 2020 ("2020 Notes").

36. On June 30, 2020, Banco Ahorro Famsa, S.A., Institución de Banca Múltiple ("Banco Ahorro Famsa") was notified by the National Banking and Securities Commission ("CNBV") of the revocation of its license to operate as a Commercial Banking Institution. And effective as of July 1st, 2020 the proceeding for the liquidation of Banco Ahorro Famsa began on the part of the Bank Savings Protection Institute ("IPAB").

37. As a consequence of the revocation of the banking license, the business operation of Grupo Famsa suffered several affectations, among which the following stand out: i) the impossibility to carry out credit sales, since the granting and source of the credit was executed through Banco Ahorro Famsa; ii) the impossibility for the stores to operate their point-of-sale terminals since the service therefor was provided by Banco Ahorro Famsa; iii) the limited access to shops due to the safety measures for COVID-19, as well as a precautionary measure regarding the bank customers who were willing to access the many bank branches to obtain information concerning their saving, investment and/or credit accounts.

The foregoing also translates into a significant reduction of the Company's income and cash flows which contribute to the pressure and give rise to concerns about its liquidity.



38. Upon the revocation of the banking license to Banco Ahorro Famsa, S&P Global Ratings assigned a rating of "CCC.-"for the 2024 Notes and affirmed Grupo Famsa's issuer rating as "SD".

    On the other hand, Fitch Ratings lowered the national scale long-term ratings of Grupo Famsa, S.A.B. de C.V. (Famsa) to 'D(mex)' from 'RD(mex)'. At the same time, it lowered the long-term international scale (IDR) ratings to 'D' from 'RD'. In like manner, it affirmed the 'C' rating of the international notes maturing in 2024 and changed the recovery rating to 'RR5' from 'RR4'. Also, it lowered the short-term rating of Famsa to 'D(mex)' from 'RD(mex)'.

39. As from July 1st, Grupo Famsa has incurred several defaults of its bank, stock and lease liabilities; as well as it has fallen behind with its payments to suppliers and creditors.

40. Finally, on July 14, 2020, Grupo Famsa filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, mainly because of the revocation process of the banking license of Banco Ahorro Famsa S.A, Institución de Banca Múltiple in liquidation, which also bears an impact on the environment where the terms and conditions of the vote for the 2020 Notes refinancing plan proposal developed.

41. Based on the precise and thorough information attached hereto, I represent that as of June thirtieth, two thousand twenty, my principal has the following assets:

   a) Cash or cash equivalents for an amount of: **$16,914,474.07 (sixteen million, nine hundred fourteen thousand four hundred seventy-four pesos 07/100 MXN).**

   b) Accounts receivable with related parties for an amount of: **$5,450,621,116.66 (five billion, four hundred fifty million, six hundred twenty-one thousand, one hundred sixteen pesos 66/100 MXN).**

   c) Commercial Credits for an amount of: **$241,098,175.00 (two hundred forty-one million, ninety-eight thousand, one hundred seventy-five pesos 00/100 MXN).**

   Based on the above information, it results that Grupo Famsa as of the date indicated has total assets that expressed in Mexican pesos amount to **$5,708,633,765.73 (five billion, seven hundred eight million, six hundred thirty-three thousand, seven hundred sixty-five pesos 73/100 MXN).**

42. In the same way, for the purposes of the admissibility of this petition and based on the information provided by my principal in the respective attachments, where it is precisely and accurately identified that the liabilities of Grupo Famsa as of June thirty, two thousand twenty are the following:

   a) Bank and stock liabilities for an amount of: **$9,697,799,392.00 (Nine billion, six hundred ninety-seven million, seven hundred ninety-nine thousand, three hundred ninety-two pesos 00/100 MXN).**

   b) Financial leasings for an amount of: **$85,554,937.75 (eighty-five million five hundred fifty-four thousand, nine hundred thirty-seven pesos 75/100 MXN)**

   c) Accounts payable with related parties for an amount of: **$8,589,888,120.36 (Eight billion, five hundred eighty-nine million, eight hundred eighty-eight thousand, one hundred twenty pesos 36/100 MXN).**

d) Liabilities with suppliers for an amount of: **$1,173,490,833.55 (One billion, one hundred seventy-three million, four hundred ninety thousand, eight hundred thirty-three pesos 55/100 MXN).**

e) Liabilities with third parties (Cardiff) for an amount of: **$168,807,589.00 (One hundred sixty-eight million, eight hundred seven thousand, five hundred eighty-nine pesos 00/100 MXN).**

Based on the foregoing items, it results that Grupo Famsa as of the date indicated has total liabilities that expressed in Mexican pesos amount to **$19,715,540,872.66 (nineteen billion, seven hundred fifteen million, five hundred forty thousand, eight hundred seventy-two pesos 66/100 MXN)**

43. For which the liabilities of Grupo Famsa as of the indicated date are twice as much its assets. As attested with the duly audited financial statements attached hereto as Annex 1a, where said situation was clearly determined.

Along these lines, it is hereby represented under oath and based on the documents and annexes attached hereto, that my principal as of June 30, two thousand twenty falls within the hypothesis of general failure of its payment obligations with over two different suppliers since because of the lack of income it has defaulted with the following payments:

a) Stock liabilities designated "2020 Note", whose creditor is the Bank of New York Mellon, for an amount of: **$1,322,756,420.00 (One billion, three hundred twenty-two million, seven hundred fifty-six thousand, four hundred twenty pesos 00/100 MXN), plus $47,949,920 (forty-seven million, nine hundred forty-nine thousand, nine hundred twenty pesos 00/100) for the interests accrued.**

b) Stock liabilities designated "2024 Note", whose creditor is the Bank of New York Mellon, for an amount of: **$1,811,843,580.00 (One billion, eight hundred eleven million, eight hundred forty-three thousand, five hundred eighty).**

c) Bank liability signed on July 25, 2017, with **Banco Nacional de Comercio Exterior S.N.C., Banca de Desarrollo (Bancomext)**, which balance as of the indicated date is for an amount of **$2,355,037,380.00 (Two billion, three hundred fifty-five million, thirty-seven thousand, three hundred eighty pesos 00/100 M.N.), plus $107,701,093.00 for the interests accrued.**

d) Bank liability signed on June 20, 2018, with **Banco Nacional de Comercio Exterior S.N.C., Banca de Desarrollo (Bancomext)**, which balance as of the indicated date is for an amount of **$916,300,000.00 (Nine hundred sixteen million, three hundred thousand pesos 00/100 MXN.), plus $1,980,926.00 for the interests accrued.**

e) Bank liability with **Monex Casa de Bolsa S.A. de C.V., Monex Grupo Financiero**, which balance as of the indicated date is for an amount of **$52,016,000.00 (Fifty-two million, sixteen thousand, pesos 00/100 MXN), plus $353,189.00 for the interests accrued.**

f) Bank liability with Banco Ahorro Famsa S.A., Institución de Banca Múltiple, which balance as of the indicated date is for an amount of **$1,500,000,000.00 (One billion, five hundred million pesos 00/100 MXN.), plus $5,100,625.00 for the interests accrued.**

f) Liabilities with suppliers which balance as of the indicated date is for an amount of **$1,173,490,833.55 (One billion, one hundred seventy-three million, four hundred ninety thousand, eight hundred thirty-three pesos 55/100 MXN).**

g) Liability with related party **Corporación de Servicios Ejecutivos S.A. de C.V.** Which balance is as of the indicated date of **$45,179,124.10 (Forty-five million, one hundred seventy-nine thousand, one hundred twenty-four pesos 10/100 MXN).**

h) Liability with related party **Corporación de Servicios Ejecutivos S.A. de C.V.** which balance is as of the indicated date of **$6,019,361.70 (Six million,nineteen thousand, three hundred sixty-one pesos 70/100 MXN).**

i) Liability with related party **Corporación de Servicios para la administración de valores S.A. DE C.V.** which balance is as of the indicated date of **$719,169.80 (seven hundred nineteen thousand, one hundred sixty-nine pesos 80/100 MXN).**

j) Liability with related **party Expormuebles S.A. de C.V.** which balance is as of the indicated date of **$6,878,902.08 (Six million, eight hundred seventy-eight thousand, nine hundred two pesos 08/100 MXN).**

k) Liability with related party **Famsa México S.A. de C.V**. which balance is as of the indicated date of **$12,917,224.90 (Twelve million, nine hundred seventeen thousand, two hundred twenty-four pesos 90/100 MXN).**

l) Liability with related party **Garval Servicios de Asesoría S.A. de C.V.** which balance is as of the indicated date of **$79,794,745.44 (Seventy-nine million, seven hundred ninety-four thousand, seven hundred fourty-five pesos 44/100 MXN).**

m) Liability with related party **Geografía Patrimonial S.A. de C.V.** which balance is as of the indicated date of **$698,589,927.20 (Six hundred ninety-eight million, five hundred eighty-nine thousand, nine hundred twenty-seven pesos 20/100 MXN).**

n) Liability with related party **Impulsora Promobien S.A. de C.V.** which balance is as of the indicated date of **$6,841,503,672.93 (Six billion, eight hundred forty-one million, five hundred three thousand, six hundred seventy-two pesos 93/100 MXN).**

o) Liability with related party **Inmobiliaria Garza Valdez Laguna S.A. de C.V.** which balance is as of the indicated date of **$3,000.00 (Three thousand pesos 00/100 MXN).**

p) Liability with related party **Inmobiliaria Logar S.A. de C.V.** which balance is as of the indicated date of **$1,000.00 (one thousand, pesos 00/100 MXN).**

q) Liability with related party **Mayoramza S.A. de C.V.** which balance as of the indicated date is of **$488,528,176.22 (Four hundred eighty-eight million, five hundred twenty-eight thousand, one hundred seventy-six pesos 22/100 MXN).**

r) Liability with related party **Promotora Sultana S.A. de C.V.** which balance as of the indicated date is of **$30,761,696.12 (thirty million, seven hundred sixty-one thousand, six hundred ninety-six pesos 12/100 MXN).**

s) Liability with related party **Suministro Especial de Personal S.A. de C.V.** which balance as of the indicated date is of **$205,325,407.15 (Two hundred five million, three hundred twenty-five thousand, four hundred seven pesos 15/100 MXN).**

t) Liability for deferred income with related party **Banco Ahorro Famsa México S.A.** de C.V. which balance as of the indicated date is of **$173,666,712.72 (One hundred seventy-three million, six hundred sixty-six thousand, seven hundred twelve pesos 72/100 MXN).**

Based on the foregoing amounts, it results that the total amount adds up to **$17,884,418,086.91 (seventeen billion, eight hundred eighty-four million, four hundred eighteen thousand, eighty-six 91/100 MXN)**, which represents the total

amount of the payment obligations that my principal has defaulted as I have mentioned before. Besides, it is confirmed that it has more than five unrelated creditors (being different legal entities all of them).

In view of the foregoing considerations, I represent to this Honorable Court, that for the admissibility of this petition, we may confirm by making a basic arithmetic operation for which no technical or scientific knowledge is required, that 35 % of my principal's liabilities are for an amount of **$6,953,473,201.83 (six billion, nine hundred fifty-three million, four hundred seventy-three thousand, two hundred one pesos 83/100 MXN). As presented below:**

**Total liabilities: $19,715,540,872.66**
**Multiplied by: 35 %**
**Total: $6,900,439,305.43**

From the foregoing, it may be confirmed beyond any doubt that my principal falls within the hypotheses for the admissibility of the petition pursuant to articles 9, 10 and 11 of the Bankruptcy Law, since the obligations it has defaulted add up to **$17,884,418,086.91 (seventeen billion, eight hundred eighty-four million, four hundred eighteen thousand, eighty-six pesos 91/100 MXN)**, same amount which is greater than the one previously mentioned as equaling 35 % of the total liabilities, as it may be noticed by mere comparison of such figures .

In addition to the foregoing, for the purposes of the admissibility hereof, we have that the obligations defaulted by my principal add up to **$17,884,418,086.91 (seventeen billion, eight hundred eighty-four million, four hundred eighteen thousand, eighty-six pesos 91/100 MXN)** which upon making a basic arithmetic operation for which no technical or scientific knowledge is required, reveals that 80 % thereof, amounts to **$14,307,854,469.53 (fourteen billion, three hundred seven million, eight hundred fifty-four thousand, four hundred sixty-nine pesos 53/100 MXN)**, as further illustrated by the following operation:

**Obligations defaulted: $17,884,418,086.91**
**Multiplied by: 80 %**
**Total: $14,307,854,469.53**

Based on the foregoing, it results that the assets to which we have referred in previous paragraphs amount to **$5,708,633,765.73 (five billion, seven hundred eight million, six hundred thirty-three thousand, seven hundred sixty-five pesos 73/100 MXN)** owned by my principal, which are not comparable to the amount representing eighty percent (80 %) of the liabilities it has defaulted, therefore, it is hereby completely evidenced the admissibility of this petition.

In consideration of the above, we come to petition the declaration of Bankruptcy of Grupo Famsa, since based on the considerations exposed it is revealed that said company falls within the hypotheses provided for in article 10,11 and 20 of the Bankruptcy Law (LCM). Consequently, this petition is admissible as proven with all the attachments hereto which the inspector shall verify in due course.



## Annexes

In accordance with the provisions of article 20 of the LCM, as well as being presented in the form requested and containing what those articles stipulate, the petition for bankruptcy must be accompanied by the annexes listed in this section. At least one title page has been designed to identify each one, as well as, as necessary, to list and organize the information they should contain.

Use the forms designed for each case.

On each line click on the button that identifies the annex title of accompanying documents. When, due to the nature of the merchant, or particular legal circumstances thereof, the documentation is not attached, click on the button in the N/A column and in such cases, explain the reasons why they are not included on the corresponding form.

| Ref. | Annex Number | Annex Title | Not applicable |
|------|--------------|-------------|----------------|
| LP2/20 | Annex 1 | ● Financial statements of merchant | |
| LP2/20 | Annex 2 | ● Justification of the causes that have brought the merchant to default or imminent default of his/her/its payment obligations | |
| LP2/20 | Annex 3 | ○ List of creditors | ○ |
| LP2/20 | Annex 4 | ○ List of debtors | |
| LP2/20 | Annex 5 | ● Inventory of all merchant's properties | ○ |
| LP2/20 | Annex 6 | ○ List of proceedings in which the merchant is involved | |
| LP2/20 | Annex 7 | ● Offer to provide the guarantee referred to in article 24 of the LCM | ○ |
| LP2/20 | Annex 8 | ○ Corporate resolutions necessary for petitioning for a declaration of bankruptcy | ○ |
| LP2/20 | Annex 9 | ○ Proposal for preliminary creditor payment agreement | ○ |
| LP2/20 | Annex 10 | ○ Preliminary proposal for business rescue | ○ |
| LP2/20 | Annex 11 | ● Documents proving acting capacity | |
| LP2/20 | Annex 12 | ● Documents proving status as a merchant | |

## Registry, fiscal and labor information

For the purposes of articles 43, 44, and 45 of the LCM, provide the following additional information, or give reasons why you are unable to provide it:

Public registry of commerce:
  Number 250, folio 41, volume 234 of Book number 3 Second Ledger Deed of Commercial Companies Commerce Section in Monterrey Nuevo León on March 11, 1980.

Write the name used for identification purposes with the authority in charge of the registry of commerce in the federative entity in question, and, if applicable, provide details of the merchant's entry in the public registry of commerce, such as folio, book, entry, record history etc.

Assets registration:
  Click here to type

Write the name used for identification purposes with the authority in charge of the assets and/or guarantees registry in the federative entity in question, and, if applicable, provide the registration details of the merchant's assets, such as folio, book, entry, record history etc.

Federal taxpayer registry:
  GFA971015267

Write the merchant's Federal taxpayer registration.

Trade union(s) to which merchant's workers are affiliated:
  Click here to type

Write the full name and address of the union association or associations, to which, the merchant's workers are affiliated, if any.

Union representative:
  Click here to type

Write the full name and address.



---

**Further petitions**

In the box below, mention as many further petitions, not accommodated on the form or its sections, as you wish, as long as they are relevant to the bankruptcy proceeding.

Use one box per petition and as many pages as you need.

---

## PRECAUTIONARY MEASURES

Based on provisions in articles 8, 25, 26 second paragraph and 37 of the Bankruptcy Law, 1168 and 1171 of the Code of Commerce and 384 to 388 of the Federal Code of Civil Proceedings, this latter being supplementarily applicable, I request the following **Precautionary Measures** be granted in the following terms:

*1.- The judicial declaration of this Honorable Court decreeing the suspension of the compliance with the obligations contracted by Grupo Famsa, S.A.B. de C.V., by not making payments of the obligations becoming due before the date on which this bankruptcy petition is admitted, except for those that are essential for the ordinary operation of the company, until the final resolution of the suit being asserted.*

*2.- The judicial declaration of this Honorable Court ordering the suspension of the performance with the obligations contracted by Grupo Famsa, S.A.B. de C.V., granting stay of execution in respect of its assets and rights until final resolution of the bankruptcy proceedings being petitioned.*

*3.- The judicial declaration of this Honorable Court ordering the suspension of the performance with the obligations contracted by Grupo Famsa, S.A.B. de C.V., granting stay of proceedings in respect of all the enforcement administrative proceedings deriving from fiscal credits against it, until final resolution of the bankruptcy proceedings being petitioned.*

*4.- The judicial declaration of this Honorable Court ordering the suspension of the performance with the obligations contracted by Grupo Famsa, S.A.B. de C.V., prohibiting the banking Institutions where the former has any accounts, from transferring, disposing, seizing, holding, withholding, offsetting and/or using the resources kept under said accounts or owned by the company, save for those transfers, dispositions, activities or analogous or similar transactions deriving from acts relating to the ordinary transactions thereof and/or authorized by the Bankruptcy Law, up to the final resolution of the suit being asserted.*

## ADMISSIBILITY OF THE PETITION

The Bankruptcy Law provides in its articles 8, 25, 26 second paragraph and 37 that the Code of Commerce, and the Federal Code of Civil Proceedings are supplementarily applicable. Likewise, it establishes the availability and hypotheses for the Precautionary Measures to be granted in bankruptcy proceedings.

Therefore, the admissibility of the Precautionary Measures is based on the supplementary application of the Federal Code of Civil Proceedings, which establishes them in articles 384 through 388, and provides that interim remedies different to those restrictively established in the Code of Commerce may be decreed, since the express restriction established by articles 1168 in relation to article 1171 of the Code of Commerce exclusively refer to other forms of guarantee (genus), also denominated as precautionary measures by the Code, so the court is prevented from acting beyond such restriction. For purposes of clarity, the relevant provisions are transcribed below.

### *Bankruptcy Law*

*Article 8o.- The following are applicable in a supplementary manner to this statute, in the following order:*

*I.      The Code of Commerce;*
*II.     The commercial legislation;*
*III.    The commercial special and general usage;*
*IV.    The Federal Code of Civil Proceedings; and*



V.     The Civil Code regarding federal matters.

Article 25.- The creditor that claims the bankruptcy declaration of a Merchant may request the court to adopt precautionary measures or, as applicable, to amend those that were adopted. _The imposition, modification or discharge of said measures will be governed by the provisions in the Code of Commerce._

Article 26.- Once the bankruptcy claim is admitted, the court shall summon the Merchant or the Institute for the Administration of Property and Assets, in the case of the second paragraph, section II, of article 4, serving it with the claim and its annexes, granting it a term of nine days to answer, having to attach its answer to the complaint with the list of creditors that subsection III of article 20 of the Law refers to. The Merchant must offer the evidence that this Law authorizes it in the answer to the complaint.
Paragraph amended DOF (Official Gazette of the Federation) 01-10-2014, 08-09-2019

_The court, at the request of the Merchant, or acting ex officio, shall grant the precautionary measures that it considers necessary to the ends of avoiding putting the viability of the company at risk due to the claim or others that take place during the visit, or to avoid for said risk to worsen, in order to safeguard the public interest provided in article first of this Law._

The day following when the court receives the answer, it shall notify the plaintiff so that within a term of three days, it may manifest what is in its best interest, and as applicable, it may add its offer of evidence with those related to the exceptions opposed by the Merchant.


Paragraph amended DOF (Official Gazette of the Federation) 12-27-2007

The day following when the term that the first paragraph of this article refers to expires without the Merchant presenting its answer, the court must certify said event declaring the right of the Merchant to answer as precluded. Not answering on time shall create the rebuttable presumption, that the events included in the claim are true, which are decisive for the bankruptcy declaration. The court must issue a final judgment declaring the bankruptcy within the following five days.
Paragraph amended DOF (Official Gazette of the Federation) 12-27-2007

Article 37.- Besides the precautionary measures that are referenced in article 25, the inspector may request the court to, impose, amend, or discharge the precautionary measures that this article refers to in the course of the inspection visit, with the purpose of protecting the Estate and the rights of the creditors, having to provide the grounds for the request in all the cases.

The court may issue the precautionary measures that it deems necessary at any stage of the bankruptcy proceeding, once it has received the request, or acting ex officio.


Paragraph amended DOF (Official Gazette of the Federation) 01-10-2014

The precautionary measures may consist of the following:

I.     _The prohibition of making payments of past due obligations before the admission date of the bankruptcy petition or claim._
II.     The stay of execution of all enforcement procedures against the goods and rights of the Merchant;
III.     The prohibition to the Merchant of carrying out alienation or levy transactions of its company's main assets;
IV.     The attachment of property;
V.     Assume control of the Merchant's cash in hand;
VI.     The prohibition of doing transfers of resources or securities in favor of third parties.
VII.     The order to place the Merchant on home confinement, for the sole effect of him/her/it not separating from the domicile without leaving an attorney-in-fact

*sufficiently instructed and well-provided by mandate. When the person who has been confined shows to have complied with the foregoing, the court shall lift the confinement, and*

*VIII.   Any others of analogous nature..*

*From the filing for bankruptcy or once the petition has been admitted, the Merchant may request for the court to authorize the immediate contracting of credits that are indispensable to preserve the ordinary operation of the company and the necessary liquidity during the processing of the bankruptcy. For the processing of the referred to credits, the court may authorize the constitution of guarantees that proceed, if it were so requested by the Merchant.*
*Paragraph added DOF (Official Gazette of the Federation) 01-10-2014*

*Once the petition of the Merchant has been presented and given the urgency and need for financing, the court, with the previous opinion of the inspector, shall resolve in respect of the authorization of the financing with the abovementioned purpose, proceeding to issue the guidelines in which the respective credit and its ordinary payment shall be authorized during the bankruptcy proceedings, taking into consideration its priority in terms of article 224 of the Law.*
*Paragraph added DOF (Official Gazette of the Federation) 01-10-2014*

### Federal Code of Civil Proceedings

*Article 384. Prior inception of the trial or during its development, all measures required to maintain the current state of affairs may be decreed. These measures shall be determined without hearing the counterparty and may not be contested or appealed. Conversely, the resolution denying the application of any such measures may be appealed.*

*Article 385. The party with an interest in modifying the existing state of affairs must file its motion therefor with the pertinent authority.*

*Article 386.- Any time maintaining the situation as they are entailing the interruption of a work, the execution of an act or the execution of an agreement, the claim must be proposed by the party requesting the measure within five days as from the date interruption has been ordered.*
*The failure to file the claim within indicated term, renders the measure null.*

*Article 387. In the event that maintaining things as they are may cause harm or damage to a person other than the one requesting the measure, sufficient guaranty will be previously demanded in order to guarantee payment at the discretion of the court issuing the decree.*

*Article 388.- A resolution ordering to maintain things as they are when the measure is rendered, does not prejudge on legality of the situation that is being maintained, or on the rights and liabilities of the petitioner.*

### Code of Commerce.

*Article 1168.- Precautionary measures or interim remedies may only be granted at commercial proceedings as foreseen herein, these being the following:*

*I. Location of an individual for the purposes of submittal to jurisdiction, when there is a grounded fear that the individual against whom a complaint is to be filed or has been filed becomes absent or hides. Such measure will only have the effects foreseen under article 1173 of this Code;*

*II. Withholding of property in any of the following events:*

*a)       When there is grounded fear that goods consigned as guaranty or as to which a real action is to be exercised, are alienated, hidden, squandered, disposed of or become insufficient, and*

*b)      About personal actions, provided the person against whom it is requested, holds no other property than that on which the proceeding is to be*

*carried out and there are grounded fears that they be alienated, hidden, squandered or disposed of.*

*In the scenario referred to herein, if the property consists in cash or deposit with credit institutions or any other fungible property, it would be presumed for the purposes of this article, that there is a risk that they be disposed, hidden or squandered, except the affected party guarantees with the measure the amount owed.*

*With regard to withholding of property ownership or title it may be entered in any public registry, the Court will order a notation be made thereon.*
*Article amended DOF (Official Gazette of the Federation) 01-10-2014*

*Article 1169.- The provisions in the preceding article apply not only to the debtor, but also the tutors, partners and administrators of other people's property.*

*Article 1170.- The person requesting the location of an individual for the purposes of submittal to jurisdiction, must prove the entitlement to apply for such measure. The foregoing may be proven through documents or suitable witnesses.*
*Article amended DOF (Official Gazette of the Federation) 01-10-2014*

*Article 1171.- If the location of an individual is requested before filing the initial complaint, in addition to complying with the provisions in the preceding article, the petitioner must guarantee the payment of the losses and damages that could arise if no complaint is filed. The amount of the guarantee must be determined by the Court prudently, based on the information provided and ensuring that it be reasonable -in the sense of attainable- for the requesting party.*
*Article amended DOF (Official Gazette of the Federation) 01-10-2014*

From these legal provisions it derives that in the commercial proceedings only the precautionary measures or interim remedies may be decreed, however, the First Chamber of the Nation's Supreme Court of Justice interpreted these concepts in the mandatory judicial criterion: *1a/j. 27/ 2013 (10a.)* establishing that , **in light of the supplementary application of the Federal Code of Civil Proceedings, precautionary measures other than those restrictively provided for in the Code of Commerce may be decreed**, since the express restrictions set forth in such provision exclusively refer to other guarantees (genus), also denominated by the Code as precautionary measures (species), other than the location of individuals and withholding of property, but such restriction does not apply to the measures aiming at the preservation of things or situations.

While it is true that the precautionary measures and interim remedies are aimed at providing assurance in respect of the enforcement and preservation of property, it is also true that debtor is left without protection from the unenforcement which is not provided *contrario sensu*, since the preservation of property reveals essential in favor of the creditors.

It is hereby argued that the restriction provided in article 1171 in relation to article 1168 of the Code of Commerce is contrary to the guarantee of access to justice enshrined in article 17 of the Federal Constitution; that the supplementary application of article 384 of the Federal Code of Civil Proceedings is fully admissible, in view of the intangible nature of the goods to which the preservation measure requested applies, as such is different to that of the tangible assets to which the Code of Commerce refers.

## LEGAL CONSIDERATIONS

From the moment a complaint is filed until judgment is rendered, there is a period during which consequence of lapse of time are not to be suffered by the one with a valid cause of action, but by the one whom without grounds sustained a contrary claim. Therefore, the Court when rendering a judgment must consider the time where the trial began, since the court's function is not only to serve justice, but to seek that the purpose of the litigations be not materially ineffective and that any judgment be truly enforceable, protecting the rights of the parties.

Thus, there are particular legal situations demanding the enforcement of a prior procedural

activity, aiming at ensuring a successful final resolution. The first of such activities takes the name of "precautionary process", which derives from the Latin word *cautio* meaning guaranty and it is, for the final success of the second proceeding in which the protection intended will be achieved.

The "precautionary measures or interim remedies" – such as the ones being requested herein – are those allowing the holder of a subjective right to guarantee its exercise, even though in the lack of an immediately enforceable title through which it may obtain immediate judicial enforcement and are subject to the following principles:

a) They are always rendered as provisional measures and will be subject to the final judgment to be rendered at the proceeding where they may be carried out;

b) Exceptionally they may result in an autonomous proceeding, such as with interdicts, but even in such cases they are interim in nature;

c) They may be filed prior the inception of the trial by virtue of which the subjective right is claimed, which is the subject matter of the protection by the precautionary measures or interim remedies during the trial;

A precautionary process is the one having as purpose, precisely, to obtain a precautionary preventive measure to make sure that in the future the enforcement of a right or the performance with an obligation is guaranteed, and by this proceeding it is achieved that in the future is not impossible, to obtain full satisfaction of a substantive right. Doctrine and court precedents, unanimously point out the transcendence of precautionary measures or interim remedies as means and not as end of legal certainty and the prevalence of the State in the enforcement of their judgments.

Thus, Manuel de la Peña y Peña, points out the need of precautionary measures, such as a prior act guaranteeing that the claim that is to be brought forward will not be affected by the proceeding:

"If the plaintiff is to claim at a proceeding whatever is due to him, and as, where and when due, without him being able to claim anything more than as due, he may also may not expect any changes to the subject matter of the complaint until final judgment on the matter, since it is a fundamental principle of forensic practice that pending the proceeding nothing is to be innovated (*ca non le debe toller su derecho, ante que sea vencido por juicio*). This principle constitutes in the Canonic Code of decrees a full sentence and embodies a universal truth (*lite pendente, nihil innovetur*, pending the proceeding nothing is to be innovated); and it is applicable both for ownership and possession, and usage and for any other right. Based on which, the subject matter of the controversial issue must be preserved in the same situation, without any difference, as it was before the complaint itself …"

Along the same lines, Piero Calamandrei defines:

"In such a manner, the precautionary guaranty appears supporting further court activity to finally reestablish observance of the law; the purpose of the same being, more than serving justice, to give time to justice to efficiently attain its purpose. The content of a precautionary measure is variable, because given that it should in an interim fashion foresee the effects of a subsequent definitive court protection, it is required to be adjusted on a case-by-case basis to its different purposes; but such is precisely its distinctive nature; being a sort of foretaste and announcement of another court determination, an instrument required for the latter to arrive on time, a guaranty of the guaranty.

This demonstrates how, in order to understand how delicate precautionary system mechanisms operate, is not sufficient to read what is written in the code's articles, but there is an obligation to learn about psychological strategies that in practice use these formulas to attain, by maneuvering, ends that are absolutely different to those identified in the dogmatic constructions of legal authorities."

What is being sought, with this kind of measures is to prevent modification of the state of affairs at the time of the petition instead of avoiding irreparable damage that could result from its modification, in accordance with articles 2,1054, 1063 and 1324 of the Code of Commerce, articles 18, 19 and 20 of the Federal Civil Code, always procuring to honor and observe the general principles of law.

Due to the huge complexity of social processes it is impossible for the lawmaker, when drafting the law, to give a particular solution to all cases occurring on the day-to-day, even less in unforeseen situations. There should be other cases in which the wording of the law drafted is not sufficient or incomplete.

It is said that there is a legal loophole when there is no law or the same proves inadequate. Such loophole is addressed, among other sources, by the general principles of law and in the last term, recurring by equity and prior to recurring to such interpretation instruments, it may be possible to find its source in provisions supplementary to the case, such as in the matter at hand, where the Federal Code of Civil Proceedings applies.

Your Honor will not find any legal provision exactly establishing what the precautionary measures requested herein are. In order to address this loophole, you should do it in accordance with the already existing law, having to come up with new legal concepts other than general rules, but grounded on legal rules or principles, as invoked in the preceding paragraphs. This new rule was already law, because: "There are no loopholes in the Law, these are found in the legislation, but not in the Law", which principle is duly considered in article 1324 of the Code of Commerce.

In this manner, precautionary measures are applicable and must be granted, when there is a risk that with the lapse of time a trial may be left without its subject matter; provided such circumstance and the risk of delay be demonstrated, being able to apply the measures deemed appropriate to such ends, though not expressly established by the laws; using the means of legal interpretation.

### *Fundamental Rights and Human Rights*

In such way, for Constitution's protecting purposes, articles 1, 14, 16 and 17 make us analyze the fundamental right to effective court protection having the same legal scope both from the Constitutional and conventionality standpoints.

To the above, the submitted petition seeks for actual protection of the rights involved which must be broadly guaranteed, by any and all legal measures established to such effect, without being acceptable that a few articles expressly restrict the application of measures established in the law to protect a fundamental right.

Effective protection of human rights is regulated in article 1.1 of the American Convention of Human Rights, which was interpreted by the Inter-American Court of Human Rights, in the sense that the States must remove obstacles for effective protection of human rights.

If Mexican civil law introduced a series of measures to guarantee enforcement of the judgment (human right to effective court protection), then a provision restricting access to the entirety of such remedies, directly contravene articles 1.1 and 25 of the abovementioned Convention.

The mandatory judicial criteria are transcribed below as they allow consideration of the legal person's human rights which have their legal basis in article 1 of the Constitution.

Epoch: Tenth Epoch
Registration: 2014183
Instance: Circuit Collegiate Courts
Type of criterion: Isolated
Source: Gazette of the *Semanario Judicial de la Federación*



Book 41, April of 2017, Volume II
Subject matter(s): Constitutional
Criterion: (I Region)8o.2 CS (10th.)
Page: 1775

LEGAL PERSONS OR BUSINESS ENTITIES. THEY ARE HOLDERS OF THE RIGHTS FORESEEN IN THE AMERICAN CONVENTION ON HUMAN RIGHTS, TO THE EXTENT THEY ARE IN LINE WITH THEIR NATURE AND PURPOSES.

Article 1, paragraph 2, of the American Convention on Human Rights reads that for the purposes of such treaty, "person" is any human being; however, in accordance with the interpretation by the Nation's Supreme Court of Justice, as to article 1 of the Political Constitution of the United Mexican States, it is established that in Mexico all persons shall enjoy the human rights acknowledged in the Constitution and in the international treaties to which the Mexican State is a Party, as well as of the assurances for their protection, by not providing any distinction understood as comprising both natural persons, as well as legal persons, as the latter will enjoy of such rights, to the extent they are in line with its nature and ends, as to the effect of the pro personae principle no legal person may be left out from the protection, just because the word "person" is being used. The Inter-American Court of Human Rights determined that an individual may invoke the existence of a violation to their protected rights by the Convention, even when such would result in the affectation of legal persons. Consequently, given that the criterion sustained in the mandatory court precedents in Mexico prevail over those issued by the Inter-American court, the entitlement of legal persons to the human rights foreseen in the Pact of San José must be acknowledged, consistent with the progressivity principle. It would otherwise constitute a regression, and the lack of acknowledgment of the spirit of the constitutional reform on human rights, published in the Official Gazette of the Federation on June 10, 2011.

Epoch: Tenth Epoch
Registration: 2020903
Instance: Plenary Session of Circuit courts
Type of criterion: Jurisprudence
Source: Gazette of the *Semanario Judicial de la Federación*
Book 71, October of 2019, Volume III
Subject matter(s): Constitutional, Civil
Criterion: PC.I.C. J/94 C (10a.)
Page: 2979

PRECAUTIONARY MEASURES OR INTERIM REMEDIES IN COMMERCIAL PROCEEDINGS ARE INHERENT TO THE RIGHT TO JURISDICTION, THEREFORE, THE LIMITATION TO ITS GRANTING MUST RESPOND TO A FUNCTIONAL INTERPRETATION IN TERMS OF ARTICLE 1168 OF THE CODE OF COMMERCE WITH ARTICLES 1 AND 17 OF THE CONSTITUTION.

Precautionary measures or interim remedies may be decreed in commercial proceedings in order to maintain a preexisting situation, due to this kind of instruments being inherent to the right to be served justice, by having the purpose of increasing efficiency of judgments rendered by the Courts, as provided for in article 17, paragraph seven of the Political Constitution of the United Mexican States, establishing that: "Federal and local laws will define the means necessary to guarantee independence of courts and full enforcement of its resolutions.". Thus, the reform published in the Official Gazette of the Federation on January 10, 2014 to articles 1168 and 1171 of the Code of Commerce, was not aimed at preventing the decreeing of

precautionary measures or remedies that may be needed in order to effectively enforce judgments in commercial proceedings, as its specific purpose was the clear and accurate interpretation of the rules allowing creditors to obtain effective collection of their unpaid accounts receivable, through the location of persons or the withholding of property. In such a manner, the amended wording of invoked article 1168, paragraph one, establishes: "The only precautionary measures or interim remedies that may be granted in commercial proceedings are those set forth in this Code these being: (...)", should not be interpreted literally, as it would be prohibitive and contrary to the Court's ordinary duty to preserve the subject matter of the proceeding , which would clearly contravene the fundamental rights recognized by the international treaties signed by the Mexican State and by the Political Constitution of the United Mexican States, in accordance with its article 1; notwithstanding, a functional interpretation in accordance with such article sheds light on the matter to indicate that it is a limitative standard by providing two hypotheses that may apply to a particular *de facto* situation, which, however, does not limit the court's possibility that in the performance of its function in relation to the granting and admissibility of the different precautionary measures must adapt them to the circumstances and needs on a case-by-case, as these measures are to be flexible, even with the possibility of modification as it may be required in the proceeding in question. Also, upon granting, they should be duly grounded and motivated, as well as with regards to the guarantees demanded in order to avoid abuse by the parties requesting them. By such virtue, such interpretation is in line with fundamental rights of effective court protection and access to justice acknowledged both in the aforementioned constitutional article, as well as in article 25 of the American Convention on Human Rights.

Epoch: Tenth Epoch
Registration: 2008584
Instance: Plenary session
Type of criterion: Jurisprudence
Source: Gazette of the *Semanario Judicial de la Federación*
Book 16, March of 2015, Volume I
Subject matter(s): Constitutional
Criterion: P./J. 1/2015 (10a.)
Page: 117

RULE OF LENITY. MOST FAVORABLE INTERPRETION TO THE PERSON. THIS IS APPLICABLE IN RESPECT OF RULES REGARDING HUMAN RIGHTS TO WHICH LEGAL PERSONS ARE ENTITLED.

Article 1 of the Political Constitution of the United Mexican States when providing that in the United Mexican States all persons will enjoy of the human rights recognized in said Constitution and in the international treaties to which the Mexican State is a party, as well as of the assurances guaranteeing their protection, does not make any distinction, for which this must be interpreted as comprising both natural and legal persons, and these latter will enjoy of such rights to the extent compatible with their nature and ends. Consequently, the most favorable interpretation principle, established as a mandatory rule by the second paragraph of said provision, is applicable to the human rights provisions enjoyed by the legal persons, for which they must be interpreted favoring the broadest protection at all times, save for those rights whose content may only be enjoyed by the natural persons, for which a case-by-case determination shall be adopted.

Contradicting Criteria 360/2013. Between those sustained by the Second Collegiate Courts for Administrative Matters of the Seventh Circuit and Second for Adminsitrative Matters of the Fourth Circuit. April 21, 2014. By the unanimous vote of the eleven Justices: Alfredo Gutiérrez Ortiz Mena, José Ramón Cossío Díaz, Margarita Beatriz Luna Ramos, José Fernando

Franco González Salas, Arturo Zaldívar Lelo de Larrea, Jorge Mario Pardo Rebolledo, Luis María Aguilar Morales, Sergio A. Valls Hernández, Olga Sánchez Cordero de García Villegas, Alberto Pérez Dayán and Juan N. Silva Meza. Opinion by: Margarita Beatriz Luna Ramos. Secretary: Guadalupe M. Ortiz Blanco.

Contradictory criterion and/or criteria:

Criterion VII.2o.A.2 K (10a.), titled: "HUMAN RIGHTS. LEGAL PERSONS ARE NOT ENTITLED THERETO.", approved by the Second Collegiate Court for Administrative Matters of the Seventh Circuit and published in the Semanario Judicial de la Federación and its Gazette, Tenth Epoch, Book XVIII, Volume 3, March of 2013, page 1994,and the one sustained by the Second Collegiate Court for Administrative Matters of the Fourth Circuit when resolving direct amparo 315/2012.

Note: From the judgment on the direct amparo 315/2012, issued by the Second Collegiate Court for Administrative Matters of the Fourth Circuit, the following isolated criteria arisen: IV.2o.A.30 K (10a.) and IV.2o.A.31 K (10a.), titled: "LEGAL PERSONS. THEY ARE HOLDERS OF HUMAN RIGHTS AND OF THE ASSURANCES ESTABLISHED FOR THEIR PROTECTION UNDER THE HYPOTHESES APPLICABLE, BASED ON THEIR NATURE." AND "EFFECTIVE PROTECTION OF JUSTICE. THE CONSTITUTIONAL TREATMENT OF SUCH RIGHT MUST BE THE SAME FOR NATURAL AND LEGAL PERSONS.", published in the Semanario Judicial de la Federación and its Gazette, Tenth Epoch, Book XXIV, Volume 3, September of 2013, pages 2628 and 2701, respectively.

The Highest Court in plenary session approved on February twenty-four, under number 1/2015 (10a.), the preceding mandatory criterion. Mexico, Federal District,on February twenty-four, two thousand fifteen.

This precedent was published on Friday, March 6 of 2015 at 9:00 A.M. in the Semanario Judicial de la Federación and, thus, its application is deemed mandatory as from Monday, March 9, 2015, for the effects established in item seventh of the Plenary General Resolution 19/2013.

For ease of reference of this Honorable Court, to support the admissibility of the precautionary measures requested the following isolated and mandatory court criteria and mandatory criteria after Criteria contradiction, for Civil Matters of the First Circuit of the Nation's Supreme Court of Justice are transcribed below:

Epoch: Tenth Epoch
Registration: 2003884
Instance: First Chamber.
Type of criterion: Jurisprudence
Source: *Semanario Judicial de la Federación* and its Gazette
Book XXI, June 2013, Volume 1
Subject matter(s): Civil
Criterion: 1a./J. 27/2013 (10a.)
Page: 552

PRECAUTIONARY MEASURES IN COMMERCIAL MATTERS. WHENEVER REQUEST OF THE MEASURE IS NOT BASED ON THE CASES LISTED BY ARTICLE 1168 OF THE CODE OF COMMERCE, THE LIMITATION CONTAINED IN ARTICLE 1171 OF SAID STATUTE DOES NOT PREVENT THE SUPPLEMENTARY APPLICATION OF THE DETENTION MEASURES STIPULATED IN ARTICLES 384 TO 388 OF

THE FEDERAL CODE OF CIVIL PROCEDURE (PARTIAL ABANDONMENT OF CRITERIA 1a. LXXIX/2007 and 1a. LXXXI/2007).

Article 1168 of the Code of Commerce regulates the protective steps under the precautionary measures it establishes, which may only be determined in the belief that: I) the person against whom a complaint has been filed or is to be filed may leave or hide; II) The property in respect of which a real action is to be exercised may be hidden or squandered, and III) the property in respect of which certain proceeding is to be executed, may be hidden or alienated, provided the relevant action is of credit in nature, and the debtor lacks other properties. On the other hand, article 1171 of such statute provides that no precautionary measures different than those established in such code may be issued and that they shall only be, in case of the cited section I, the detention of the person, and, in the cases of the cited sections II and III the detention of property. In this respect, as in the Code of Commerce the legislator regulated and expressly listed a limited and exclusive number of precautionary steps that it designated as precautionary measures only, whenever in a commercial proceeding the request for a precautionary measure having as purpose the preservation of the existing state of affairs arises, and such is not based in any of the aforementioned hypotheses, it results that, on one hand, the judge would be unable to issue a precautionary measure from among those listed in article 1168 and, on the other, since no such precautionary measure could be applied, the prohibition contained in article 1171 would also be inapplicable, since said prohibition has as purpose to govern the terms and conditions for the precautionary measures listed in the aforementioned article 1168 to operate only. Therefore, such prohibition may not and should not be deemed applicable to any other precautionary measures that may be lawfully applicable in any commercial matters. In this sense, upon the request for a precautionary measure to preserve the existing state of affairs which is not based on any of the three hypotheses in article 1168 of the Code of Commerce, the Federal Code of Civil Procedure establishing as a precautionary measure the so-called detention measures in its articles 384 to 388, would be supplementarily applicable indeed, in terms of article 1054 of the Code of Commerce. The foregoing results in this Chamber's partial diversion from the criterion contained in the isolated criteria 1a. LXXIX/2007 and 1a. LXXXI/2007, as to what they state about the intent and scope of the limiting content of article 1171 of the Code of Commerce.

Epoch: Tenth Epoch
Registration: 2015970
Instance: Circuit Collegiate Courts
Type of criterion: Isolated
Source: Gazette of the *Semanario Judicial de la Federación*
Book 50, January of 2018, Volume IV
Subject matter(s): Civil
Criterion: I.12o.C.15 C (10a.)
Page: 2188

PRECAUTIONARY MEASURES AIMED AT PRESERVING THE STATE OF AFFAIRS (A DE FACTO SITUATION). IT IS POSSIBLE TO DECREE THEM IN A COMMERCIAL PROCEEDINGS TRIAL AT THE INTERESTED PARTY'S REQUEST, PROVIDED IT PROVES TO HAVE A LEGITIMATE INTEREST THERETO AND THE COURT EXECUTES A PRELIMINARY ANALYSIS OF THE RIGHT INVOKED AND THE DANGER IN THE DELAY.

Based on the consistent interpretation of articles 235, 238 and 239 of the Code of Civil Proceedings for the Federal District, applicable to Mexico City, with the guarantee of effective access to justice established in article 17, second paragraph of the Political Constitution of the United Mexican States, and according to articles 18 and 19 of the Civil Code for this city, it derives

that the Court has broad powers to adopt the measures deemed appropriate so as to preserve the subject matter of the trial, as well as to prevent affectation of the rights of third parties and prejudice to the interested parties, without the provisions of the procedural civil statute mentioned being interpreted as isolated provisions, contradicting the system to which they belong, but rather as provisions established with the purpose of ensuring the material enforcement of the judgment and thus, the effective service of justice to the people by the courts, and preventing the dodging of third parties' rights during the processing of the trial. Now, in order to achieve such goals, the court may adopt the measures it deems appropriate, without the omissions or legal loopholes authorizing him to refrain from resolving the matter submitted to its jurisdiction. So, whenever the precautionary measures aimed at preserving the state of affairs are consistent with the right for which protection was sought and is the matter of the final judgment, the court may prevent the affectation to third parties' rights or those of the parties. Consequently, based on the principles governing such measures, whenever the petitioner proves to have a legitimate interest to request them, the court, after a preliminary exam of the existence -even the alleged existence- of the right invoked and of the danger that the delay would cause, pursuant to the circumstances surrounding the specific situation, must assess whether the precautionary measure aimed at preserving the state of affairs is suitable or not to avoid affectation of third parties' rights, prejudice to the parties or the execution of acts that could hinder the enforcement of any judgment to be issued in the ordinary commercial proceedings.

*Epoch: Ninth Epoch*
*Registration: 172950*
*Instance: First Chamber.*
*Type of criterion: Isolated*
*Source: Semanario Judicial de la Federación and its Gazette*
*Volume XXV, March of 2007.*
*Subject matter(s): Constitutional, Civil*
*Criterion: 1a. LXXXI/2007).*
*Page: 263*

*"PRECAUTIONARY MEASURES. ARTICLE 1171 OF THE CODE OF COMMERCE IN RELATION TO ARTICLE 384 OF THE FEDERAL CODE OF CIVIL PROCEDURE, DOES NOT AFFECT THE RIGHT OF DEFENSE NOR DOES IT CAUSE UNCERTAINTY OR LEGAL UNCERTAINTY FOR THE GOVERNED [PEOPLE]".*

*While the Code of Commerce allows the supplementary application of the Federal Code of Civil Proceedings whenever the former regulates a legal matter inadequately, it is also true that article 1171 of the statute first mentioned does not affect the right of defense or causes legal uncertainty to the governed people, by providing that in the commercial proceedings no precautionary measures other than home confinement and attachment of property may be granted, since the commercial law regulates the commercial acts and due to their nature commercial proceedings have less formalities, are more simple and dynamic than civil proceedings so as to facilitate business transactions, based on the spirit of article 1049 of the Code of Commerce. Therefore, such limitation does not imply that the legislation omitted to properly provide or that the number of measures that may be asserted calls for supplementing its wording, nor any contradiction with article 384 of the Federal Code of Civil Proceedings shall be deemed to exist which allows the granting of all the measures necessary to preserve the current state of affairs, whether before commencing the trial or during its processing, since while the aforementioned article 1171 expressly provides a prohibition to issue precautionary measures other than those indicated, it must be understood that the legislator's intent was to limit the assertion of*

> *such measures to those two hypotheses in commercial proceedings in consistency with the nature and purposes of the commercial law, which does not contradict articles 14 and 16 of the Federal Constitution.*

These mandatory judicial criteria are fully applicable by analogy to the case at hand, since the Code of Commerce does not provide for the application of the precautionary measures requested, but rather provides for the application of the precautionary measures only, which while they are one kind of such measures, they are insufficient to preserve the subject matter of the suit being asserted.

Along these lines, in our request there are reciprocal obligations in question between the parties which gave rise to the obligational relationship between them, or, in other words, to the interdependence of obligations that result in that for one party being able to demand compliance with the obligations of the other party, it must first prove to have fully complied with the obligations under its charge, being bound to continue to comply with the obligations undertaken for as long as no judicial declaration be made to the contrary.

By virtue of which in order to avoid noncompliance my principal would be bound to comply with the obligations undertaken for as long as the declaration relating to the creditors is not made. However, upholding such situation would entail the violation of the equality, equity and good faith principles which should prevail in all legal relationships by compelling my principal to continue to comply, even more so if considered that the compliance with its obligations clearly will give rise to a cost that adds up to the payments that must be made to the credits, being evident the risk at which the patrimony of my principal would be subjected in case of delay of the precautionary measure requested, since it not only does not have the resources but also it would necessarily incur new expenses to continue operating and complying with its obligations, thus the need and admissibility of the precautionary measures or interim remedies requested.

---

### Place and date of presentation

Monterrrey Nuevo León as of Wednesday, five of August of two thousand twenty.

Write the federative entity of the location of the District Court in which the petition is being presented, as well as the month, day and year on which this takes place.

---

### Name and signature of petitioner(s) acting on behalf of the merchant

Humberto Loza López

Write the full name(s) of the petitioner(s) who have to sign, or, if able, insert (a) digital signature(s).



I,  HERNAN MONTAÑO PEDRAZA qualified Notary Public number sixty in exercise for this First District, CERTIFY AND ATTEST: That this copy in _30_ single-sided text pages is a true and accurate reproduction of its original that was presented to me, and I issue it for the interested party under record number _060/95851/20_ in the Book of Minutes off Protocol, in Monterrey, Nuevo León, on August 6, 2020

I ATTEST.

[Illegible signature]
MR. HERNAN MONTAÑO PEDRAZA
NOTARY PUBLIC No. 60

[Kinegram]

[Notary's seal with the Mexican Coat of Arms reading: "United Mexican States. Notarial Office No. 60. Incumbent Notary Mr. HERNAN MONTAÑO PEDRAZA for MONTERREY NUEVO LEON. FIRST DISTRICT."]



*I, Georgina Haydé Sánchez Guadarrama, Expert Translator, authorized by the Supreme Court of Justice of Mexico City, as per the official list of expert translators in force published in the Official Gazette on March 23rd, 2018, certify that the foregoing translation in forty-four (44) single-sided pages from Spanish into English is true and complete to the best of my knowledge and belief.*

Mexico City, August 6, 2020.

_____

PODER JUDICIAL DE LA FEDERACIÓN          IFECOM          LP2/20          Hoja **1** de **30**

ACUSE          003761

## Solicitud de declaración en concurso mercantil
Título Primero de la Ley de Concursos Mercantiles (en adelante LCM)

| | |
|---|---|
| **C. Juez de Distrito en** | **Materia civil y del trabajo en el estado de Nuevo León en turno** |

Elija una sola de las siete opciones siguientes pulsando el botón que antecede al párrafo cuyo contenido describa la situación que priva respecto del comerciante solicitante, para identificar al juez competente que debe conocer de su solicitud, de conformidad con lo establecido por los artículos 4°, fracción III y 17 de la LCM. Así mismo siga únicamente la instrucción del párrafo elegido.

**Expediente:**
Haga clic aquí para escribir texto.
**Partes:**
Haga clic aquí para escribir texto.
Haga clic aquí para escribir texto.
**Tipo de procedimiento:**
Haga clic aquí para escribir texto.

Sólo si se trata de comerciante integrante de un grupo societario en el que exista(n) otro(s) comerciante(s) respecto del (de los) cual(es) se haya iniciado previamente un procedimiento de concurso mercantil, escriba el número del expediente, previamente radicado en el Juzgado de Distrito ante el cual se presenta la solicitud, así como los demás datos de identificación de las partes y el tipo de procedimiento de concurso mercantil ya sea derivado de una solicitud de declaración en concurso mercantil ordinario, de una solicitud de declaración en concurso mercantil con plan de reestructura previo o de una demanda de declaración de concurso mercantil.

**Opción 1**  Si el solicitante es un comerciante persona física, a continuación de las palabras "...de Distrito en...", escriba el nombre de la entidad federativa en la que se localice el establecimiento principal de su empresa y, en su defecto, en donde tenga su domicilio, seguido de las palabras "...en turno.". Artículos 4° y 17 párrafo primero, de la LCM.

**Opción 2**  Si la solicitante es la sucesión de un comerciante persona física, a continuación de las palabras "...de Distrito en...", escriba el nombre de la entidad federativa en la que se localice el establecimiento principal de la empresa y, en su defecto, en donde tenga su domicilio el albacea, seguido de las palabras "...en turno.". Artículos 4° y 17, párrafo primero de la LCM.

**Opción 3**  Si la solicitante es patrimonio fideicomitido afecto a la realización de actividades empresariales, a continuación de las palabras "...de Distrito en...", escriba el nombre de la entidad federativa en la que se localice el domicilio social de la fiduciaria o el domicilio donde se tiene la administración principal de la actividad empresarial a la que esté afecta el patrimonio fideicomitido, seguido de las palabras "...en turno.".

**Opción 4**  Con las salvedades descritas en los siguientes puntos 5 y 6, si el solicitante es un comerciante persona moral, a continuación de las palabras "...de Distrito en...", escriba el nombre de la entidad federativa en la que se localice su domicilio social o, en caso de irrealidad de éste, el de la entidad federativa en donde tenga la administración principal su empresa, seguido de las palabras "...en turno.". Artículos 4°, fracción III y 17, párrafo primero de la LCM.

**Opción 5**  Si el solicitante es un comerciante integrante de un grupo societario en el que exista(n) otro(s) comerciante(s) respecto del (de los) cual(es) se haya iniciado previamente un procedimiento de concurso mercantil derivado de una solicitud de declaración en concurso mercantil ordinario, de una solicitud de declaración en concurso mercantil con plan de reestructura previo o de una demanda de declaración de concurso mercantil, a continuación de las palabras "...de Distrito en...", escriba las palabras complementarias del nombre del Juzgado de Distrito en el que esté radicado el expediente del concurso mercantil previamente iniciado. Artículos 4° fracción III y 17, párrafo segundo de la LCM.

**Opción 6**  Si el solicitante es un comerciante que pide su concurso mercantil, conjuntamente con otro(s) comerciante(s) con quien(es) integra un mismo grupo societario conforme al artículo 15 Bis de la LCM, escriba el nombre de la entidad federativa en la que se localice el domicilio social del comerciante integrante del grupo societario que se ubique primero en los supuestos de los artículos 10, 11 o 20 Bis de la LCM o, en caso de irrealidad del domicilio social, el de la entidad federativa en donde éste tenga la administración principal, seguido de las palabras "...en turno.". Artículos 4°, fracción III y 17, párrafo tercero de la LCM.

**Opción 7**  Si el solicitante es un comerciante persona moral que solicita su concurso mercantil, conjuntamente con sus socios ilimitadamente responsables conforme al artículo 14 de la LCM, escriba el nombre de la entidad federativa en la que se localice el domicilio social del comerciante persona moral, en caso de irrealidad del domicilio social, el de la entidad federativa en donde tenga la administración principal ese comerciante, seguido de las palabras "...en turno.". Artículo 4°, fracción III y 17, párrafo primero de la LCM.

---

**Identificación y domicilios del comerciante**
Artículo 20, párrafo segundo de la LCM

Nombre del comerciante:        Grupo Famsa S.A.B. de C.V

Escriba completo el nombre de la persona física o, en su caso, la denominación o razón social de la persona moral que solicita ser declarada en concurso mercantil.

## Domicilio del comerciante que determina competencia:

Escriba completo el domicilio que determina competencia por territorio en la jurisdicción del Juez de Distrito ante quien se presenta la solicitud.
Avenida Pino Suárez 1202 Norte, Zona Centro, Tercer piso, Unidad "A", Monterrey, Estado de Nuevo León.

Elija una sola de las seis opciones siguientes pulsando en el botón que antecede al título de la opción cuyo contenido se identifica con la situación del comerciante que solicita ser declarado en concurso mercantil y proporcione la información que corresponda.

### Opción 1
○        Persona física

Artículos 4°, fracción III y 17, párrafo primero, así como 13 de la LCM.

A continuación elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con el domicilio que señala.

○        Domicilio del establecimiento principal de la empresa
○        Domicilio donde vive, por carecer de establecimiento principal
○        Domicilio donde vive, en defecto del establecimiento principal, al haber suspendido o terminado la operación de su empresa

### Opción 2
○        Sucesión de persona física titular de una empresa

Artículos 4°, fracción III y 17, párrafo primero, así como 12 de la LCM.

A continuación elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con el domicilio que señala.

○        Domicilio de la empresa que continúa en operación
○        Domicilio del albacea de la sucesión porque la empresa suspendió operaciones

### Opción 3
○        Socio ilimitadamente responsable

Artículos 4°, fracción III y 17, párrafo primero, así como 14 de la LCM.

Al elegir esta opción 3 automáticamente se marcará la frase siguiente, cuyo contenido debe identificarse con el domicilio que señala.
○        Domicilio donde vive

### Opción 4
●        Sociedad mercantil

Artículos 4°, fracción III y 17, párrafo primero de la LCM.

A continuación elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con el domicilio que señala.

●        Domicilio social
○        Domicilio en donde se tiene la administración principal de la empresa, ante la irrealidad del domicilio social

### Opción 5
○        Sucursal de sociedad extranjera

Artículos 4°, fracción III y 17, párrafo primero, así como 16 de la LCM.

Al elegir esta opción 5 automáticamente se marcará la frase siguiente, cuyo contenido debe identificarse con el domicilio que señala.

○        Domicilio de la sucursal en donde se tiene la administración principal

**Opción 6**

    ○    Patrimonio fideicomitido

    Artículos 4°, fracción III y 17, párrafo primero, de la LCM así como 381 y 391 de la Ley General de Títulos y Operaciones de Crédito.

    A continuación elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con el domicilio que señala.

    ○    Domicilio social de la fiduciaria

    ○    Domicilio en donde se tiene la administración principal de la actividad empresarial a la que está afecto el patrimonio fideicomitido

Sólo en el evento de haber elegido entre las seis opciones anteriores la de "Sociedad mercantil" y que respecto de esta se actualice alguna de las situaciones que en los dos recuadros siguientes se describen, elija una sola de las opciones pulsando en el botón que antecede al párrafo cuyo contenido se identifica con la situación societaria que guarda y proporcione la información que se solicita.

○ Sociedad mercantil integrante de un grupo societario respecto de la cual se demanda sea declarada en concurso mercantil, sucesivamente respecto de otra(s) integrante(s) del grupo societario conforme al artículo 15 Bis de la LCM:

Elija una sola de las dos opciones siguientes pulsando el botón que antecede al párrafo cuyo contenido se identifica con la información que complementa la descripción de la situación societaria que guarda la sociedad mercantil solicitante y después de la palabra "denominada", escriba la razón social o denominación de la sociedad mercantil a que se refiera.

○ controladora de otra sociedad mercantil denominada
Haga clic aquí para escribir texto.

○ controlada por otra sociedad mercantil denominada
Haga clic aquí para escribir texto.

Después de las palabras "...de la sociedad mercantil...", escriba nuevamente, la denominación o razón social de la persona moral a que hizo referencia en la opción que antecede y después de la palabra "expediente", escriba el número correspondiente.

El domicilio proporcionado como determinante de competencia es el de la sociedad mercantil
Haga clic aquí para escribir texto.
respecto de la cual está previamente presentado un procedimiento de concurso mercantil en ese juzgado, bajo el expediente
Haga clic aquí para escribir texto.
Artículos 4°, fracción III y 17, párrafo segundo de la LCM.

○ Sociedad mercantil integrante de un grupo societario respecto de la cual se demanda sea declarada en concurso mercantil, conjuntamente con otra(s) integrante(s) del grupo societario conforme al artículo 15 Bis de la LCM.

Elija una sola de las dos opciones siguientes pulsando el botón que antecede al párrafo cuyo contenido se identifica con la información que complementa la descripción de la situación societaria que guarda la sociedad mercantil solicitante y escriba la razón social o denominación de la(s) sociedad(es) mercantil(es) a que se refiera, después de la palabra "denominada(s)".

○ controladora de otra(s) sociedad(es) mercantil(es) denominada(s)

Haga clic aquí para escribir texto.

_____

○ controlada por otra sociedad mercantil denominada

Haga clic aquí para escribir texto.

_____

**El domicilio proporcionado como determinante de competencia es de:**

Elija una sola de las tres opciones siguientes pulsando el botón que antecede al párrafo cuyo contenido se identifica con las circunstancias que privan respecto del domicilio que señala.

Sólo en el evento de haber elegido la opción 3, después de la palabra "denominada", escriba la razón social o denominación de la sociedad mercantil a que se refiera.

Opción 1
○ La sociedad solicitante, integrante del grupo societario del que forman parte otras sociedades demandadas conjuntamente y del que es controladora. Artículo 4°, fracción III y 17, párrafo segundo de la LCM.

Opción 2
○ La sociedad solicitante, porque considera que, de todas las integrantes del grupo societario, es la que se ubica primero en los supuestos de los artículos 10, 11 de la LCM. Artículo 4°, fracción III y 17, párrafo tercero de la LCM.

Opción 3
○ Otra sociedad que solicita conjuntamente ser declarada en concurso mercantil, denominada Haga clic aquí para escribir texto., porque se considera que, de todas las integrantes del grupo societario, es la que se ubica primero en los supuestos de los artículos 10, 11 de la LCM. Artículo 4°, fracción III y 17, párrafo tercero de la LCM.

Otros domicilios del comerciante:
Procesal:
Avenida Lázaro Cárdenas Número 435, Edificio Aurum, piso 7, oficina 720, Colonia Residencial Santa Bárbara en San Pedro Garza García, Nuevo León.
Escriba completo el domicilio que, dentro de la jurisdicción del Juzgado de Distrito, debe designar para recibir notificaciones.

Social, oficinas, establecimientos, sucursales, plantas, almacenes y/o bodegas, así como, si se

trata de persona física el domicilio en donde vive:

1. Famsa Colon, Colon # 601, Zona Centro, Monterrey, Nuevo León, C.P. 64000.
2. Famsa Hidalgo Monclova, Hidalgo # 436, Monclova, Coahuila, C.P. 25700.
3. Famsa Félix U. Gómez, Gómez # 960, Centro, Monterrey, Nuevo León, C.P. 64000.
4. Famsa Nueva Rosita, Carranza # 76, Colonia Comercial, Nueva Rosita, Coahuila, C.P. 26850
5. Famsa Linares, Juárez y Allende # 208, Centro, Linares, Nuevo León, C.P. 67700
6. Famsa Santa Catarina          , Manuel Ordoñez # 307, Centro, Santa Catarina, Nuevo León, C.P. 66350
7. Famsa Matamoros, Morelos # 614, Centro, Matamoros, Tamaulipas, Cp. 87300
8. Famsa Valle, Av. San Pedro # 220, Colonia Del Valle, San Pedro Garza, Nuevo León, Cp. 66220
9. Famsa Allende, Allende # 205, Centro, San Luis Potosí, San Luis Potosí, Cp. 78000
10. Famsa Guadalupe, Benito Juárez # 600, Colonia Guerra, Guadalupe, Nuevo León, Cp. 67140
11. Famsa Carranza Tampico, Emilio Carranza # 508, Centro, Tampico, Tamaulipas, Cp. 89000
12. Famsa López Mateos, Cuauhtémoc Y M. J. Cloutier S/N, Unidad Habitacional Adolfo Lopez Mateos, Santa Catarina, Nuevo León, Cp. 66360
13. Famsa Contry, Eugenio Garza Sada # 3755, Colonia Contry, Monterrey, Nuevo León, Cp. 64860
14. Famsa Calzada Independencia, Calzada Independencia Norte # 362, Centro, Guadalajara, Jalisco, Cp. 44100
15. Famsa San Pedro Torreón, Av. Ramos Arizpe # 28, Centro, San Pedro, Coahuila, Cp. 27800
16. Famsa Altamira, Altamira # 309, Centro, Tampico, Tamaulipas, Cp. 89000
17. Famsa Santa María, Av. Pablo Livas # 7500, Colonia Santa María, Guadalupe, Nuevo León, Cp. 67190
18. Famsa Matriz Obregón, Reelección # 905, Centro, Ciudad Obregón, Sonora, Cp. 85000
19. Famsa Colon Reynosa, Colon # 505, Centro, Reynosa, Tamaulipas, Cp. 88500
20. Famsa Francisco, I. Madero Torreón, Av. Hidalgo # 46, Centro, Ciudad Francisco I. Madero, Coahuila Cp27900
21. Famsa Matriz Navojoa, No Reelección Esquina Morelos, Centro, Navojoa, Sonora, Cp. 85800
22. Famsa Hidalgo, Rayón # 207, Centro, Ciudad Hidalgo, Nuevo León, Cp. 65600
23. Famsa Aztlán, Av. Aztlán # 6265, Local 1 Y 2, Residencial Aztlán, Monterrey, Nuevo León, Cp. 64250
24. Famsa Muzquiz Sabinas, Hidalgo # 46, Centro, Muzquiz, Coahuila, Cp. 26340
25. Famsa Matriz Celaya, Blvd Adolfo López Mateos # 556, Centro, Celaya, Guanajuato, Cp. 38000
26. Famsa Matriz Los Mochis, Guillermo Prieto # 222, Centro, Los Mochis, Sinaloa, Cp. 81200
27. Famsa Universidad, Av. Universidad # 300, Centro, San Nicolás De Los Garza, Nuevo León, Cp. 66444
28. Famsa Valle San Carlos, Av. Santo Domingo # 1851, Colonia Valle San Carlos, San Nicolás, Nuevo León, Cp. 66437
29. Famsa Panuco Tampico, Lerdo De Tejada Esquina 5 De Mayo, Centro, Panuco, Veracruz, Cp. 93990
30. Famsa San Juan Del Rio, Blvd. Hidalgo # 72, Centro, San Juan Del Rio, Querétaro, Cp. 76800
31. Famsa Sabinas Hidalgo, Carretera Nacional # 800, Ruta A Laredo, Sabinas Hidalgo, Nuevo León, Cp. 65200
32. Famsa Tezozomoc, Puente 8-A, Manzana 47, Lote 31 Y 32, Colonia Alfredo Baranda, Valle De Chalco, Estado De México, Cp. 56610
33. Famsa Pérez Treviño Saltillo, Manuel Pérez Treviño # 248, Centro, Saltillo, Coahuila, Cp. 25000
34. Famsa 16 De Septiembre, 16 De Septiembre # 230, Centro, Guadalajara, Jalisco, Cp. 44100
35. Famsa Zapopan, Ramón Corona #12, Esquina Pinos, Centro, Zapopan, Jalisco, Cp. 45100
36. Famsa Polanco, Longinos Cadena # 2131, Colonia Polanco, Guadalajara, Jalisco, Cp. 44960
37. Famsa Madero Tampico, Primero De Mayo # 404, Centro, Ciudad Madero, Tamaulipas, Cp. 89400
38. Famsa Eloy Cavazos, Av. Eloy Cavazos # 440, Colonia 12 De Mayo, Guadalupe, Nuevo León, Cp. 67180
39. Famsa Dos Poniente Puebla,          Dos Poniente # 906, Centro, Puebla, Puebla, Cp. 72000
40. Famsa Rio Nilo, Rio Nilo # 7540, Colonia Villas De Oriente, Tonalá, Jalisco, Cp. 45400
41. Famsa Pino Suarez León, Pino Suarez # 209 A, Centro, León, Guanajuato, Cp. 37000
42. Famsa Escobedo, Av. Raúl Salinas Lozano # 777, Escobedo, Nuevo León, Cp66056
43. Famsa Los Ángeles, Félix U. Gómez # 4100, Local F, Colonia Juana De Arco, Monterrey, Nuevo León, Cp. 64000
44. Famsa Huatabampo Navojoa, Hidalgo # 7, Centro, Huatabampo, Sonora, Cp. 85900
45. Famsa Tecnológico Cd Juárez, Av. Ejercito Nacional 2701-F, Colonia Del Márquez, Ciudad Juárez, Chihuahua, Cp. 32607
46. Famsa Arboledas Irapuato, Arboledas # 1200, Colonia San Miguelito, Irapuato, Guanajuato, Cp. 36556
47. Famsa Industrial Piedras Negras, Carretera 57 # 203, Esq Av. Industrial, Colonia Venustiano Carranza, Piedras Negras, Coahuila, Cp. 26070
48. Famsa Tacuba          Arcos, Calzada México-Tacuba # 549, Colonia Popotla, Alcaldía Miguel Hidalgo, Ciudad De México, Cp. 11400
49. Famsa Arcos De Belén, Arcos De Belem # 30, Colonia Doctores, Alcaldía Cuauhtémoc, Ciudad De México, Cp. 6720
50. Famsa Mixcoac, Molino # 18, Colonia Mixcoac, Alcaldía Benito Juárez, Ciudad De México, Cp. 3910
51. Famsa Centenario, Av. Centenario # 1227, Colonia Azcapotzalco, Alcaldía Gustavo A. Madero, Ciudad De México, Cp. 7040
52. Famsa Plaza Grande Hermosillo, Periférico Pte Equina Con Tepic, Colonia Álvaro Obregón, Hermosillo, Sonora, Cp. 83170
53. Famsa La Fama, Hidalgo # 202 Interior F, Colonia La Fama, Santa Catarina, Nuevo León, Cp. 66100
54. Famsa Santa Cruz, Carretera Monterrey-Reynosa # 101, Local F, Colonia 29 De Julio, Guadalupe, Nuevo León, Cp 67196
55. Famsa Pantitlán, Av. México # 247 Esq Pantitlán, Colonia Raúl Romero, Nezahualcóyotl, Estado De México, Cp. 57630
56. Famsa Contreras, Av. México # 1341, Colonia San Nicolás Totoloapan, Alcaldía Magdalena Contreras, Ciudad De México, Cp. 10900
57. Famsa Portales, Ajusco # 3, Colonia Portales, Alcaldía Benito Juárez, Ciudad De México, Cp. 3300
58. Famsa La Viga, Calzada De La Viga # 1800, Colonia Héroes De Churubusco, Alcaldía Iztapalapa, Ciudad De México, Cp. 9090
59. Famsa Gustavo Baz, Av. Gustavo Baz # 213,Colonia Benito Juárez, Nezahualcóyotl, Estado De México, Cp. 57000
60. Famsa San Bernabé, Av. Solidaridad # 6601, Colonia San Bernabé, Monterrey, Nuevo León, Cp. 64100
61. Famsa Matriz Guaymas, Av. Serdán # 24 Y Calle 17, Centro, Guaymas, Sonora, Cp. 85400
62. Famsa Lomas Lourdes Saltillo, Blvd. Luis Echeverría, Colonia Lomas De Lourdes, Saltillo, Coahuila, Cp. 25090
63. Famsa Chimalhuacán, Av. Chimalhuacán # 277, Colonia Benito Juárez, Nezahualcóyotl, Estado De México, Cp. 57000
64. Famsa Puebla Sur, Cuatro Sur # 902, Centro, Puebla, Puebla, Cp. 72000
65. Famsa Matriz Morelia, L Cárdenas # 1400, Colonia Ventura Puente, Morelia, Michoacán, Cp. 58020
66. Famsa Zaragoza Querétaro, Av. Zaragoza # 263, Centro, Querétaro, Querétaro, Cp. 76000
67. Famsa Antonio Plaza Celaya, Antonio Plaza # 319, Centro, Celaya, Guanajuato, Cp. 38000
68. Famsa Ruiz Cortínez, Ruiz Cortínez # 600, Local F, Colonia León, Guadalupe, Nuevo León, Cp. 67120
69. Famsa Naucalpan, Del Parque # 12, Centro, Naucalpan De Juárez, Estado De México, Cp. 53000
70. Famsa Cuajimalpa, Ocampo # 74, Colonia Centro, Alcaldía Cuajimalpa, Ciudad De México, Cp. 5000
71. Famsa La Estanzuela, Carretera Nacional # 7877, Local F, Colonia La Estanzuela, Monterrey, Nuevo León, Cp. 64988
72. Famsa Muñoz S.L.P., Av. Muñoz # 650-1, Colonia Albino García, San Luis Potosí, San Luis Potosí, Cp. 78153
73. Famsa M. Aleman, Blvd Miguel Alemán # 312, Centro, León, Guanajuato, Cp. 37000
74. Famsa Lerdo De Tejada, Av. Aldama Oriente # 169, Colonia Centro, León, Durango, Cp. 35150
75. Famsa Plaza Cadereyta, Juárez # 115, Centro, Cadereyta, Nuevo León, Cp. 67450
76. Famsa Matriz Culiacán, Av. Domingo Rubí Esq Francisco I. Madero, Centro, Culiacán, Sinaloa, Cp. 80000
77. Famsa San Ángel, Dr. Gálvez # 25, Colonia San Ángel, Alcaldía Álvaro Obregón, Ciudad De México, Cp. 1000
78. Famsa Atizapán, Santiago Tianguistengo # 14 Y 16, Colonia Ciudad López Mateos, Atizapán De Zaragoza, Estado De México, Cp. 52900
79. Famsa El Paseo San Luis Potosí, Dr. Salvador Nava M. # 405, Local 38-43, Colonia Del Paseo, San Luis Potosí, San Luis Potosí, Cp. 78320
80. Famsa Sanders Cd Juárez, Av. Eduardo Sanders #1551-B-10, Colonia El Barreal, Ciudad Juárez, Chihuahua, Cp. 32040
81. Famsa Rio Bravo, Francisco I. Madero #4170, Colonia Del Valle, Rio Bravo, Tamaulipas, Cp. 88980
82. Famsa Plaza Periférico, Carretera Reynosa-Monterrey # 1000, Colonia Lomas Del Real De Jarachinas, Reynosa, Tamaulipas, Cp. 88730

83.  Famsa Juárez,        Juárez # 950, Centro, Valle Hermoso, Tamaulipas, Cp. 87500
84.  Famsa Américas, Av. Circunvalación # 611, Colonias Las Américas, Aguascalientes, Aguascalientes, Cp. 20230
85.  Famsa A Serdán, Aquiles Serdán Y Zaragoza, Centro, Mazatlán, Sinaloa, Cp. 82000
86.  Famsa Hidalgo Reynosa, Blvd Hidalgo Km 101, Colonia Las Fuentes, Reynosa, Tamaulipas, Cp. 88710
87.  Famsa Mazatlán, Av. Ejercito Mexicano # 1000, Colonia Estación San Ángel, Mazatlán, Sinaloa, Cp. 82010
88.  Famsa Tijuana, Av. Díaz Mirón # 8050, Centro Tijuana, Baja California Norte, Cp. 22000
89.  Famsa Alianza Torreón, Av. Morelos # 1747, Centro, Torreón, Coahuila, Cp. 27000
90.  Famsa Cinco De Mayo, Av. 5 De Mayo # 247, Colonia Centro, Veracruz, Veracruz, Cp. 91700
91.  Famsa Plaza Cristal, Av. Prolongación Díaz Mirón, Fraccionamiento Florestal, Veracruz, Veracruz, Cp. 91940
92.  Famsa Casas Alemán, Puerto De Acapulco # 61, Colonia Casas Alemán, Alcaldía Gustavo A. Madero, Ciudad De México,
     Cp. 7960
93.  Famsa Tacubaya, Martires De La Conquista # 8, Colonia Tacubaya, Alcaldía Miguel Hidalgo, Ciudad De México, Cp. 11870
94.  Famsa Ermita, Ermita Iztapalapa # 1696-B, Colonia Barrio San Miguel, Alcaldía Iztapalapa, Ciudad De México, Cp. 9360
95.  Famsa Benito Juárez, Juárez # 203, Centro, Chihuahua, Chihuahua, Cp. 31000
96.  Famsa Silvestre Terrazas, Silvestre Terrazas # 9000-B, Colonia Los Pinos, Chihuahua, Chihuahua, Cp31416
97.  Famsa Industria, Industrias # 1559, Colonia San Juan Bosco, Guadalajara, Jalisco, Cp. 44730
98.  Famsa Matamoros, Lauro Villar #1219 Y M. Capista, Colonia Mexico Agrario, Matamoros, Tamaulipas, Cp. 87440
99.  Famsa Díaz Mirón, Calzada Díaz Mirón # 405, Centro, Tampico, Tamaulipas, Cp. 89000
100. Famsa Taxqueña, Av. Taxqueña # 2391, Colonia San Antonio Culhuacán, Alcaldía Iztapalapa, Ciudad De México, Cp.
     9800
101. Famsa Central    Ecatepec, Av. Central # 229, Colonia Valle De Aragón, Ecatepec, Estado De México, Cp. 55280
102. Famsa Porvenir, Manuel J. Clouhtier # 450, Local 36, Fraccionamiento Rio Grande, Ciudad Juárez, Chihuahua, Cp. 32574
103. Famsa Valle Verde, Av. Lincoln # 670, Colonia Unidad Valle Verde, Monterrey, Nuevo León, Cp. 64360
104. Famsa Uruapan, Emilio Carranza # 13, Colonia Centro, Uruapan, Michoacán, Cp. 60000
105. Famsa Coatzacoalcos, Av. Juárez # 303, Colonia Centro, Coatzacoalcos, Veracruz, Cp. 96400
106. Famsa San Vicente, Francisco I. Madero, Lote 10, Manzana 4, Colonia Revolución, Chicoloapan, Estado De México, Cp.
     56370
107. Famsa Molinito, Av. El Molinito # 18, Colonia El Molinito, Naucalpan De Juárez, Estado De México, Cp. 53530
108. Famsa Ecatepec, Av. Morelos # 410, Colonia Centro, Ecatepec, Estado De México, Cp. 55024
109. Famsa Agrícola Oriental, Oriente 253 # 458, Colonia Agrícola Oriental, Alcaldía Iztacalco, Ciudad De México, Cp. 8500
110. Famsa Revolución Uruapan, Paseo Revolución # 3753, Colonia Zumpimito, Uruapan, Michoacán, Cp. 60190
111. Famsa Cucapah Tijuana, Blvd. Cucapah # 21352, Local 11, Colonia Jardín Dorado, Tijuana, Baja California Norte, Cp.
     22000
112. Famsa Matriz Plaza Colima, Ma. Ahumada De Gómez # 371, Colonia Campestre, Villa De Álvarez, Colima, Cp. 28988
113. Famsa Soriana Culiacán, Emiliano Zapata, Locales 6, 7 Y 8, Colonia Francisco Villa, Culiacán, Sinaloa, Cp. 80110
114. Famsa Sor Juana Inés, Ermita    Sor Juana Inés De La Cruz 553 Y 555, Colonia Benito Juárez, Nezahualcóyotl,
     Estado De México, Cp. 57700
115. Famsa Plaza Fiesta Matamoros, Prolongación Del Sauto # 22, Fraccionamiento Moderno, Matamoros, Tamaulipas, Cp.
     87300
116. Famsa Centro Azcapotzalco, Tizoc # 10, Colonia Villa Azcapotzalco, Alcaldía Azcapotzalco, Ciudad De México, Cp. 2000
117. Famsa Centro Tultitlan, Ayuntamiento # 7, Colonia Centro, Tultitlan, Estado De México, Cp. 54900
118. Famsa Centro Chalco, Enseñanza Técnica # 5, Colonia Centro Chalco, Estado De México, Cp. 56600
119. Famsa Santo Domingo Coyoacán, Anacahuita # 237, Colonia Pedregal Santo Domingo, Alcaldía Coyoacán, Ciudad De
     México, Cp. 4369
120. Famsa Cd Victoria, Aldama # 902, Colonia Morelos, Ciudad Victoria, Tamaulipas, Cp. 87050
121. Famsa Centro Texcoco, Av. Juárez # 115, Colonia Centro, Texcoco, Estado De México, Cp. 56100
122. Famsa Cuernavaca, Av. Morelos # 317, Colonia Santa María, Cuernavaca, Morelos, Cp. 62000
123. Famsa Lorenzo Tezonco, Av. Tláhuac # 1634, Colonia San Lorenzo Tezonco, Alcaldía Iztapalapa, Ciudad De México, Cp.
     9000
124. Famsa Mante, Vicente Guerrero # 900, Colonia Villa Juárez, El Mante, Tamaulipas, Cp. 89800
125. Famsa Villa De Las Flores, Blvd Coacalco S/N, Colonia Villa De Las Flores, Coacalco, Estado De México, Cp. 55700
126. Famsa Guerrero, Guerrero Y Madero # 1404, Centro, Nuevo Laredo, Tamaulipas, Cp. 88000
127. Famsa Izcalli, Av. Jiménez Cantú # 410, Colonia Centro Urbano, Cuautitlán, Estado De México, Cp. 54750
128. Famsa Jardines Morelos Ecatepec, Av. Central # 615, Colonia Jardín De Morelos, Ecatepec, Estado De México, Cp.
     55070
129. Famsa Villa Nicolás Romero,        Av. 16 De Septiembre # 11, Colonia Villa Nicolás Romero, Nicolás Romero, Estado
     De México, Cp. 54400
130. Famsa Hacienda Los Morales       , Mario J. Montemayor # 1030, Colonia Hacienda Los Morales, San Nicolás De Los
     Garza, Nuevo León, Cp. 66495
131. Famsa Plaza Del Parque, Blvd Norte # 1101, Local 55, Colonia Cuauhtémoc, Puebla, Puebla, Cp. 72243
132. Famsa La Juventud, Periférico De La Juventud # 9907, Colonia Ignacio Allende, Chihuahua, Chihuahua, Cp. 31129
133. Famsa Tamatan, Calzada Luis Caballero # 250, Col Zozaya, Ciudad Victoria, Tamaulipas, Cp. 87000
134. Famsa Vallarta, Av. Vallarta # 4704, Colonia Granjas, Chihuahua, Chihuahua, Cp. 31160
135. Famsa Guamúchil, Victoria # 426, Colonia Centro, Guamúchil, Sinaloa, Cp. 81400
136. Famsa Cerro Gordo, Av. México Manzana 48, Lote 1, Colonia Jardín De Cerro Gordo, Ecatepec, Estado De México, Cp.
     55100
137. Famsa Los Pinos,        Blvd. Díaz Ordaz # 303, Colonia Jardines De La Mesa, Tijuana, Baja California Norte, Cp.
     22680
138. Famsa La Mesa, Blvd Díaz Ordaz # 3560, Fraccionamiento Pinos Agüero, Tijuana, Baja California, Cp. 22450
139. Famsa Toluca Tollocan, Paseo Tollocan Ote # 603, Colonia San Sebastián, Toluca De Lerdo, Estado De México, Cp.
     50090
140. Famsa Cuautepec, Juventino Rosas # 238, Colonia Cuautepec Barrio Alto, Alcaldía Gustavo A. Madero, Ciudad De
     México, Cp. 7100
141. Famsa Los Reyes, Carretera México-Puebla Libre Km 18 ½, Emiliano Zapata, Los Reyes La Paz, Estado De México, Cp.
     56490
142. Famsa Pachuca, Blvd. Luis Donaldo Colosio 1501, Colonia Venta Prieta, Pachuca De Soto, Hidalgo, Cp. 42080
143. Famsa Zumpango, Jesús Carranza # 11, Colonia Barrio San Juan Zumpango, Zumpango, Estado De México, Cp. 55600
144. Famsa Cervantes, Av. Colon # 14701, Colonia Paseo De Chihuahua, Chihuahua, Chihuahua, Cp. 31105
145. Famsa Solidaridad, Av. Luis Donaldo Colosio # 901, Colonia Ciudad Solidaridad, General Escobedo, Nuevo León, Cp.
     66050
146. Famsa Tlaquepaque, Av. Rio Nilo # 2300, Colonia Prados Del Nilo, Tlaquepaque, Jalisco, Cp. 44100
147. Famsa Plaza Independencia, Calzada Independencia # 3295, Colonia Flores Magón, Guadalajara, Jalisco, Cp. 44300
148. Famsa H. Colegio Militar, Blvd. Francisco I. Madero S/N, Colonia Las Vegas, Culiacán, Sinaloa, Cp. 80090
149. Famsa Toluca Centro, Av. Benito Juárez Sur # 112, Colonia Centro, Toluca De Lerdo, Estado De México, Cp. 50000
150. Famsa Gómez Palacio, Periférico Torreón-Gómez Palacio km 6.7, fraccionamiento Hamburgo, Ciudad Gómez Palacio,
     Durango, Cp. 35000
151. Famsa Perisur, Carretera a La Colorada Y Periférico Sur, Colonia Valle De Seris, Hermosillo, Sonora, Cp. 83000
152. Famsa Gaona, J.J. Torres Landa # 305-D, Esquina Prolongación, León, Guanajuato, Cp. 37390
153. Famsa Coyolt, Eje Sur 1 Poniente # 101, Fraccionamiento Del Coyolt, Veracruz, Veracruz, Cp. 91713
154. Famsa Morelos Rio, Blvd. Morelos # 501, Colonia Antonio J. Bermúdez, Reynosa, Tamaulipas, Cp. 88727
155. Famsa Carrizo, Revolución # 7300, Colonia Buena Vista, Nuevo Laredo, Tamaulipas, Cp. 88000
156. Famsa Los Fresnos, Av. Año De La Mujer esquina con Av. Del Triunfo, Colonia Los Fresnos, San Nicolás De Los Garza,
     Nuevo León, Cp. 66478

157. Famsa Plaza Los Encinos, Nuevo León S/N, Interior 11, Plaza Los Encinos, Tecate, Baja California, Cp. 21460
158. Famsa Chimalhuacán, Nezahualcóyotl S/N, Colonia Centro, Chimalhuacán, Estado de México, Cp. 56330
159. Famsa Ticoman, Av Ticoman # 1231, Colonia Santa María Ticoman, Alcaldía Gustavo A. Madero, Ciudad de México, Cp. 7000
160. Famsa Inguaran, Inguaran # 3719 Y 3717, Colonia Emiliano Zapata, Alcaldía Gustavo A. Madero, Ciudad de México, Cp. 7858
161. Famsa Las Torres, Av. Municipio Libre 555, Local 56, Colonia Loma Bella, Puebla, Puebla, Cp. 72480
162. Famsa Tijuana, Lázaro Cárdenas 405, Interior 8-D, Colonia La Mesa, Tijuana, Baja California, Cp. 22450
163. Famsa Tlalnepantla, Av. Hidalgo # 12, Colonia Centro, Tlalnepantla De Baz, Estado de México, Cp. 54000
164. Famsa Torreón Juárez, Av. Juárez Y Xochimilco S/N, Colonia Villa California, Torreón, Coahuila, Cp. 27089
165. Famsa Tecnológico, Blvd. Rodríguez Triana S/N, Colonia Villas La Merced, Torreón, Coahuila Cp. 27274
166. Famsa Zaragoza Tampico, Hidalgo # 206, Centro, Altamira, Tamaulipas, Cp. 89600
167. Famsa Jiménez, Jiménez # 700-A, Colonia Las Fuentes, Piedras Negras, Coahuila, Cp. 26010
168. Famsa Victoria, Victoria # 757 Sur, Colonia Centro, Gómez Palacio, Durango, Cp. 35000
169. Famsa Acueducto De Guadalupe, Av. Luis Espinoza Manzana 8, Lote 35, Colonia Solidaridad Nacional, Alcaldía Gustavo A. Madero, Ciudad de México, Cp. 7268
170. Famsa 5 De Febrero , 5 De Febrero # 112 Poniente, Centro Durango, Durango, Cp. 34000
171. Famsa Ejercito Mexicano, Ejercito Mexicano # 1408, Colonia Arcim, Tampico, Tamaulipas, Cp. 89136
172. Famsa Santiago Blancas, Santiago Blancas # 474, Colonia Praderas Del Sur, Ciudad Juárez, Chihuahua, Cp. 32250
173. Famsa Sendero, Profesor Alfonso Reyes Y Av. Sendero, General Escobedo, Nuevo León, Cp. 66050
174. Famsa Bahía, Av. Reforma Interior 4, Av. Cortez Y Narciso Mendoza, Ensenada, Baja California, Cp. 22850
175. Famsa Cd Guzmán, Federico Del Toro # 166, entre López Rayón e Independencia, Ciudad Guzmán, Jalisco, Cp. 49000
176. Famsa Serdán, Plutarco E. Calles Y Guerrero, Centro, Hermosillo, Sonora, Cp. 83000
177. Famsa Plaza Oriente, Prolongación Plutarco E. Calles # 2551, Colonia Dr. Alfonso Ortiz Tira, Alcaldía Iztapalapa, Ciudad de México, Cp. 9020
178. Famsa Montemorelos, Progreso # 309,Centro, Montemorelos, Nuevo León, Cp. 67500
179. Famsa Valle De Santiago, Av. Álvaro Obregón # 109, Centro, Valle Santiago, Guanajuato, Cp. 38400
180. Famsa Valles, Miguel Hidalgo # 445, Centro, Ciudad Valles, San Luis Potosí, Cp. 79000
181. Famsa Poza Rica, Blvd. Ruiz Cortines 1705, Colonia México, Poza Rica Hidalgo, Veracruz, Cp. 93310
182. Famsa Villahermosa, Blvd. A Ruiz Cortines # 801-B, fraccionamiento Arboledas Villahermosa, Tabasco, Cp. 86097
183. Famsa Zacatecas, Av. Hidalgo # 342-344, Centro, Zacatecas, Zacatecas, Cp. 98000
184. Famsa Tonalá, Francisco I. Madero # 66, Centro, Tonalá, Jalisco, Cp. 45400
185. Famsa Sabinas, Madero # 299, entre 1 Mayo y 5 Mayo, Sabinas, Coahuila, Cp. 26700
186. Famsa San Cosme, Rivera De San Cosme # 33, Colonia Santa María La Rivera, Alcaldía, Cuauhtémoc, Ciudad de México, Cp. 6400
187. Famsa Plaza Las Torres, Av. Las Torres 211-B, fraccionamiento Valle Del Bravo Ciudad Juárez, Chihuahua, Cp. 32573
188. Famsa Teapa, Gregorio Méndez # 212, Centro, Teapa, vasco, Cp. 86800
189. Famsa Madero León, Francisco I. Madero # 306, 308 y 310, Colonia Centro, León, Guanajuato, Cp. 37000
190. Famsa 5 De Mayo, 5 De Mayo # 319, Esq. Calle Unión, Centro, Aguascalientes, Aguascalientes, Cp. 20000
191. Famsa Tecámac, Carretera Federal México-Pachuca Km 34, Manzana 1, Villas Del Real, Tecámac, Estado de México, Cp. 55740
192. Famsa Plaza Fiesta, Av. Himno Nacional 4005, Lote 10-12, Colonia Himno Nacional, San Luis Potosí, San Luis Potosí, Cp. 78280
193. Famsa Usumacinta, Paseo Usumacinta S/N, Colonia Tabasco 2000, Villahermosa, Tabasco, Cp. 86100
194. Famsa Comalcalco, Gregorio Méndez S/N, Centro, Comalcalco, Tabasco, Cp. 86300
195. Famsa Cárdenas, Reyes Hernández S/N, Centro Cárdenas, Tabasco, Cp. 86500
196. Famsa Cruz Del Sur, Forjadores De Puebla # 1009, Cuautlancingo, Puebla, Cp. 72700
197. Famsa Anáhuac, Calzada Anáhuac # 298, Desarrollo Urbano, Baja California, Baja California, Cp. 21219
198. Famsa Madero, Av. Hidalgo Oriente # 1202, Centro, Ciudad Victoria, Tamaulipas, Cp. 87000
199. Famsa Clavijero, Javier Clavijero # 45, Centro, Xalapa, Veracruz, Cp. 91010
200. Famsa Las Quintas, Camino Los Lermas # 610, Colonia Valle Hermoso, Sector 1, Guadalupe, Nuevo León, Cp. 67160
201. Famsa Macuspana, José N. Rovirosa # 69, Centro, Macuspana, Tabasco, Cp. 86700
202. Famsa Independencia, Independencia S/N Esq. Yucatán, Colonia San Francisco, Los Mochis, Sinaloa, Cp. 81230
203. Famsa Cuautla, José Perdiz # 13, Centro, Cuautla, Morelos, Cp. 62740
204. Famsa Sun Mall, Av. Pablo Livas # 760, Ancla 1, Colonia Tres Caminos, Guadalupe, Nuevo León, Cp. 67190
205. Famsa Huehuetoca, Av. Huehuetoca Lote 1234, Colonia Ex-Hacienda San Miguel, Cuautitlán Izcalli, Estado de México, Cp. 54715
206. Famsa Ermita, Calzada Ermita Iztapalapa 1777, Colonia San Miguel 8a Ampliación, Alcaldía Iztapalapa, Ciudad de México, Cp. 9837
207. Famsa Buganvilias, Carretera San Luis Valles 314, Colonia Buganvilias, Soledad G. Schez, San Luis Potosí, Cp. 78436
208. Famsa Ixtapaluca, Carretera Federal México-Cuautla, Colonia Santa Bárbara, Ixtapaluca, Estado de México, Cp. 56538
209. Famsa Pedregal, Calzada Industrial Palaco 3900, Colonia Valle De Puebla, Mexicali, Baja California, Cp. 21384
210. Famsa Nuevo Mexicali, Calzada General L. Cárdenas # 2619, Colonia Compuertas, Mexicali, Baja California, Cp. 21218
211. Famsa Paseo De Altamira, Blvd. Ignacio Allende # 403, Centro, Altamira, Tamaulipas, Cp. 89600
212. Famsa Solidaridad, Blvd. Solidaridad # 834, Colonia El Encanto, Hermosillo, Sonora, Cp. 83117
213. Famsa Sendero, Av. Benito Juarez #2000-Q, Colonia Estrella De Oriente, San Luis Potosí, San Luis Potosí, Cp. 78390
214. Famsa Las Palmas, Morelos # 401, Centro, Cuernavaca, Morelos, Cp. 62000
215. Famsa Universidad , Carretera Pachuca-Tulancingo #1000, Colonia Abundio Martínez, Mineral Reforma, Hidalgo, Cp. 42184
216. Famsa Santa Lucia, Carretera Traspeninsular # 135, Colonia Carlos Pacheco, Ensenada, Baja California, Cp. 22830
217. Famsa Bella Vista Mall, Rodolfo Elías Calles Pte 1736, Colonia Bellavista Ciudad Obregón, Sonora, Cp. 85130
218. Famsa Molinete, Carretera A Reynosa 2301, Locales G-H, Colonia Santa María, Guadalupe, Nuevo León, Cp. 67190
219. Famsa San José Valle, Concepción Del Valle # 6800, Colonia San José Del Valle, Tlajomulco de Zúñiga, Jalisco, Cp. 45640
220. Famsa Guadalajara, Comonfort # 317, Lotes 02, 03 Y 04, Colonia Santa María Tequepexpan, Guadalajara, Jalisco, Cp. 44610
221. Famsa Nogalera, Periférico Luis Echeverría # 2545, Colonia Lourdes, Saltillo, Coahuila, Cp. 25070
222. Famsa San Roque, Av. Eloy Cavazos #101-A, Colonia Valle De Juárez, Ciudad Juárez, Chihuahua, Cp. 67289
223. Famsa Nogales Mall, El Greco # 45-S 4, Colonia Greco Colosio, Nogales, Sonora, Cp. 84066
224. Famsa Zacatecas, Blvd. López Mateos # 309, Centro, Zacatecas, Zacatecas, Cp. 98000
225. Famsa Carrasco, Juan Carrasco S/N, Centro, Guasave, Sonora, Cp. 81000
226. Famsa Coatzacoalcos, Universidad Veracruzana Km 7, Colonia Santa Isabel, Coatzacoalcos, Veracruz, Cp. 96530
227. Famsa Insurgentes, Insurgentes # 18015 5 a 10, Colonia Río Tijuana 3ra Etapa, Tijuana, Baja California, Cp. 22226
228. Famsa Mayorazgo, 11 Sur # 10162 / 95 Y 105 poniente, Colonia Los Pinos, Puebla, Puebla, Cp. 72240
229. Famsa Sendero Toluca, Blvd. Miguel Alemán # 55-F, Colonia Parque Industrial Lerma, Lerma, Estado de México, Cp. 52000
230. Famsa Plaza Paseo Minatitlán, Institutos Tecnológicos # 268, Colonia Nueva Mina Norte, Minatitlán, Veracruz, Cp. 96734
231. Famsa Plaza Las Brisas, Rafael Cuervo # 1150, Colonia Ejido Vergara Tarimoya, Veracruz, Cp. 91855
232. Famsa Plaza Comercial Acuña, Emilio Mendoza Cisneros # 1300, Colonia Parque Industrial Amista, Ciudad Acuña, Coahuila, Cp. 26220
233. Famsa Sendero Querétaro, Av. Revolución # 99, Local G, Colonia El Roció, Santiago, Querétaro, Cp. 76114
234. Famsa Diamante, Josefa Ortiz De Domínguez # 111, Lote 1-6, Colonia Jardines De San Francisco, San Francisco Del Rincón, Guanajuato, Cp. 36330

| | |
|---|---|
| 235. | Famsa Tepeji Del Rio, Carretera México-Querétaro # 41-J 01, Colonia San Mateo 1ra Sección, Tepeji Del Rio, Hidalgo, Cp. 42850 |
| 236. | Famsa Pozuelos, Pozuelos # Circuito Interior 1, Colonia Barrio Pozuelos Zona V, Guanajuato, Guanajuato, Cp. 36080 |
| 237. | Famsa Libertad, División Del Golfo # 3000, Colonia Libertad, Ciudad Victoria, Tamaulipas, Cp. 87019 |
| 238. | Famsa Las Torres, Blvd. Juan A. De Torres 1315-7, Colonia San José Del Consuelo, León, Guanajuato, Cp. 37200 |
| 239. | Famsa Plaza Sendero, Av. Constituyentes #300, Fraccionamiento Quinta Real, Matamoros, Tamaulipas, Cp. 87345 |
| 240. | Famsa Sendero Saltillo, Carretera a Los González # 365, Colonia San José De Los Cerritos, Saltillo, Coahuila, Cp. 25299 |
| 241. | Famsa Multiplaza Lincoln, Av. Lincoln S/N Interior 4, Barrio De Chapultepec, Monterrey, Nuevo León, Cp. 64208 |
| 242. | Famsa Falcón, Falcon # 378, Blanco/Trevino, Centro, Torreón, Coahuila, Cp. 27000 |
| 243. | Famsa La Fe, Av. Rómulo Garza # 410, Colonia La Fe, San Nicolás de los Garza, Nuevo León, Cp. 66477 |
| 244. | Famsa Santa Fe, Oriente # 7002, Interior 8, Lomas Del Mar, Tijuana, Baja California, Cp. 22564 |
| 245. | Famsa Gran Patio Zaragoza, Blvd. Zaragoza # 6008, Colonia Parque Industrial Zaragoza, Ciudad Juárez, Chihuahua, Cp. 32685 |
| 246. | Famsa Bordo De Xochiaca, Bordo De Xochiaca S/N Manzana 589, Colonia Tlatelco, Chimalhuacan, Estado de México, Cp. 56355 |
| 247. | Famsa Oasis        Tijuana, Blvd. Real De Baja California # 23911, SA-1 Real De San Francisco, Tijuana, Baja California, Cp. 22236 |
| 248. | Famsa Plaza Las Américas, Central S/N Sub Ancla 1, conjunto Urbano Las Américas, Ecatepec, Estado de México, Cp. 55075 |
| 249. | Famsa Héroes Tecámac, Felipe Villanueva S/N SA-01, Colonia Los Héroes Tecámac Sección III, Tecámac, Estado de México, Cp. 55760 |
| 250. | Famsa La Luna, Central S/N Local 6, Cuernavaca, Morelos, Cp. 62430 |
| 251. | Famsa Actopan, Carretera México-Laredo Km 120-118A, Colonia Canadá Aviación, Actopan, Hidalgo, Cp. 42500 |
| 252. | Famsa Plaza San Isidro, Blvd. Bosque De San Isidro S/N, Colonia Zapopan Norte, Zapopan, Jalisco, Cp. 45130 |
| 253. | Famsa Boulevard Madero, Blvd. Francisco I. Madero # 14, Colonia Madero, Francisco I. Madero, Coahuila, Cp. 27900 |
| 254. | Famsa Allende, Carretera Nacional 201 Norte, Colonia San Javier, Allende, Nuevo León, Cp. 67350 |
| 255. | Famsa Sun Mall Vip, Carretera Reynosa Lote 76 # 1800, Paseo Del Prado, Juárez, Nuevo León, Cp. 67250 |
| 256. | Famsa Diagonal, Diagonal 33 # 228, Colonia Itzimna 108, Mérida, Yucatán, Cp. 97143 |
| 257. | Famsa Villa De García, Av. Las Villas # 100 Exterior, Colonia Privada De Las Villas, García, Nuevo León, Cp. 66000 |
| 258. | Famsa Los Ébanos, Av. La Concordia # 800 Exterior, Colonia Los Ébanos, Apodaca, Nuevo León, Cp. 66612 |
| 259. | Famsa Valle Soleado, Av. Prolongación Ruiz Cortinez 450 Oriente, Colonia Valle Soleado, Guadalupe, Nuevo León, Cp. 67114 |
| 260. | Famsa Fuentes Mares, Blvd. José Fuentes Mares # 8420, Colonia Mármol, Chihuahua, Chihuahua, Cp. 31065 |
| 261. | Famsa Paseo Reforma, Av. Reforma # 5601, Colonia Fraccionamiento Las Alamedas, Nuevo Laredo, Tamaulipas, Cp. 88275 |
| 262. | Famsa Santos Degollado, Rinconada Castañeda León # 101, Centro, Irapuato, Guanajuato, Cp. 36500 |
| 263. | Famsa Las Américas, Blvd. Francisco Villa # 730, Colonia Guadalupe, Durango, Durango, Cp. 34220 |
| 264. | Famsa Madero, Av. Madero Sur Poniente Y Cuautla # 50, Centro, Morelia, Michoacán, Cp. 58000 |
| 265. | Famsa Corregidora, Corregidora # 112, Centro, Morelia, Michoacán, Cp. 58000 |
| 266. | Famsa Palmira, Isla De Tris # 7, Centro, Ciudad Del Carmen, Campeche, Cp. 24140 |
| 267. | Famsa Tamazunchale, Av. Juárez 127, Colonia San Miguel, Tamazunchale, San Luis Potosí, Cp. 79960 |
| 268. | Famsa Sendero Mérida, Calle 14 # 70, Colonia Chuminopolis, Mérida, Yucatán, Cp. 97158 |
| 269. | Famsa Plaza Bella Valladolid, Calle 42 # 2909, Centro, Valladolid, Yucatán, Cp. 97780 |
| 270. | Famsa Colima, Hidalgo # 67, Centro, Colima, Colima, Cp. 28000 |
| 271. | Famsa Cuauhtémoc, Morelos # 925, Centro, Cuauhtémoc, Chihuahua, Cp. 31500 |
| 272. | Famsa Sendero Ecatepec, Carretera México-Tepexpan # 8, Colonia San Isidro Atlautenco, Ecatepec, Estado de México, Cp. 55064 |
| 273. | Famsa Huinala, Gaspar Castano 101, Colonia Lomas Del Pedregal, Apodaca, Nuevo León, Cp. 66648 |
| 274. | Famsa Puerto Vallarta, Av. Francisco Villa # 1526, Colonia Los Sauces, Puerto Vallarta, Jalisco, Cp. 48328 |
| 275. | Famsa Piedras Negras Chimalhuacán, Nezahualcóyotl S/N, Colonia Santa María Nativitas, Chimalhuacán, Estado de México, Cp. 56330 |
| 276. | Famsa Plaza Tepazones, Paseo De Tepozán # 3, Colonia Floresta, Los Reyes La Paz, Estado de México, Cp. 56420 |
| 277. | Famsa Tulum, Tulum S/N, Colonia Supermanzana 2ª, Benito Juárez, Quintana Roo, Cp. 77505 |
| 278. | Famsa Allende, Allende # 41, Centro, San José Iturbide, Guanajuato, Cp. 37980 |
| 279. | Famsa León, 5 De Mayo # 208, Centro, León, Guanajuato, Cp. 37000 |
| 280. | Famsa Zuazua,    Carretera General De Zuazua # 131, Colonia Real De Palmas, General Zuazua, Nuevo León Cp. 65760 |
| 281. | Famsa La Piedad, Juan Pablo II # 901, Colonia México, La Piedad, Michoacán, Cp. 59340 |
| 282. | Famsa Paseo San Juan, Paseo Central # 183, Colonia Valle De Oro, San Juan Del Rio, Querétaro, Cp. 76802 |
| 283. | Famsa Plaza Las Américas, 21 Diagonal # 325, Colonia Miguel Hidalgo, Mérida, Yucatán, Cp. 97229 |
| 284. | Famsa Mérida Centro, Calle 56 # 488 Y 486, Centro, Mérida, Yucatán Cp. 97000 |
| 285. | Famsa Mi Plaza Héroes, Av. 20 de Noviembre Cruce Con Av. Chac Mol, Colonia Los Héroes, Benito Juárez, Quintana Roo, Cp. 77518 |
| 286. | Famsa Sendero Villahermosa, Circuito Interior Carlos Pellicer C. # 5202, Colonia José Ma. Pino Suarez, Villahermosa, Tabasco, Cp. 86029 |
| 287. | Famsa Tepic        , Zacatecas # 87 Sur, Centro, Tepic, Nayarit, Cp. 63000 |
| 288. | Famsa Matehuala, Miguel Hidalgo 221-A, Centro, Matehuala, San Luis Potosí, Cp. 78700 |
| 289. | Famsa Uriangato, Uriangato 240, Colonia La Joyita, Uriangato, Guanajuato, Cp. 38983 |
| 290. | Famsa Córdoba, Esquina Av. 7 y Avenida 7, Centro, Córdoba, Veracruz, Cp. 94500 |
| 291. | Famsa Plaza Comercial Reynosa, Carretera Reynosa-San Fernando # 500, Colonia Parque Industrial Estiva Alcalá, Reynosa, Tamaulipas, Cp. 88796 |
| 292. | Famsa Plaza Montemorelos, Simón Bolívar # 1201, Colonia Mexiquito, Montemorelos, Nuevo León, Cp. 67550 |
| 293. | Famsa Romero Rubio, Calzada Guadalupe # 102, Centro, Cuautitlán, Estado de México, Cp. 54800 |
| 294. | Famsa Huehuetoca, Jorobas S/N, Colonia Barrio Saltirillo, Huehuetoca, Estado de México, Cp. 54685 |
| 295. | Famsa Plaza Villas Satélite, Periférico Luis Echeverría A. 2481, Colonia Satélite Norte, Saltillo, Coahuila, Cp. 25115 |
| 296. | Famsa Silao, Prolongación 5 De Mayo S/N, Colonia La Joyita, Silao, Guanajuato, Cp. 36130 |
| 297. | Famsa Mazatlán, Oscar Pérez Escoboza # 8201, Colonia Venadillo, Mazatlán, Sinaloa, Cp. 82099 |
| 298. | Famsa Sendero Coatzacoalcos, Dr. José Lemarroy Carrión # 45, Colonia Fraccionamiento Industrial Servicio Parque Tecnológico, Veracruz, Veracruz, Cp. 96536 |
| 299. | Famsa Tula, Blvd. Tula-Iturbide # 116, Colonia Satélite Norte, Tula, Hidalgo, Cp. 42800 |
| 300. | Famsa Chapultepec, Blvd Licenciado Eliseo Mendoza Berrue, Colonia Chapultepec, Piedras Negras, Coahuila, Cp. 26070 |
| 301. | Famsa Escuadrón 201, Av. Francisco I. Madero Poniente, Local 1, Colonia Irrigación, Morelia, Michoacán, Cp. 58140. |
| 302. | Famsa Candiles, Av. Prolongación Candiles Lote 1A, D14, SU2A, Colonia Fraccionamiento Camino Real Residencial, Querétaro, Querétaro, Cp. 76190 |
| 303. | Famsa Allende, Benito Juárez 109, Centro, Allende, Coahuila Cp. 26530 |
| 304. | Famsa Francisco Coss, Blvd. Francisco Coss # 780, Centro, Saltillo, Coahuila Cp. 25000 |
| 305. | Famsa Ciudadela, Av. Arturo B. De La Garza 101, Colonia El Mirador, Juárez, Nuevo León, Cp. 67266 |
| 306. | Famsa González Ortega, Jesus González Ortega # 201, Centro, Zacatecas, Zacatecas, Cp. 98000 |
| 307. | Famsa Barrancos, Av. Benjamín Hill # 5720, Colonia Barrancos, Culiacán, Sinaloa, Cp. 80189 |
| 308. | Famsa Tianguistenco, Don Catarino González Benitez 806, Colonia Guadalupe Rhon de Hank, Santiago Tianguistenco, Estado de México, Cp. 52600 |
| 309. | Famsa Tulancingo, Molino del Rey # 133, Centro, Tulancingo, Hidalgo, Cp. 43600 |
| 310. | Famsa Rio Verde, Plaza Constitución Sur N, Centro, Rio Verde, San Luis Potosí, Cp. 79610 |
| 311. | Famsa Salamanca        Salamanca        Ciudad    Estadocp |

| | |
|---|---|
| 312. | Centro De Distribución Monterrey, Real Mezquital # 115, Colonia Los Fresnos, Apodaca, Nuevo León, Cp. 66636 |
| 313. | Bodega Número 2, Adolfo López Mateos # 1750, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260 |
| 314. | Centro De Distribución Monterrey, Adolfo López Mateos # 1339, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260 |
| 315. | Bodega Colón, Colón # 601 Poniente, Centro, Monterrey, Nuevo León, Cp. 64000 |
| 316. | Bodega Proyectos, Alfonso Reyes # 1408 Y 1419, Colonia Sarabia, Monterrey, Nuevo León, Cp. 64490 |
| 317. | Bodega Fiscal, Luis B. Arellano, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260 |
| 318. | Bodega Número 6, Bernardo Reyes # 5285, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260 |
| 319. | Bodega Planta, A. López Mateos # 1339, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260 |
| 320. | Bodega San Cosme, Rivera De San Cosme # 33, Colonia Santa María La Rivera, Alcaldía Cuauhtémoc, Ciudad de México, Cp. 6400 |
| 321. | Bodega Ermita, Av. 5 De Mayo # 78, Colonia Santa María Aztahuacan,  Alcaldía Iztapalapa, Ciudad de México, Cp. 9500 |
| 322. | Centro Distribución Ropa, Pino Suarez # 1202 Norte, Centro, Monterrey, Nuevo León, Cp. 64000 |
| 323. | Bodega Laredo, Enterprise # 412, Interamerican Distribución, Nuevo Laredo, Tamaulipas, Cp. 88240 |
| 324. | Centro De Distribución Hermosillo, Ign. Pesqueira 16 Y García Morales, Colonia El Llanito, Hermosillo, Sonora Cp. 83210 |
| 325. | Bodega Querétaro, Ignacio Pérez 155-A, Centro, Querétaro, Querétaro, Cp. 76000 |
| 326. | Bodega Monclova, Carretera 57 Km 4.363 S/N, Local 4, Colonia Ciudad Universitaria, Monclova, Coahuila, Cp. 25710 |
| 327. | Bodega Valle Dorado, Km 111 # 953 Frente A 1, Colonia Valle Dorado, Ensenada, Baja California, Cp. 22890 |
| 328. | Bodega Sabinas, Zaragoza Y Juárez S/N, Centro, Sabinas, Coahuila Cp. 26700 |
| 329. | Bodega Tampico, Av. De La Industria #706-A, Colonia Monte Alto, Altamira, Tamaulipas, Cp. 89606 |
| 330. | Bodega Matamoros, Carretera Sendero Nacional Km 1, Zona Industrial, Matamoros, Tamaulipas, Cp. 87479 |
| 331. | Bodega Reynosa, Tamaulipas S/N, Colonia Rodríguez, Reynosa, Tamaulipas, Cp. 88630 |
| 332. | Bodega San Luis Potosí, Carretera Matehuala Km 426-27, Colonia La Raza, Soledad G Sach, San Luis Potosí, Cp. 78433 |
| 333. | Bodega 124 Monterrey, Av. Adolfo López Mateos # 1750, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260 |
| 334. | Bodega Ermita UAM, Calzada Ermita Iztapalapa # 1777, Colonia San Miguel 8a Ampliación, Alcaldía Iztapalapa, Ciudad de México, Cp. 9837 |
| 335. | Centro De Distribución Hermosillo, Blvd. Antonio Quiroga Bodega 16, Colonia El Llanito, Hermosillo, Sonora, Cp. 83210 |
| 336. | Bodega Aguascalientes, Av. José Ma. Chávez # 429, Centro, Aguascalientes, Aguascalientes, Cp. 20000 |
| 337. | Bodega Puebla, 15 Norte # 803, 8 Poniente y 10 Poniente, Colonia San Miguel, Puebla, Puebla, Cp. 72100 |
| 338. | Bodega Nuevo Laredo, Nuevo León # 4015, Colonia Juárez, Nuevo Laredo, Tamaulipas, Cp. 88250 |
| 339. | Centro De Distribución México, Autopista México-Querétaro Km 26.5, Colonia San Pedro Barrientos, Tlalnepantla de Baz, Estado de México, Cp. 54010 |
| 340. | Bodega Veracruz, Av. 20 De Noviembre # 533, Centro, Veracruz, Veracruz, Cp. 91700 |
| 341. | Bodega Piedras Negras, Microondas # 300, Colonia Vista Hermosa, Piedras Negras, Coahuila, Cp. 26060 |
| 342. | Bodega Culiacán, Nicolás Bravo 1053, Colonia Industrial Bravo, Culiacán, Sinaloa Cp. 80120 |
| 343. | Centro De Distribución Tultitlan, Centro Industrial # 9, Colonia Izcalli Del Valle, Tultitlan, Estado de México, Cp. 54945 |
| 344. | Centro De Distribución Guadalajara, Nopal # 1655, Colonia El Alamo, Tlaquepaque, Jalisco, Cp. 45560 |
| 345. | Centro De Distribución Chihuahua, Av. Nicolás Gogol # 11370, Interior 1, Complejo Industrial Chihuahua, Chihuahua, Chihuahua, Cp. 31109 |
| 346. | Centro De Distribución Tijuana, Prolongación M. Juárez # 1089 1-13, Colonia Linda Vista, Tijuana, Baja California, Cp. 22129 |
| 347. | Bodega Aldama, Prolongación Valle Del Guadiana # 831, Fraccionamiento Jardín, 4ª Etapa, Zona Industrial, Gómez Palacio, Durango Cp. 35079 |
| 348. | Centro De Distribución Guadalajara, Periférico Sur # 2557, Colonia Artesanos Industrial, Guadalajara, Jalisco, Cp. 44920 |
| 349. | Bodega General Uruapan, California # 59, Colonia Ramón Farías, Uruapan, Michoacán Cp. 60050 |
| 350. | Bodega Laredo Texas Dos, Dr. Archer # 13609, killam Ind. Park, Laredo, Texas, Estados Unidos de Norteamérica, Cp. 78045 |
| 351. | Bodega Cuernavaca, Calle 54 Sur # 2, Bodega G, Colonia Civac, Jiutepec, Morelos, Cp. 62550 |
| 352. | Bodega Toluca, Av. Alfredo Del Mazo # 1120, Colonia San Juan De La Cruz, Toluca de Lerdo, Estado de México, Cp. 50010 |
| 353. | Bodega Pachuca, Ferrocarril Central #2602, Colonia San Cayetano, Pachuca de Soto, Hidalgo, Cp. 42084 |
| 354. | Bodega Saltillo, Blvd. Los Fundadores Km 5, Parque Industrial Cormoran, Saltillo, Coahuila, Cp. 25000 |
| 355. | Centro De Distribución Irapuato, Lote 41, Fraccionamiento De Lote No. 45, Colonia Agrícola Lázaro Cárdenas, Irapuato, Guanajuato, Cp. 36556 |
| 356. | Bodega Remate Torreón, Av. Morelos # 1495, Poniente 3er Piso, Centro, Torreón, Coahuila, Cp. 27000 |
| 357. | Bodega Durango, Av. Guadalajara # 224, Colonia Jalisco, Durango, Durango, Cp. 34170 |
| 358. | Bodega Ciudad Juárez, Municipio Libre # 305, Colonia Chavena, Ciudad Juárez, Chihuahua, Cp. 32060 |
| 359. | Centro De Distribución Chihuahua, Avenida Nicolás Gogol # 11370, Interior 1, complejo Industrial Chihuahua, Chihuahua, Cp. 31109 |
| 360. | Centro De Distribución Tijuana, Av. Ferrocarril Km.14.5, Parque Industrial Los Pinos 3, Tijuana, Baja California, Cp. 22680 |
| 361. | Bodega Poza Rica, Blvd. Adolfo Ruiz Cortinez 1808, Colonia Manuel A. Camacho, Poza Rica Hidalgo, Veracruz, Cp. 93220 |
| 362. | Centro De Distribución  Villahermosa, Cloro II Etapa S/N, Colonia Ciudad Industrial, Villahermosa, Tabasco, Cp. 86010 |
| 363. | Bodega Laredo Texas No. 3, 13609 Archer Dr. Killam Industrial Park, Laredo Texas, Texas, Estados Unidos de Norteamérica, Cp. 78045 |
| 364. | Bodega Zacatecas, Calle Del Bosque # 604, Colonia Tecnológica, Zacatecas, Zacatecas, Cp. 98090 |
| 365. | Centro De Distribución Villahermosa, Cloro # 102, Colonia Ciudad Industrial 2a Etapa, Villahermosa, Tabasco, Cp. 86010 |
| 366. | Centro De Distribución Culiacán, Carretera A El Dorado 3578 Sur, Colonia Las Flores, Culiacán, Sinaloa, Cp. 80104 |
| 367. | Bodega Mérida, Calle 48 # 585, Colonia Plan De Ayala Sur III kanas, Mérida, Yucatán, Cp. 97285 |
| 368. | Bodega Cancún, Luis Donaldo Colosio Manzana 61, Colonia Supermanzana 301, Benito Juárez, Quintana Roo, Cp. 77536 |
| 369. | Bodega Región 01 Monterrey, Colón # 601 Poniente, Centro, Monterrey, Nuevo León, Cp. 64000 |
| 370. | Bodega Región 02 Hermosillo, Juárez Y Luis Donaldo Colosio, Centro, Hermosillo, Sonora, Cp. 83000 |
| 371. | Bodega Región 03 México, Arcos De Belem # 30, Colonia Doctores, Alcaldía Cuauhtémoc, Ciudad de México, Cp. 6720 |
| 372. | Bodega Región 04 Guadalajara, Calzada Independencia # 3295, Colonia Flores Magón, Guadalajara, Jalisco, Cp. 44300 |
| 373. | Bodega Región 05 Chihuahua, Silvestre Terrazas # 9000-B, Colonia Los Pinos, Chihuahua, Chihuahua Cp. 31416 |
| 374. | Bodega Región 06 Tijuana, Av. Díaz Mirón # 8050, Centro, Tijuana, Cp. 22000 |
| 375. | Bodega Región 07 Irapuato, Arboledas # 1200, San Miguelito, Irapuato, Guanajuato, Cp. 36556 |
| 376. | Centro de Distribución Valle Hermoso, Valle Hermoso, Tabasco |
| 377. | Cedis Guadalajara        Guadalajara        Ciudad Guadalajaraestadocp |
| 378. | 160      Cedis Hermosillo Hermosillo        Carr. Al Panteon Nuevo Y Blvd.Gcia.Morales Hermosillo, Sonciudad Hermosilloestadocp |
| 379. | Centro de Distribución  Chihuahua, Av. Nicolás Gogol # 11370, Interior 1, Chihuahua, Chihuahua |
| 380. | Centro de Distribución Tijuana, Av. Ferrocarril 14.5, Km Fraccionamiento Los Pinos, Tijuana, Baja California |
| 381. | Centro de Distribución Culiacán, Carretera A El Dorado # 3578 Sur, Ejido Las Flores, Culiacán, Sinaloa, Cp. 80104 |
| 382. | Centro de Distribución Irapuato, Lote 41 y Fracción Del  Lote 45, Colonia Agrícola L. Cárdenas, Irapuato, Guanajuato, Cp. 64260 |
| 383. | Centro de Distribución Villa Hermosa, Cloro S/N, Industrial Etapa II  Villahermosa, Tabasco, Cp. 86126 |
| 384. | Centro de Distribución Ropa Monterrey, Pino Suarez # 1202 Norte, Centro, Monterrey, Nuevo León, Cp. 64000 |
| 385. | Bodega El Mezquital,          Av. Real Mezquital #115, Colonia Los Fresnos 9 Sector, ciudad  Sectorestadocp |
| 386. | Bodega No. 2 Monterrey, Adolfo López Mateos # 1750, Colonia Constituyentes Del 57, Monterrey, Nuevo León, Cp. 64260 |

Escriba completo el domicilio de cada una de las diversas oficinas y establecimientos del comerciante que solicita ser declarado en concurso mercantil, si los tiene.

**Administración principal:**
  Avenida Pino Suárez 1202 Norte, Zona Centro, Tercer piso, Unidad "A", Monterrey, Estado de Nuevo León

Escriba completo el domicilio en el que tenga su administración principal el comerciante que solicita ser declarado en concurso mercantil, aun cuando este no sea determinante para fincar competencia.

NOTARIA PUBLICA No. 50
T I T U L A R
LIC. HERNÁN MONTANO ESPARZA
MONTERREY, NUEVO LEÓN, MÉXICO
PRIMER DISTRITO

## Calidad de comerciante

De conformidad con lo dispuesto por los artículos 4° y 9° de la LCM, sólo los comerciantes podrán ser declarados en concurso mercantil.

En términos de lo dispuesto en la fracción II del artículo 4° de la LCM, por comerciante se entiende a la persona física o moral que tenga ese carácter conforme al Código de Comercio e incluye en ese concepto al patrimonio fideicomitido cuando se afecte a la realización de actividades empresariales.

De conformidad con lo dispuesto por el artículo 12 de la LCM, la sucesión del comerciante podrá ser declarada en concurso mercantil cuando la empresa de la cual el comerciante era titular continúe en operaciones o suspendidas, no hayan prescrito las acciones de los acreedores.

Conforme a lo establecido en el artículo 14 de la LCM, la declaración de concurso mercantil de una sociedad determina que los socios ilimitadamente responsables sean considerados para todos los efectos en concurso mercantil.

Elija una sola de las seis opciones siguientes pulsando el botón que antecede al párrafo que se identifica con las circunstancias que se actualizan respecto de la persona que solicita ser declarada en concurso mercantil y describa en el formato LP2/20/Anexo 12, los documentos que acompañe para acreditar la calidad de comerciante.

El (la) solicitante manifiesta ser comerciante en razón de que es:

**Opción 1**

　　○　　Una persona física con capacidad legal para ejercer el comercio y hace de él su ocupación ordinaria;

**Opción 2**

　　○　　La sucesión de la persona física titular de una empresa que:

En caso de haber elegido esta opción, a continuación pulse el botón que antecede a las circunstancias de operación que privan sobre la empresa de la persona física autora de la sucesión.

　　　　○　　Continúa en operación
　　　　○　　Ha suspendido sus operaciones y no han prescrito las acciones de los acreedores

Solamente que haya elegido cualquiera de las dos opciones anteriores, a continuación exprese las circunstancias o características que, en términos de lo previsto por la fracción I del artículo 3° del Código de Comercio y la fracción II del artículo 4° de la LCM, dan calidad de comerciante a la persona física autora de la sucesión solicitante.

Haga clic aquí para escribir texto.

**Opción 3**

　　●　　Una sociedad constituida con arreglo a las leyes mercantiles;

**Opción 4**

　　○　　Un socio ilimitadamente responsable de una sociedad;

**Opción 5**

　　○　　Una sociedad extranjera o agencia o sucursal de ésta, que ejerce actos de comercio dentro del territorio nacional;

**Opción 6**

　　○　　Patrimonio fideicomitido con actividad empresarial.

Solamente que haya elegido esta opción, a continuación describa las características del objeto del fideicomiso que, en términos de lo previsto por la fracción II del artículo 4° de la LCM, determinen que la actividad a que está afecto el patrimonio fideicomitido, es empresarial.

Haga clic aquí para escribir texto.

---

### ☐ Pequeño comerciante

De conformidad con lo establecido por el artículo 5° de la LCM, los pequeños comerciantes sólo podrán ser declarados en concurso mercantil, cuando acepten someterse voluntariamente y por escrito a la aplicación de la LCM. Se entiende como pequeño comerciante a aquel cuyas obligaciones vigentes y vencidas, en conjunto, no excedan el equivalente de 400 mil UDIS al momento de la solicitud o demanda.

Si es el caso, marque con el símbolo X dentro del cuadro que antecede al título de este apartado.

El comerciante que suscribe la presente solicitud, manifiesta ser pequeño comerciante y acepta expresamente someterse voluntariamente a la aplicación de la presente Ley.

---

### Identificación y personalidad de quien promueve por el comerciante y de las personas autorizadas en términos del artículo 1069 del Código de Comercio

Pulse el botón que antecede a la frase que identifica el tipo de persona jurídica que corresponde al comerciante que solicita ser declarado en concurso mercantil.

● Persona moral o patrimonio fideicomitido        ○ Persona física

#### Persona(s) que promueve(n) por el comerciante

Si necesita áreas para agregar más personas que promueven por el comerciante, observe los siguientes pasos:

1. Dé clic en el margen izquierdo de la hoja a la altura del siguiente recuadro, en el que se insertan los datos de identificación de personas que promueven por el comerciante.
2. Elija el comando "Copiar".
3. Posicione el cursor en el "<<Área de pegado>>", que aparece en seguida del área seleccionada.
4. Elija el comando "Pegar".

**Nombre:**
Humberto Loza López

Escriba completo el nombre de la persona física que suscribe la solicitud de declaración de concurso mercantil.

**Carácter que ostenta:**
Apoderado

Describa la circunstancia bajo la cual actúa, ya sea por su propio derecho, como apoderado o representante legal.

**Instrumento con el que acredita personalidad:**
Escritura Pública 12,566 doce mil quinientos sesenta y seis, protocolizada en la Ciudad de Monterrey Nuevo León el 23 de abril de 2014 ante el Lic. Hernán Montaño Pedraza Notario Público número sesenta 60.

En el caso, describa el documento en el que consta que tiene facultades para representar al comerciante que solicita ser declarado en concurso mercantil y llene el formato LP2/20/Anexo 10.

<<Área de pegado>>

---

#### Persona(s) autorizada(s)

De conformidad con lo dispuesto por el artículo 1069 del Código de Comercio de aplicación supletoria a la LCM, las partes podrán autorizar personas con capacidad legal, para actuar en nombre del autorizante.

En términos del párrafo tercero del citado artículo 1069, las partes podrán autorizar para oír notificaciones e imponerse de los autos, así como para interponer los recursos que procedan, ofrecer e intervenir en el desahogo de pruebas, alegar en las audiencias, pedir se dicte sentencia para evitar la consumación del término de caducidad por inactividad procesal y realizar cualquier acto que resulte necesario para la defensa de los derechos del autorizante. Para ello deberán acreditar encontrarse legalmente autorizadas para ejercer la profesión de abogado o licenciado en Derecho.

En términos del penúltimo párrafo del citado artículo 1069, las partes podrán designar personas solamente autorizadas para oír notificaciones e imponerse de los autos, a cualquiera con capacidad legal, quien no gozará de las demás facultades a que se refiere el párrafo anterior.

Para identificar a las personas que autoriza y el alcance de la autorización, proporcione la información que a continuación se solicita.
Utilice un recuadro por cada persona autorizada y tantas hojas como sean necesarias.

Si necesita áreas para agregar más personas autorizadas, observe los siguientes pasos:

1. Dé clic en el margen izquierdo de la hoja a la altura de los siguientes recuadros, en los que se insertan los datos de identificación de personas autorizadas.
2. Elija el comando "Copiar".
3. Posicione el cursor en el "<<Área de pegado>>", que aparece en seguida del área seleccionada.
4. Elija el comando "Pegar".

| **Nombre del autorizante:**<br>Humberto Loza López<br><br>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores. | **Nombre del autorizante:**<br>Humberto Loza López<br><br>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores. |
|---|---|
| **Nombre del autorizado:**<br>Luis Manuel Pérez de Acha<br><br>Escriba completo el nombre de la persona física autorizada. | **Nombre del autorizado:**<br>Mario Héctor Blancas Vargas<br><br>Escriba completo el nombre de la persona física autorizada. |

**Cédula profesional:**
949588

Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.

**Alcance de la autorización:**

Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.

☒  Tercer párrafo del artículo 1069 del Código de Comercio
☐  Penúltimo párrafo del artículo 1069 del Código de Comercio

**Nombre del autorizante:**
Humberto Loza López

Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.

**Nombre del autorizado:**
Antonio Silva Oropeza

Escriba completo el nombre de la persona física autorizada.

**Cédula profesional:**
1378067

Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.

**Alcance de la autorización:**

Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.

☒  Tercer párrafo del artículo 1069 del Código de Comercio
☐  Penúltimo párrafo del artículo 1069 del Código de Comercio

**Nombre del autorizante:**
Humberto Loza López

Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.

**Nombre del autorizado:**
José Eduardo González Platas

Escriba completo el nombre de la persona física autorizada.

**Cédula profesional:**
11476176

Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.

**Alcance de la autorización:**

Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.

☒  Tercer párrafo del artículo 1069 del Código de Comercio
☐  Penúltimo párrafo del artículo 1069 del Código de Comercio

**Nombre del autorizante:**
Humberto Loza López

Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.

**Nombre del autorizado:**
José Angel de la Cruz Sánchez

Escriba completo el nombre de la persona física autorizada.

**Cédula profesional:**
6208991

Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.

**Alcance de la autorización:**

Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.

☒  Tercer párrafo del artículo 1069 del Código de Comercio
☐  Penúltimo párrafo del artículo 1069 del Código de Comercio

**Nombre del autorizante:**
Humberto Loza López

Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.

---

**Cédula profesional:**
1056157

Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.

**Alcance de la autorización:**

Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.

☒  Tercer párrafo del artículo 1069 del Código de Comercio
☐  Penúltimo párrafo del artículo 1069 del Código de Comercio

**Nombre del autorizante:**
Humberto Loza López

Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.

**Nombre del autorizado:**
Antonio Alfredo Ibarra de Rueda

Escriba completo el nombre de la persona física autorizada.

**Cédula profesional:**
3647453

Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.

**Alcance de la autorización:**

Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.

☒  Tercer párrafo del artículo 1069 del Código de Comercio
☐  Penúltimo párrafo del artículo 1069 del Código de Comercio

**Nombre del autorizante:**
Humberto Loza López

Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.

**Nombre del autorizado:**
Andrea Blancas Ojeda

Escriba completo el nombre de la persona física autorizada.

**Cédula profesional:**
9995041

Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.

**Alcance de la autorización:**

Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.

☒  Tercer párrafo del artículo 1069 del Código de Comercio
☐  Penúltimo párrafo del artículo 1069 del Código de Comercio

**Nombre del autorizante:**
Humberto Loza López

Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.

**Nombre del autorizado:**
Sandra Jannet Pérez Mena

Escriba completo el nombre de la persona física autorizada.

**Cédula profesional:**
11324499

Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.

**Alcance de la autorización:**

Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.

☒  Tercer párrafo del artículo 1069 del Código de Comercio
☐  Penúltimo párrafo del artículo 1069 del Código de Comercio

**Nombre del autorizante:**
Humberto Loza López

Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno

| | |
|---|---|
| alguno de los acreedores. | de los acreedores. |
| **Nombre del autorizado:**<br>Iván Josué Romo Valdovinos<br>Escriba completo el nombre de la persona física autorizada. | **Nombre del autorizado:**<br>Héctor Ignacio Ruiz Osorio<br>Escriba completo el nombre de la persona física autorizada. |
| **Cédula profesional:**<br>6208825<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. | **Cédula profesional:**<br>2624381<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. |
| **Alcance de la autorización:**<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio | **Alcance de la autorización:**<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| **Nombre del autorizante:**<br>Humberto Loza López<br>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores. | **Nombre del autorizante:**<br>Humberto Loza López<br>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores. |
| **Nombre del autorizado:**<br>Marcelo Falce García<br>Escriba completo el nombre de la persona física autorizada. | **Nombre del autorizado:**<br>Gerardo Eliud Aguillón Violante<br>Escriba completo el nombre de la persona física autorizada. |
| **Cédula profesional:**<br>2269281<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. | **Cédula profesional:**<br>10026547<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. |
| **Alcance de la autorización:**<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio | **Alcance de la autorización:**<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| **Nombre del autorizante:**<br>Humberto Loza López<br>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores. | **Nombre del autorizante:**<br>Humberto Loza López<br>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores. |
| **Nombre del autorizado:**<br>Fermín Eduardo García Flores<br>Escriba completo el nombre de la persona física autorizada. | **Nombre del autorizado:**<br>Ángel Hazael Alcudia Canepa<br>Escriba completo el nombre de la persona física autorizada. |
| **Cédula profesional:**<br>6736555<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. | **Cédula profesional:**<br>9487731<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. |
| **Alcance de la autorización:**<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio | **Alcance de la autorización:**<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| **Nombre del autorizante:**<br>Humberto Loza López<br>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores. | **Nombre del autorizante:**<br>Humberto Loza López<br>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores. |
| **Nombre del autorizado:**<br>Marcelo Andrés Ruiz Zertuche<br>Escriba completo el nombre de la persona física autorizada. | **Nombre del autorizado:**<br>Héctor Gabriel Ruiz Zertuche<br>Escriba completo el nombre de la persona física autorizada. |
| **Cédula profesional:**<br>11196569<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. | **Cédula profesional:**<br>11263583<br>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho. |
| **Alcance de la autorización:**<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de | **Alcance de la autorización:**<br>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.<br>☒ Tercer párrafo del artículo 1069 del Código de Comercio<br>☐ Penúltimo párrafo del artículo 1069 del Código de |

| Comercio | Comercio |
|---|---|
| **Nombre del autorizante:**<br>Humberto Loza López<br><small>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.</small> | **Nombre del autorizante:**<br>Humberto Loza López<br><small>Escriba completo el nombre de la parte que autoriza, sea el comerciante o alguno de los acreedores.</small> |
| **Nombre del autorizado:**<br>Ramón Felipe Gómez Negrete<br><small>Escriba completo el nombre de la persona física autorizada.</small> | **Nombre del autorizado:**<br>Balbina Miledi Martínez<br><small>Escriba completo el nombre de la persona física autorizada.</small> |
| **Cédula profesional:**<br><br><small>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.</small> | **Cédula profesional:**<br>Haga clic aquí para escribir texto.<br><small>Escriba los datos del documento que acredita que la persona autorizada está legalmente facultada para ejercer la profesión de abogado o licenciado en derecho.</small> |
| **Alcance de la autorización:**<br><small>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.</small><br><br>☐ Tercer párrafo del artículo 1069 del Código de Comercio<br>☒ Penúltimo párrafo del artículo 1069 del Código de Comercio | **Alcance de la autorización:**<br><small>Marque con el símbolo X dentro del cuadro que identifica el párrafo que se refiere al alcance de la autorización que confiere.</small><br><br>☐ Tercer párrafo del artículo 1069 del Código de Comercio<br>☒ Penúltimo párrafo del artículo 1069 del Código de Comercio |
| <<Área de pegado>> | |

---

### ☐ Acumulación de procedimientos. Sección 1

De conformidad con lo establecido por los artículos 14, 15 y 15 Bis de la LCM, es posible que se tramiten acumulados pero por cuerda separada los procedimientos de concurso mercantil de una o más personas en razón de la situación de relación corporativa o de responsabilidad ilimitada que guarden.

Si es el caso, marque con el símbolo X dentro del cuadro que antecede al título de este apartado.

Proporcione la información que se solicita a continuación y llene el formato LP2/20/Sección 1.

Pulse el botón que antecede al párrafo que identifica a la situación de acumulación que se actualiza y complemente la información que corresponda.

○   Se pide acumulación del procedimiento que se inicie con esta solicitud al procedimiento radicado ante ese Juzgado Haga clic aquí para escribir texto., bajo el expediente Haga clic aquí para escribir texto. relativo al procedimiento de concurso mercantil del comerciante Haga clic aquí para escribir texto. toda vez que, de los supuestos previstos por los artículos 14, 15 y 15 Bis de la LCM, respecto de la solicitante se actualizan los que se especifican en el formato LP2/20/Sección 1.

○   Se pide acumulación del procedimiento que se inicie con esta solicitud al (a los) procedimiento(s) del (de los) comerciante(s) Haga clic aquí para escribir texto. que se inicie(n) respecto de las solicitudes de declaración de concurso mercantil que el(los) mismo(s), conjuntamente presenta(n), toda vez que, de los supuestos previstos por los artículos 14, 15 y 15 Bis de la LCM, respecto de la solicitante se actualizan los que se especifican en el formato LP2/20/Sección 1.

## Manifestación de incumplimiento o inminencia de incumplimiento generalizado en el pago de obligaciones del comerciante. Sección 2

De conformidad con lo dispuesto por el artículo 20 de la LCM, el comerciante que considere ha incurrido en el incumplimiento generalizado de sus obligaciones, en términos de cualquiera de los supuestos establecidos en los artículos 10 de la misma ley, deberá manifestar por eso sucede.

De conformidad con lo dispuesto por el artículo 20 Bis de la LCM, el comerciante que considere que incurrirá en el incumplimiento generalizado de sus obligaciones en términos de cualquiera de los supuestos establecidos en los artículos 10 de la misma ley, deberá manifestar bajo protesta de decir verdad, que es inminente que sucederá.

Según el contenido del párrafo segundo del citado artículo 20 Bis, por inminente, debe entenderse que cualquiera de los supuestos establecidos en los artículos 10 de la LCM, se actualizará dentro de los 90 días siguientes a la solicitud.

Para aportar la información conducente a la situación de incumplimiento en las obligaciones de pago que guarda el comerciante, llene el formato LP2/20/Sección 2 y proporcione la información que a continuación se solicita.

Elija una sola de las dos opciones siguientes pulsando el botón que antecede a la situación que guarda el estado de incumplimiento de obligaciones del comerciante.

| | |
|---|---|
| ● El comerciante manifiesta que ha incumplido en sus obligaciones de pago a dos o más acreedores distintos porque, como se aprecia del contenido del formato LP2/20/Sección 2, ha incurrido en el (los) supuesto(s) de la(s) fracción(es) (I y/o II) del artículo 10 de la LCM. | Después de la frase "...que el día...", escriba la fecha en que el comerciante presume que cualquiera de los dos supuestos del artículo 10 de la LCM, se actualizará de manera inevitable.<br><br>○ El comerciante manifiesta bajo protesta de decir verdad que el día Haga clic aquí para escribir texto, incurrirá en incumplimiento de sus obligaciones de pago a dos o más acreedores distintos porque, como se aprecia del contenido del formato LP2/20/Sección 2, es inminente que se encuentre en el (los) supuesto(s) de la(s) fracción(es) (I y/o II) del artículo 10 de la LCM. |

## Solicitud

Si de conformidad con lo dispuesto por el artículo 20 o 20 Bis de la LCM, el comerciante considera que ha incurrido o es inminente que incurra, en el incumplimiento generalizado de sus obligaciones en términos de cualquiera de los supuestos establecidos en el artículo 10 de la misma ley, podrá solicitar ser declarado en concurso mercantil que, en caso de ser fundado, se abrirá en etapa de conciliación, salvo que el propio comerciante solicite su declaración en quiebra, en términos de lo previsto por la fracción V del artículo 43 de la LCM.

Para aportar la información conducente a la solicitud formal de ser declarada en concurso mercantil, proporcione la información que a continuación se solicita.

En el espacio que aparece a continuación de la frase "...El comerciante..." escriba completo el nombre de la persona física o, en su caso, la denominación o razón social de la persona moral que solicita ser declarada en concurso mercantil.

En el espacio que aparece a continuación de la frase "...en etapa de...", especifique si solicita que, de considerarse fundada la declaración en concurso mercantil, se abra en etapa de conciliación o en quiebra.

El comerciante Grupo Famsa S.A.B. de C.V. , solicita ser declarado en concurso mercantil en etapa de Conciliación , en términos de lo dispuesto por el artículo 20 de la LCM, toda vez que la solicitud reúne los requisitos y se adjuntan los documentos que se indican en ese artículo, asimismo manifiesta que respecto del incumplimiento generalizado de sus obligaciones de pago reúne los requisitos exigidos por el citado artículo 20 o 20 bis de la LCM, como se aprecia del contenido del formato LP2/20/Sección 2.

## Narración de hechos

A continuación narre los hechos en que funde su petición, de manera sucinta, con claridad y precisión de conformidad con lo dispuesto por la fracción III del artículo 322 del Código Federal de Procedimientos Civiles, de aplicación supletoria a la LCM.

Utilice tantas hojas como sean necesarias.

Grupo Famsa S.A.B. de C.V.

C. Juez de Distrito en Materia Civil y del Trabajo del Cuarto Circuito,
En el estado de Nuevo León.

GRUPO FAMSA S.A.B DE C.V, representada por su apoderado legal el Lic. HUMBERTO LOZA LÓPEZ, personalidad que se acredita con la Escritura Pública Número 12,566 (doce mil quinientos sesenta y seis), protocolizada el 23 de abril de 2014 ante el Lic. Hernán Montaño Pedraza Notario Público número sesenta de la Ciudad de Monterrey Nuevo León. Documento que se adjunta a la presente solicitud en el Anexo 11. Señalando como domicilio para oír y recibir notificaciones el ubicado en Avenida Lázaro Cárdenas Número 435, Edificio Aurum, piso 7, oficina 720, Colonia Residencial Santa Bárbara en San Pedro Garza García, en Nuevo León. Asimismo, se solicita se tenga por autorizados en términos del artículo 1069 del Código de Comercio a los Licenciados en derecho y abogados mencionados en el área correspondiente de la presente solicitud, así como a los estudiantes en derecho. Con el debido respeto que por razón de su investidura le es debido, comparezco y expongo:

Conforme a lo establecido por los artículos 10, 11, 20 y demás establecidos en la Ley de Concursos Mercantiles, el artículo 322 del Código Federal de Procedimientos Civiles solicito se declare en concurso mercantil a **GRUPO FAMSA S.A.B. DE C.V.** al tenor de los siguiente:

**Hechos**

1.  El 27 de diciembre de 1979 en la Ciudad de Monterrey Nuevo León, Don Humberto Garza González, Doña Graciela Valdez Sánchez de Garza, Don Humberto Garza Valdez, "Fabricantes Muebleros S.A." representada por su director general el señor Don Humberto Garza González y "Mueblera Nacional S.A." representada por su apoderado señor don Roberto Arroyo López acudieron con el Lic. Fernando Treviño Lozano, Notario Público No.55 de Monterrey Nuevo León a constituir una Sociedad Mercantil Anónima denominada "Corporación Famsa".

2.  El objeto de Corporación Famsa es: 1.- Comprar y vender toda clase de productos, materiales o artículos de comercio, por cuenta propia o de terceros. 2.-El comercio en general, pudiendo celebrar todo género de actos y contratos, así como desempeñar comisiones mercantiles, obrando en su propio nombre o del comitente. 3.- Gestionar, poseer, adquirir, transmitir, explotar o permitir la explotación de patentes de inversión, marcas y nombres comerciales derechos de propiedad industrial o artística. 4.-Comprar, vender y recibir en depósito acciones, bonos o valores de toda clase y hacer respecto de ellos todo tipo de operaciones, salvo aquellas operaciones que están estrictamente reservadas por la Ley a los Agentes de Valores o a las Casas de Bolsa. 5.-Emitir, girar, endosar, aceptar, avalar y garantizar con cualquier carácter toda clase de títulos de crédito y cualesquiera otros documentos, contratos comprobatorios de adeudo y garantizar pagos por cualquier medio; gestionar y otorgar préstamos con o sin garantías y, en general realizar toda clase de operaciones cambiarias, civiles, mercantiles y financieras; en el concepto de que la Sociedad no podrá realizar actos de intermediación habitual en los mercados financieros mediante los cuales se obtengan recursos del público destinados a su colocación lucrativa ya sea por cuenta propia o ajena. 6.- Adquirir, tomar y dar en arrendamiento, enajenar hipotecar o gravar, instalar, mantener y explotar las oficinas, plantas, así como los inmuebles y derechos reales necesarios para la realización de su objeto social y por cuanto a la adquisición de estos últimos, previo permiso de la Secretaría de Relaciones Exteriores en cada caso. 7.- En general, llevar a cabo toda clase de negocios o actividades celebrar convenios, contratos y cuantos más actos se relacionen o sean compatibles con los objetos sociales.

3.  El capital de la sociedad es la suma de $100'000,000.00 (cien millones de pesos 00/100 M.N.) divididos en 10,000 (diez mil) acciones comunes, liberadas al portador con valor nominal de $10,000 (diez mil pesos 00/100 M.N.)

4.  El 10 de agosto de 1982, Don Humberto Garza González acudió con el Lic. Fernando Treviño Lozano, Notario Público No.55 de Monterrey Nuevo León, en su carácter de Delegado Especial de "Corporación Famsa S.A." para protocolizar el Acta de Asamblea General Extraordinaria de Accionistas que acordó el aumento del capital social a $150,000,000.00 (ciento cincuenta millones de pesos 00/100 M.N.) Lo anterior se acredita con la Escritura Pública Número 1,809 mil ochocientos nueve.

5.  El 7 de marzo de 1988, acudió el Delegado Especial Don Humberto Garza Gonzalez ante el Lic. Fernando Treviño Lozano Notario Público número 55 de la Ciudad de Monterrey Nuevo León, a protocolizar el acta de la Asamblea General Extraordinaria de Accionistas de "Corporación Famsa". En la cual se acordó: Transformar la Sociedad, de Capital fijo a Capital variable, fijando el capital mínimo sin derecho a retiro en $300,000,000.00 (trescientos millones de pesos 00/100 M.N.) y reformar las Cláusulas Primera y Séptima de los Estatutos Sociales. Lo anterior consta en la Escritura Pública Número 3,111 tres mil ciento once que obra misma que obra en la presente solicitud como documento número 2 del Anexo 12.

6.  El 19 de noviembre de 1997, acudió el Delegado Especial Don Humberto Garza Gonzalez ante el Lic. Fernando Treviño Lozano Notario Público número 55 de la Ciudad de Monterrey Nuevo León, a protocolizar el acta de la Asamblea General Extraordinaria de Accionistas de "Corporación Famsa". En la cual se acordó: cambiar su denominación social a la de "Grupo Famsa S.A. de C.V. y la reforma integral de los estatutos sociales con cláusula de admisión a extranjeros. Lo anterior consta en la Escritura Pública Número 4,909 misma que obra en la presente solicitud como documento número 3 del Anexo 12.

7.  El 19 de diciembre de 2006 el Señor Humberto Loza López, en su carácter de Delegado Especial de la Asamblea Extraordinaria de Accionistas de "Grupo Famsa S.A. de C.V. acudió ante el Lic. Hernán Montaño Pedraza Notario Público número 60 de la Ciudad de Monterrey Nuevo León, a protocolizar la Asamblea General Extraordinaria de Accionistas celebrada por dicha sociedad el 14 de diciembre de 2006 en donde se acordó: En dicha asamblea se acordó: la reforma integral de los estatutos de la sociedad a fin de adecuarlos a la nueva Ley del Mercado de Valores y sus disposiciones complementarias; y la denominación de la sociedad será "Grupo Famsa, Sociedad Anónima Bursátil de Capital Variable" Lo anterior consta en la Escritura Pública Número 3,658, que se exhibe a la presente solicitud como documento 4 del Anexo 12.

8.  Después de 40 años de funcionamiento de la sociedad en el año 2018 recibió por parte de Standard & Poors Global Ratings ("S&P") una acción de calificación crediticia de emisor en escala global y nacional hacia la baja, obteniendo una calificación de 'B-' en comparativo a la calificación anterior de 'B' en escala global, mientras que en escala nacional se modificó a 'mxB' de 'mxBBB-'. Asimismo, también se modificó hacia la baja la calificación de emisión en escala global a 'B-' de 'B'.

    La calificación anterior tuvo como fundamento, a criterio de la agencia calificadora, que las iniciativas implementadas por la compañía para la mejoraría del desempeño operativo y financiero, así como la generación de flujo de efectivo de la empresa minorista, se habían mantenido por debajo de las expectativas de la calificadora, representando aún una liquidez débil. Asimismo, estableció la perspectiva de la compañía en "Negativo", con motivo de que Grupo Famsa no había ejecutado aún, un esquema de refinanciamiento para sus bonos 2020 con vencimiento en junio de 2020; y, que de no lograr ejecutar su plan de

gestión de pasivos para refinanciar las notas senior no garantizadas dentro de los siguientes seis meses la liquidez de la compañía se vería aun con mayor presión en su liquidez.

A partir de entonces la presión por parte de las calificadoras comenzó a hacerse evidente y a generar inquietud ante algunas instituciones, así como en el mercado local, comenzando a limitar algunas alternativas posibles de refinanciamiento, principalmente de certificados bursátiles.

9. Desde finales del 2018 e inicios del 2019 Grupo Famsa llevó a cabo reuniones con diferentes instituciones financieras a modo de evaluar diferentes alternativas y propuestas para el refinanciamiento de sus notas senior no garantizadas en el mercado bursátil. De igual manera llevó a cabo acercamiento con algunas instituciones bancarias locales con el fin de poder establecer una línea de crédito para sustituir el pasivo de las notas senior 2020.

Sin embargo, la mayoría de las negociaciones que se evaluaron estaban sujetas al otorgamiento de activos en garantía; activos con los cuales Grupo Famsa no contaba, lo que dificultó, la formalización de algunas propuestas.

Con relación al mercado bursátil, las opciones de la compañía se vieron limitadas por el grado de calificación otorgado por las agencias calificadoras, así como por el limitado interés de inversionistas para adquirir compromisos bursátiles mayores a 1 año sin garantías.

10. El 4 de octubre de 2019 S&P Global Ratings ("S&P") bajo las calificaciones crediticias de emisor en escala global y nacional de Grupo Famsa a 'CCC+' de 'B-' y a 'mxCCC+' de 'mxB', respectivamente. El fundamento de la acción de calificación hacia la baja fue que la compañía aún no había logrado implementar un plan para refinanciar su deuda relacionada con sus notas senior por US$140 millones.

11. Posteriormente, gracias al asesoramiento financiero de Credit Suisse, el 28 de octubre del 2019 Grupo Famsa anunció una propuesta para el refinanciamiento de su pasivo bursátil denominado en dólares, a través de una oferta de intercambio que consistiría en intercambiar nuevos bonos senior (senior notes) 9.75% con vencimiento en 2024 (los "Nuevos Bonos") por todos y cada uno de los bonos senior (senior notes) 7.250% en circulación (los "Bonos").

Además, Grupo Famsa también puso a disposición de los tenedores una solicitud de consentimiento ("Solicitud de Consentimiento") dirigida a los tenedores de los Bonos con vencimiento en 2020 para llevar a cabo ciertas modificaciones propuestas (las "Modificaciones Propuestas") al acta de emisión (indenture) bajo la cual fueron emitidos los Bonos (el "Acta de Emisión"). Las Modificaciones Propuestas modificarían el Acta de Emisión para eliminar la mayoría de las obligaciones restrictivas (restrictive covenants) y ciertos eventos de incumplimiento, entre otras disposiciones contenidas en el Acta de Emisión.

La Oferta de Intercambio y la Solicitud de Consentimiento expirarían a las 11:59 p.m., hora de la ciudad de Nueva York, del 25 de noviembre de 2019, a menos de que dicho periodo se extienda o se diera por terminado anticipadamente. Los tenedores que presentaran válidamente los Bonos antes de las 5:00 p.m., hora de la ciudad de Nueva York, del 8 de noviembre de 2019, a menos que dicho término se extendiera ("Fecha Temprana de Pago"), recibirían la contraprestación total que se describe a continuación. Los tenedores que presentaran válidamente los Bonos después de la Fecha Temprana de Pago solo recibirían la contraprestación de intercambio que se describe a continuación. Las ofertas de Bonos podrían ser retiradas y los consentimientos podrían haber sido revocados antes de las 5:00 p.m., Hora de la Ciudad de Nueva York, del 8 de noviembre de 2019, pero no a partir de entonces, sujeto a ciertas excepciones, a menos que de igual manera se extendiera el término ("Fecha Límite de Retiro").

12. El 29 de octubre de 2020, Fitch Ratings bajó las calificaciones de largo plazo en escala nacional de Grupo Famsa, S.A.B. de C.V., a 'C(mex)' desde 'BB(mex)'. Al mismo tiempo, bajó las calificaciones de largo plazo en escala internacional (IDR) a 'C' desde 'B-'. A su vez, bajó la calificación nacional de corto plazo de Famsa a 'C(mex)' desde 'B(mex)'. La baja en la calificación se sustentó en que la propuesta de intercambio incorporaba un deterioro significativo en los términos contractuales de los bonos con vencimiento en 2020, dado que el intercambio iba acompañado de una solicitud de consentimiento que proponía eliminar la mayoría de las obligaciones restrictivas y ciertos eventos de incumplimiento incluidos en el contrato de emisión de los bonos 2020 para los tenedores que no aceptaran la transacción. Adicionalmente incluyeron la mención de que la propuesta de intercambio de entrega de bonos 2024 contemplaba una extensión de la fecha de vencimiento por cinco años, evaluada como una acción necesaria para evitar una cesación de pagos por parte de la compañía.

13. Por su parte, el 30 de octubre de 2019, S&P Global Ratings confirme las calificaciones crediticias de emisor en escala global de 'CCC+' y emisor en escala nacional –CaVal– de 'mxCCC+' y mantuvo la perspectiva negativa sustentando que el canje propuesto no es asimilable a un evento de incumplimiento, ya que las nuevas notas se intercambiarían a valor par, con un mayor cupón y un colateral, a diferencia de la emisión original que no cuenta con colateral.

14. La acción de bajar la calificación nacional de corto plazo de Grupo Famsa hasta 'C(mex)'por parte de Fitch Ratings, quien a su vez funge como único agente calificador para los dos programas de colocación bursátil que Grupo Famsa mantenía en el mercado por un monto de hasta $1,500 mdp, limitó de manera importante la oportunidad de la compañía de continuar efectuando renovaciones y nuevas colocaciones de papel a través de los programas bursátiles vigentes. La calificación en niveles de (C) se recoge de manera inmediata en los indicativos de riesgo que establece la Institución que se encarga de la valuación de los instrumentos bursátiles (Valuación Operativa y Referencias de Mercado S.A. de C.V. (VALMER))quien como resultado de las acciones de Fitch Ratings, brindó una valuación no mayor de $30 pesos en comparativo con su precio nominal base de $100 pesos, impactando de manera directa las inversiones vigentes de los certificados bursátiles en circulación.

Por tal motivo las Casas de Bolsa Base S.A. de C.V. y Vector Casa de Bolsa S.A. de C.V. facultadas para la colocación del papel bursátil de Grupo Famsa en pro de la protección del patrimonio de sus clientes, limitaron la promoción del papel con su red de clientes.

15. El 8 de noviembre de 2019, la compañía anunció una extensión de la fecha temprana de pago respecto de la Oferta de Intercambio y la Solicitud de Consentimiento a efecto de proporcionarle a los tenedores y a los titulares de los Bonos un plazo adicional para recibir y analizar los materiales de la Oferta de Intercambio y ofrecer sus Bonos, extendiendo la fecha temprana de pago hasta el 15 de noviembre de 2019 a las 5:00 p.m., hora de la ciudad de Nueva York. Los tenedores que presentaran válidamente los Bonos antes de la fecha temprana de pago recibirían la contraprestación total.

16. El 18 de noviembre de 2019, la compañía anunció una extensión adicional de la fecha temprana de pago respecto de la oferta de Intercambio y la Solicitud de Consentimiento, al no haber cumplido con la condición mínima de oferta de intercambiar al menos USD$112,000,000 dólares, o el 80%, de los Bonos en circulación. Por consiguiente, a efecto de proporcionarle a los tenedores y a los titulares de los Bonos un plazo adicional para recibir y analizar los materiales de la oferta de intercambio y ofrecer sus Bonos, el emisor extendió la fecha temprana de pago hasta el 25 de noviembre de 2019 a las 11:59 p.m., hora de la ciudad de Nueva York, que también era la fecha de vencimiento. Los tenedores que presentarán válidamente los Bonos antes de la fecha temprana de pago recibirían la contraprestación total.

17. El 25 de noviembre de 2019 se había alcanzado una Oferta de Intercambio por USD$76,090,000 dólares o 54.35% del monto

principal de los Bonos en circulación, por lo que el 26 de noviembre de 2019, Grupo Famsa anunció que, a efecto de proporcionarle a los tenedores y a los titulares de los Bonos un plazo adicional para ofrecer sus Bonos, extendería la fecha temprana de pago y de la fecha de vencimiento hasta el 10 de diciembre de 2019 a las 5:00 p.m., horas de la ciudad de Nueva York.

Adicionalmente, la compañía modificó la oferta de intercambio para incluir el pago en efectivo de un monto de USD$10 dólares por cada USD$1,000 dólares del monto principal de los Bonos ofrecidos a los que les corresponde la contraprestación total; e incluir un pago en efectivo adicional de USD$2.50 dólares por cada USD$1,000 dólares de los Bonos ofrecidos a los que les corresponde la contraprestación total en caso de que el Emisor renuncie a la Condición mínima de oferta, lo que significa que al menos USD$112,000,000 dólares o el 80% del importe de los Bonos estarán siendo aceptados para el intercambio.

De igual manera extendió la fecha límite de retiro, la cual inicialmente expiraba el 8 de noviembre de 2019, para que los titulares de los Bonos pudieran retirar los Bonos ofrecidos en cualquier momento antes del 29 de noviembre de 2019 a las 5:00 p.m., hora de la ciudad de Nueva York.

18. El 11 de diciembre de 2019, Grupo Famsa notificó al público en general que habían sido válidamente ofrecidos en la oferta de intercambio USD$80,922,000 dólares o 57.80% del monto principal de los Bonos en circulación. Por consiguiente, la compañía eligió renunciar a la Condición Mínima de Oferta y aceptar todos los Bonos ofrecidos en la oferta de intercambio. Asimismo, por cada USD$1,000 dólares del monto principal de los Bonos en circulación ofrecidos y aceptados en la oferta de intercambio, los tenedores recibirán USD$1,000 dólares correspondientes al monto principal de los Nuevos Bonos y USD$12.50 dólares en efectivo.

19. La liquidación de la oferta de intercambio se llevó a cabo el 17 de diciembre de 2019, por lo que los tenedores recibieron USD$1,000 dólares correspondientes al monto principal de los Nuevos Bonos y USD$12.50 dólares en efectivo. Se emitieron Nuevos Bonos por un monto principal de USD$80,922,000 dólares.

Asimismo, en la misma fecha se realizó las Modificaciones Propuestas al acta de emisión (indenture) bajo la cual fueron emitidos los Bonos 2020, las cuales surtieron efectos simultáneamente a la liquidación de la oferta de intercambio.

20. A pesar del intercambio de gran parte de las Notas Senior 2020, la compañía continuó con un remanente de USD$59,078,000 dólares que no pudo ser intercambiado y que por consiguiente continuaba representando una presión en el pago de las mismas a junio de 2020.

21. Como resultado de lo anterior, el 13 de diciembre de 2019 S&P Global Ratings bajó de nueva cuenta las calificaciones crediticias de Grupo Famsa como emisor en escala global 'CCC-' de 'CCC+' y crediticia de emisor en escala nacional – CaVal– a 'mxCCC-' de 'mxCCC+'. Al mismo tiempo, bajo la calificación de las notas senior no garantizadas de la compañía, con vencimiento en 2020, a 'CCC-' de 'CCC+'. La perspectiva por parte de la calificadora se mantuvo negativa, resultado del remanente de US$59,078,000 dólares pendientes de reestructurar.

Días después, el 23 de diciembre de 2019, S&P Global Ratings volvió a llevar a cabo una acción de calificación a la compañía, asignando en escala global una calificación de 'CCC-' a las notas senior garantizadas a una tasa de 9.75% con vencimiento en 2024 de Grupo Famsa.

22. Por su parte, el 18 de diciembre de 2019 Fitch Ratings bajó las calificaciones de largo plazo en escala nacional de Grupo Famsa, S.A.B. de C.V. a 'RD(mex)' desde 'C(mex)'. Al mismo tiempo, bajo las calificaciones de largo plazo en escala internacional (IDR) a 'RD' desde 'C'. A su vez, bajó la calificación nacional de corto plazo de Grupo Famsa a 'RD(mex)' desde 'C(mex)'. Estas acciones de calificación se tomaron luego de que el 10 de diciembre de 2019, la compañía culminara el proceso de intercambio de deuda de los bonos internacionales con vencimiento en 2020.

23. Subsecuentemente, Fitch re-evaluó la estructura nueva de capital de Grupo Famsa posterior al canje de deuda y subió la calificación de largo plazo en escala nacional a 'CCC-(mex)'. Del mismo modo, Fitch subió las calificaciones IDR a 'CCC-' y la calificación de corto plazo en escala nacional a 'C(mex)'. Las calificaciones fueron reflejo del riesgo de refinanciamiento de la porción no intercambiada de los bonos internacionales con vencimiento el primero de junio de 2019 por un monto de USD$59.1 millones.

24. Cabe recalcar que durante el 2019 Grupo Famsa emitió $3,890,178 miles de pesos en Certificados Bursátiles, mismos que fueron utilizados, principalmente, para la renovación de vencimientos bursátiles. Asimismo, Grupo Famsa amortizó $4,294,145 miles de pesos en Certificados Bursátiles durante el año. Lo anterior representó una salida de flujo importante para la compañía para hacer frente a sus obligaciones bursátiles de corto plazo.

25. Desde inicios del 2020, la compañía estuvo llevando a cabo reuniones con diferentes instituciones financieras a modo de evaluar nuevas alternativas o retomar propuestas previamente analizadas para poder refinanciar el monto remanente de las notas senior no garantizadas en el mercado bursátil. A la par continuó con el acercamiento con algunas instituciones bancarias locales con el fin de poder establecer una línea de crédito para sustituir el pasivo por $59,078,000 dólares.

Los costos a incurrir en algunas de las alternativas propuestas, así como el inicio de la pandemia por COVID-19 fueron una de las principales limitantes para concretar la reestructura del pasivo.

26. Al 30 de enero de 2020 el programa de colocación de certificados bursátiles, por un monto autorizado de hasta $500,000,000 pesos o su equivalente en unidades de inversión o en dólares de los Estados Unidos de América llegó a su vencimiento. Este programa contaba con 4 emisiones vigentes al amparo del mismo.

De igual manera el 9 de marzo de 2020 el programa de colocación de certificados bursátiles, por un monto autorizado de hasta $1,000,000,000 pesos o su equivalente en unidades de inversión o en dólares de los Estados Unidos de América llegó a su vencimiento. Este programa contaba con 4 emisiones vigentes al amparo del mismo.

Los trámites para la renovación de los programas se encuentran en curso, sin embargo, no se ha obtenido respuesta por parte de la Comisión Nacional Bancaria y de Valores respecto de la autorización de los programas solicitados.

Por lo anterior Grupo Famsa no cuenta con programas de certificados bursátiles vigentes para continuar financiándose a corto plazo a través del mercado local.

27. El 27 de marzo de 2020 la calificadora Fitch Ratings ejerció de nueva cuenta una acción de calificación hacia la baja en escala nacional a 'CC(mex)' desde 'CCC-(mex)'. Al mismo tiempo bajó las calificaciones de largo plazo en escala internacional (IDR) a 'CC' desde 'CCC-' y de los bonos internacionales con vencimiento en 2024 a 'CC/RR4' desde 'CCC-/RR4'. A su vez, afirmó la calificación nacional de corto plazo de Grupo Famsa en 'C(mex)', lo cual comprende las emisiones de corto plazo todavía vigentes.

La acción de calificación se dió como reflejo de la aún continua liquidez ajustada de Grupo Famsa para hacer frente a sus obligaciones financieras de corto plazo, principalmente el remanente de las Notas Senior 2020 no reestructurado, así como que el proceso de reestructura se presentaba en medio de un entorno operativo y financiero extremadamente retador como consecuencia del contexto actual de disrupciones relacionadas con el coronavirus y la depreciación del peso mexicano frente al

dólar estadounidense.

28. Después de evaluar algunas alternativas, Grupo Famsa anunció el 29 de mayo de 2020 el inicio de un proceso para reestructurar única y exclusivamente sus senior notes 7.250% en circulación "Bonos 2020", que representan un monto principal de USD$59,078,000 dólares con vencimiento el 1 de junio de 2020. Como parte de este proceso, Grupo Famsa inició una solicitud de votos (la "Solicitud") para llevar a cabo un plan con acuerdo previo de restructura bajo las leyes de los Estados Unidos de América (el "Plan").

29. De acuerdo con el Plan establecido, los tenedores de los Bonos 2020 recibirán lo siguiente: Los tenedores de los Bonos 2020 que al 28 de mayo de 2020 (la "Fecha de Registro de la Votación"), presentarán válidamente su voto a favor del Plan antes de las 5:00pm del 23 de junio de 2020 (la "Fecha Límite de Votación") y que entreguen sus Bonos 2020 de conformidad con los procedimientos requeridos recibirán (i) nuevos bonos senior (senior notes) con una tasa anual de 10.25% con vencimiento el 15 de diciembre de 2023 (los "Nuevos Bonos Serie A") por un monto principal igual al monto principal de los Bonos 2020 de los que sean tenedores, más el importe de los intereses de los Bonos 2020 que se hayan devengado hasta la fecha en que surta efectos el Plan; y (ii) un pago en efectivo adicional de USD$10 dólares por cada USD$1,000 dólares correspondientes al importe de principal de los Bonos 2020 de los que sean tenedores.

30. El resto de los tenedores de los Bonos 2020 recibirán nuevos bonos senior (senior notes) con una tasa anual de 9.75% con vencimiento el 15 de diciembre de 2024 (los "Nuevos Bonos Serie B" y, conjuntamente con los Nuevos Bonos Serie A, los "Nuevos Bonos") por un monto principal igual al monto principal de los Bonos 2020 de los que sean tenedores.

Conforme al plan, en caso de que los tenedores de los Bonos 2020 que representen al menos dos terceras partes del monto en dólares y más de la mitad del número de bonos, presenten oportunamente su aceptación del Plan (contando únicamente aquellos que efectivamente votaron para aceptar o rechazar el plan), la intención de la Compañía será de presentar una solicitud de reestructuración voluntaria para implementar el Plan. El objetivo principal de la Solicitud y del Plan es reestructurar los Bonos 2020.

Asimismo, Grupo Famsa anunció que no realizaría el pago de los Bonos 2020 a su vencimiento y considera que la consumación del Plan representaba la mejor alternativa para reestructurar de manera exitosa los Bonos 2020 sin afectar otras obligaciones frente a sus acreditantes, acreedores comerciales y otros terceros. De igual manera la anunció la intención de cumplir con sus obligaciones de pago derivadas de los bonos senior (senior notes) 9.75% con vencimiento en 2024 y de sus certificados bursátiles de corto plazo.

31. En acuerdo a lo anteriormente mencionado, Grupo Famsa el 15 de junio de 2020 realizó el pago de intereses devengados correspondiente al primer cupón de sus Bonos Senior 9.75% con vencimiento en 2024.

32. Por su parte las calificadoras emitieron ejercicios de calificación hacia la baja resultado de la ausencia de pago de capital e intereses de las notas senior no garantizadas con vencimiento en 2020.

33. S&P Global Ratings bajó la calificación a "SD" desde "CCC-", mientras que Fitch Ratings bajó las calificaciones de largo plazo en escala nacional a 'RD(mex)' desde 'CC(mex)' y la calificación nacional de corto plazo de Famsa a 'RD(mex)' desde 'C(mex)'. Al mismo tiempo, bajó las calificaciones de largo plazo en escala internacional (IDR) a 'RD' desde 'CC' y la calificación de los bonos internacionales con vencimiento en 2024 a 'C/RR4' desde 'CC/RR4'. Las emisiones de corto plazo mantienen su calificación de 'C(mex)'.

34. El 23 de junio de 2020 Grupo Famsa recibió el apoyo mayoritario de los tenedores de los Bonos 2020 al votar a favor sobre el plan de reestructura de las notas senior que vencieron el 1 de junio de 2020. Los votos afirmativos fueron aproximadamente 96% del principal ($48.6 millones de dólares, moneda de curso legal en los Estados Unidos de América) y más del 98% en número de tenedores (361) que votaron sobre el plan de reestructura.

35. Posteriormente el 26 de junio presentó una solicitud de reestructura voluntaria bajo el Capítulo 11 del Código de Bancarrota de los Estados Unidos (United States Bankruptcy Code) ante el Tribunal de Bancarrota de los Estados Unidos (United States Bankruptcy Court) para el Distrito Sur de Nueva York con el fin de obtener la autorización de su plan de reestructuración con acuerdo previo bajo el Capítulo 11 de dicho código que permitiría a la Compañía restructurar sus senior notes 7.250% en circulación con vencimiento el 1 de junio de 2020 ("Bonos 2020").

36. El 30 de junio de 2020, Banco Ahorro Famsa, S.A., Institución de Banca Múltiple ("Banco Ahorro Famsa") fue notificada por parte de la Comisión Nacional Bancaria y de Valores ("CNBV") sobre la revocación de su licencia para operar como Institución de Banca Múltiple. Y con fecha efectiva del 1 de julio de 2020 se dio inicio al procedimiento de liquidación de Banco Ahorro Famsa por parte del Instituto de Protección al Ahorro Bancario ("IPAB").

37. Como consecuencia del retiro de la licencia bancaria, la operación comercial de Grupo Famsa sufrió diversas afectaciones, entre las cuales destacan: i) el impedimento para poder llevar a cabo ventas a crédito, ya que el otorgamiento y origen del crédito se efectuaba por medio de Banco Ahorro Famsa; ii) la imposibilidad de las tiendas de operar sus terminales punto de venta dado a que el servicio de las mismas era brindado por Banco Ahorro Famsa; iii) la limitación en los accesos a las tiendas comerciales con motivo de las medidas de seguridad derivadas de la contingencia COVID-19, así como medida precautoria ante la alteración de cuentahabientes y ahorradores que deseaban acceder a las instalaciones de las diversas sucursales bancarias para solicitar información en relación a sus cuentas de ahorro, inversiones y/o créditos.

Lo anterior también se traduce en una reducción significativa de los ingresos y flujos de la compañía que conllevan a presionar y cuestionar de manera importante su liquidez.

38. Ante el retiro de la licencia bancaria de Banco Ahorro Famsa, S&P Global Ratings colocó la calificación de "CCC-"de las Notas 2024 y confirmo la calificación de Grupo Famsa como emisor en "SD".

Por su parte Fitch Ratings bajó las calificaciones de largo plazo en escala nacional de Grupo Famsa, S.A.B. de C.V. (Famsa) a 'D(mex)' desde 'RD(mex)'. Al mismo tiempo, bajó las calificaciones de largo plazo en escala internacional (IDR) a 'D' desde 'RD'. Del mismo modo, ratificó la calificación de los bonos internacionales con vencimiento en 2024 en 'C' y cambió la calificación de recuperación (recovery rating) a 'RR5' desde 'RR4'. A su vez, bajó la calificación nacional de corto plazo de Famsa a 'D(mex)' desde 'RD(mex)'.

39. A partir del 1 de julio, Grupo Famsa ha efectuado diversos incumplimientos de sus pasivos bancarios, bursátiles y arrendamientos; así como atrasos en pagos de proveedores y acreedores.

40. Finalmente el 14 de julio de 2020, Grupo Famsa presentó una solicitud de retiro voluntario del Capítulo 11 del Código de Bancarrota de los Estados Unidos (United States Bankruptcy Code), derivado principalmente del proceso de revocación de la licencia bancaria de Banco Ahorro Famsa S.A, Institución de Banca Múltiple en liquidación, y que a su vez modifica el entorno bajo el cual se amparan los términos y condiciones de la votación de propuesta del plan de refinanciamiento de los Bonos 2020.

41. Conforme a la información que en forma puntual y detallada se ha adjuntado a la presente, manifiesto que los activos con los cuales mi representada cuenta al día treinta de junio de dos mil veinte, son:

a) Efectivo o el equivalente en efectivo, por la cantidad de: **$16,914,474.07 (dieciséis millones novecientos catorce mil**

cuatrocientos setenta y cuatro 07/100 M.N.).

b) Cuentas por cobrar con partes relacionadas por la cantidad de: **$5,450,621,116.66 (cinco mil cuatrocientos cincuenta millones seiscientos veintiún mil ciento dieciséis pesos 66/100 M.N.).**

c) Créditos Mercantiles por la cantidad de: **$241,098,175.00 (doscientos cuarenta y un millones noventa y ocho mil ciento setenta y cinco pesos 00/100 M.N.).**

De la información anterior, se desprende que Grupo Famsa a la fecha indicada cuenta con un activo cuyo valor expresado en pesos mexicanos, asciende a la cantidad de **$5,708,633,765.73 (cinco mil setecientos ocho millones seiscientos treinta y tres mil setecientos sesenta y cinco pesos 73/100 M.N.).**

42. En el mismo sentido, para efectos de la procedencia de la presente solicitud, con base en la información que mi representada ha adjuntado en los anexos respectivos, en los cuales consta de forma puntual y detallada que los pasivos que Grupo Famsa tiene al día treinta de junio de dos mil veinte, son los siguientes:

a) Pasivos bancarios y bursátiles por la cantidad de: **$9,697,799,392.00 (Nueve mil seiscientos noventa y siete millones setecientos noventa y nueve mil trescientos noventa y dos pesos 00/100 M.N.).**

b) Arrendamientos financieros por la cantidad de: **$85,554,937.75 (ochenta y cinco millones quinientos cincuenta y cuatro mil novecientos treinta y siete 75/100 M.N.).**

c) Cuentas por pagar con partes relacionadas por la cantidad de: **$8,589,888,120.36 (Ocho mil quinientos ochenta y nueve millones ochocientos ochenta y ocho mil ciento veinte pesos 36/100 M.N.).**

d) Pasivos con proveedores por la cantidad de: **$1,173,490,833.55 (Mil ciento setenta y tres millones cuatrocientos noventa mil ochocientos treinta y tres pesos 55/100 M.N.).**

e) Pasivos con terceros (Cardiff) por la cantidad de: **$168,807,589.00 (Ciento sesenta y ocho millones ochocientos siete mil quinientos ochenta y nueve pesos 00/100 M.N.).**

De los conceptos antes citados, se denota que Grupo Famsa a la fecha indicada cuenta con pasivos cuyo valor expresados en pesos mexicanos, asciende a la cantidad de **$19,715,540,872.66 (diecinueve mil setecientos quince millones quinientos cuarenta mil ochocientos setenta y dos pesos 66/100 M.N.).**

43. Por lo que, los pasivos que Grupo Famsa tiene a la fecha indicada, son más de dos veces superiores a sus activos. Tal como se acredita con los estados financieros debidamente auditados que se acompañan como Anexo 1 a la presente solicitud, en donde de manera clara se dictaminó dicha situación.

En ese mismo orden de ideas, se manifiesta bajo formal protesta de decir verdad y con fundamento en los documentos y anexos que al efecto se acompañan a la presente solicitud, que mi representada al día 30 de junio de dos mil veinte, se encuentra dentro del concepto de incumplimiento generalizado en el pago de sus obligaciones a más de dos proveedores distintos, en atención a que ante la falta de ingresos ha incumplido con los siguientes pagos:

a) Pasivos bursátiles denominado "Bono 2020", cuyo acreedor es la institución Bank of New York Mellon, por la cantidad de: **$1,322,756,420.00 (Un mil trescientos veintidós millones setecientos cincuenta y seis mil cuatrocientos veinte pesos 00/100 M.N.), más $47,949,920 (cuarenta y siete millones novecientos cuarenta y nueve mil novecientos veinte 00/100)** por concepto de intereses.

b) Pasivos bursátiles denominado "Bono 2024", cuyo acreedor es la institución Bank of New York Mellon, por la cantidad de: **$1,811,843,680.00 (Un mil ochocientos once millones ochocientos cuarenta y tres mil quinientos ochenta).**

c) Pasivo por crédito bancario suscrito el 25 de julio de 2017, con la institución **Banco Nacional de Comercio Exterior S.N.C., Banca de Desarrollo (Bancomext),** cuyo saldo a la fecha indicada es por **$2,355,037,380.00 (Dos mil trescientos cincuenta y cinco millones treinta y siete mil trescientos ochenta pesos 00/100 M.N.), más $107,701,093.00 por** concepto de intereses.

d) Pasivo por crédito bancario suscrito el 20 de junio de 2018, con la institución **Banco Nacional de Comercio Exterior S.N.C., Banca de Desarrollo (Bancomext),** cuyo saldo a la fecha indicada es por **$916,300,000.00 (Novecientos dieciséis millones trescientos mil pesos 00/100 M.N.), más $1,980,926.00, por concepto de intereses.**

e) Pasivo por crédito bancario, con la institución **Monex Casa de Bolsa S.A. de C.V., Monex Grupo Financiero,** cuyo saldo a la fecha indicada es por **$52,016,000.00 (Cincuenta y dos millones dieciséis mil pesos 00/100 M.N.), más $353,189.00 por** concepto de intereses.

... Pasivo por crédito bancario, con la institución Banco Ahorro Famsa S.A., institución de Banca Múltiple, cuyo saldo a la fecha indicada es por **$1,500,000,000.00 (Mil quinientos millones de pesos 00/100 M.N.), más $5,100,625.00 por concepto de intereses.**

f) Pasivo con proveedores, cuyo saldo a la fecha indicada es por **$1,173,490,833.55 (Mil ciento setenta y tres millones cuatrocientos noventa mil ochocientos treinta y tres pesos 55/100 M.N.).**

g) Pasivo con parte relacionada con **Corporación de Servicios Ejecutivos S.A. de C.V.** cuyo saldo a la fecha indicada es por **$45,179,124.10 (Cuarenta y cinco millones ciento setenta y nueve mil ciento veinticuatro pesos 10/100 M.N.).**

h) Pasivo con parte relacionada con **Corporación de Servicios Ejecutivos Famsa S.A. de C.V.** cuyo saldo a la fecha indicada es por **$6,019,361.70 (seis millones diecinueve mil trescientos sesenta y un pesos 70/100 M.N.).**

i) Pasivo con parte relacionada **Corporación de Servicios para la administración de valores S.A. DE C.V.** cuyo saldo a la fecha indicada es por **$719,169.80 (setecientos diecinueve mil ciento sesenta y nueve pesos con 80/100 M.N)**

j) Pasivo con parte relacionada **Expormuebles S.A. de C.V.** cuyo saldo a la fecha indicada es por **$6,878,902.08 (seis millones ochocientos setenta y ocho mil novecientos dos pesos 08/100 M.N)**

k) Pasivo con parte relacionada **Famsa México S.A. de C.V.** cuyo saldo a la fecha indicada es por **$12,917,224.90 (doce millones, novecientos diecisiete mil doscientos veinticuatro pesos 90/100 M.N)**

l) Pasivo con parte relacionada **Garval Servicios de Asesoría Empresarial, S.A. de C.V.** cuyo saldo a la fecha indicada es por **$79,794,745.44 (setenta y nueve millones setecientos noventa y cuatro mil, setecientos cuarenta y cinco pesos 44/100 M.N)**

m) Pasivo con parte relacionada **Geografía Patrimonial S.A. de C.V.** cuyo saldo a la fecha indicada es por **$698,589,927.20 (seiscientos noventa y ocho millones quinientos ochenta y nueve mil novecientos veintisiete pesos 20/100 M.N).**

n) Pasivo con parte relacionada **Impulsora Promobien S.A. de C.V.** cuyo saldo a la fecha indicada es por **$6,841,503,672.93 (seis mil ochocientos cuarenta y uno millones, quinientos tres mil seiscientos setenta y dos pesos 93/100 M.N)**

o) Pasivo con parte relacionada **Inmobiliaria Garza Valdez Laguna S.A. de C.V.** cuyo saldo a la fecha indicada es por **$3,000.00 (tres mil pesos 00/100 M.N)**

p) Pasivo con parte relacionada **Inmobiliaria Logar S.A. de C.V.** cuyo saldo a la fecha indicada es por **$1,000.00 (mil pesos 00/100 M.N)**

q) Pasivo con parte relacionada **Mayoramsa S.A. de C.V.** cuyo saldo a la fecha indicada es por **$488,528,176.22 (cuatrocientos ochenta y ocho millones, quinientos veintiocho mil ciento setenta y seis pesos 22/100 M.N)**

r) Pasivo con parte relacionada **Promotora Sultana S.A. de C.V.** cuyo saldo a la fecha indicada es por **$30,761,696.12 (treinta millones, setecientos sesenta y un mil seiscientos noventa y seis pesos 12/100 M.N)**

s) Pasivo con parte relacionada **Suministro Especial de Personal S.A. de C.V.** cuyo saldo a la fecha indicada es por **$205,325,407.15 (doscientos cinco millones, trescientos veinte cinco mil cuatrocientos siete pesos 15/100 M.N)**

t) Pasivo por concepto de ingreso diferido con parte relacionada **Banco Ahorro Famsa México S.A. de C.V.** cuyo saldo a la fecha indicada es por **$173,666,712.72 (ciento setenta y tres millones, seiscientos sesenta y seis mil setecientos doce pesos 72/100 M.N)**

De las cantidades antes señaladas, se desprende que la cantidad total es por **$17,884,418,086.91 (diecisiete mil ochocientos ochenta y cuatro millones cuatrocientos dieciocho mil ochenta y seis 91/100 M.N.)**, misma que representa como he referido el monto total de las obligaciones de pago que mi representada ha referido, en donde además se observa que sus acreedores son más de cinco que no guardan relación entre si por ser personas jurídicas distintas.

Bajo ese orden de ideas, su Señoría para los efectos de procedencia de la presente solicitud, le preciso que al realizar una simple operación aritmética en la cual no se requiere de conocimientos técnicos o científicos, tenemos que el 35 % de los pasivos con los que mi representada cuenta es por la cantidad de **$6,953,473,201.83 (seis mil novecientos cincuenta y tres millones cuatrocientos setenta y tres mil doscientos un pesos 83/100 M.N.)**. Como se señala a continuación:

**Pasivo total: $19,715,540,872.66**
**Multiplicada por: 35 %**
**Total: $6,900,439,305.43**

De lo anterior, con plena claridad se desprende que mi representada se encuentra dentro de los supuestos de procedencia que ordenan los artículos 9, 10 y 11 de la Ley de Concursos Mercantiles, en virtud de que las obligaciones que ha dejado de cumplir ascienden a la cantidad de **$17,884,418,086.91 (diecisiete mil ochocientos ochenta y cuatro millones cuatrocientos dieciocho mil ochenta y seis 91/100 M.N.)**, cantidad que es superior a la que antes se ha señalado como el 35 % del total de los pasivo, como se puede desprender de la simple comparación de dichas cifras.

Aunado a lo anterior, para los efectos de procedencia de la presente solicitud, tenemos que las obligaciones que mi representada ha dejado de cumplir ascienden a la cantidad de **$17,884,418,086.91 (diecisiete mil ochocientos ochenta y cuatro millones cuatrocientos dieciocho mil ochenta y seis 91/100 M.N.)** misma que al realizar una simple operación aritmética en la cual no se requiere de conocimientos técnicos o científicos, tenemos que el 80 % de la misma, nos da como resultado la cantidad de **$14,307,854,469.53 (catorce mil trescientos siete millones ochocientos cincuenta y cuatro mil cuatrocientos sesenta y nueve 53/100 M.N.).,** como se puede apreciar con claridad en la siguiente operación:

**Obligaciones incumplidas: $17,884,418,086.91**
**Multiplicada por: 80 %**
**Total: $14,307,854,469.53**

Con base en la cantidad anterior, tenemos que los activos a que hemos hecho mención en párrafos anteriores asciende a la cantidad de **$5,708,633,765.73 (cinco mil setecientos ocho millones seiscientos treinta y tres mil setecientos sesenta y cinco pesos 73/100 M.N.)** con los que mi representada cuenta, no se equiparan a la cantidad que representa el ochenta por ciento (80 %) de los pasivos que ha dejado de cumplir, por lo tanto, se acredita en forma plena la procedencia de la presente solicitud.

Razones por las cuales, venimos a solicitar se declare el Concurso Mercantil de Grupo Famsa, ya que de lo hechos anteriormente narrados se desprende que dicha sociedad se encuentra dentro de los supuestos establecidos en el artículo 10, 11 y 20 de la Ley de Concursos Mercantiles. Por lo que es procedente dicha solicitud, tal como se acredita con todos los anexos adjuntos a la presente solicitud mismos que en el momento procesal oportuno verificará el visitador.

## Anexos

De conformidad con lo dispuesto por el artículo 20 de la LCM, además de presentarse en la forma que se indica y de contener lo que en esos artículos se prevé, la solicitud de concurso mercantil, debe acompañarse de los anexos que se relacionan en este apartado. Para cada uno de ellos se ha diseñado por lo menos una carátula útil para identificarlos así como, en su caso, para indicar y organizar la información que deben contener.

Utilice los formatos diseñados para cada caso.

En cada uno de los renglones pulse el botón que identifique el título del anexo de los documentos que acompaña. Cuando por la naturaleza del comerciante o circunstancias jurídicas particulares, no se adjunta la documentación, pulse el botón que se encuentra en la columna denominada "No aplica" y en el formato correspondiente, cuando sea el caso, exprese las razones por las que no se exhibe.

| Clave | Número del anexo | Título del anexo | | No aplica |
|-------|------------------|------------------|--|-----------|
| LP2/20 | Anexo 1 | ● | Estados financieros del comerciante | |
| LP2/20 | Anexo 2 | ● | Memoria razonada de las causas que sitúan al comerciante en incumplimiento o inminente incumplimiento en el pago de sus obligaciones | |
| LP2/20 | Anexo 3 | ○ | Relación de acreedores | ○ |
| LP2/20 | Anexo 4 | ○ | Relación de deudores | |
| LP2/20 | Anexo 5 | ● | Inventario de todos los bienes del comerciante | ○ |
| LP2/20 | Anexo 6 | ○ | Relación de juicios en los cuales el comerciante sea parte | |
| LP2/20 | Anexo 7 | ● | Ofrecimiento de otorgar la garantía a que se refiere el artículo 24 de la LCM | ○ |
| LP2/20 | Anexo 8 | ○ | Acuerdos de los actos corporativos necesarios para solicitar la declaración en concurso mercantil | ○ |
| LP2/20 | Anexo 9 | ○ | Propuesta de convenio preliminar de pago a acreedores | ○ |
| LP2/20 | Anexo 10 | ○ | Propuesta preliminar de conservación de la empresa | ○ |
| LP2/20 | Anexo 11 | ● | Documentos con los que se acredita personalidad | |
| LP2/20 | Anexo 12 | ● | Documentos con los que acredita el carácter de comerciante | |

## Información registral, fiscal y laboral

Para los efectos de los artículos 43, 44 y 45 de la LCM, proporcione la siguiente información adicional o manifieste la razón por la que no la proporciona:

### Registro público de comercio:
Número 250, folio 41, volumen 234 del libro Número 3 Segundo Auxiliar Escritura de Sociedad es Mercantiles Sección de Comercio en Monterrey Nuevo León el 11 de marzo de 1980.

Escriba el nombre con el que se identifique a la autoridad encargada de llevar el registro de comercio en la entidad federativa de que se trate, y en su caso, proporcione los datos con los que se encuentre inscrito el comerciante en el registro público de comercio como folio, libro, partida, antecedente registral u otro.

### Registro de bienes:
Haga clic aquí para escribir texto.

Escriba el nombre con el que se identifique a la autoridad encargada de llevar el registro de bienes y o garantías en la entidad federativa de que se trate, y en su caso, proporcione los datos de registro que se relacionan con bienes propiedad del comerciante como folio, libro, partida, antecedente registral u otro.

### Registro federal de contribuyentes:
GFA97/1015267

Escriba el Registro Federal de Contribuyentes del comerciante.

### Sindicato(s) al (a los) que se encuentran afiliados sus trabajadores:
Haga clic aquí para escribir texto.

Escriba el nombre completo y domicilio de la agrupación o agrupaciones sindicales, a las que, en su caso, estén afiliados los trabajadores del comerciante.

### Representante sindical:
Haga clic aquí para escribir texto.

Escriba el nombre completo y domicilio.

### Peticiones adicionales

En el recuadro siguiente escriba cuantas peticiones adicionales a las que se prevén en el formato y sus secciones, juzgue convenientes, en tanto sean pertinentes al trámite del concurso mercantil.

Utilice un recuadro por cada petición y tantas hojas como sean necesarias.

#### PROVIDENCIAS PRECAUTORIAS

Con fundamento en lo dispuesto por los artículos 8, 25, 26 segundo párrafo y 37 de la Ley de Concursos Mercantiles, 1168 y 1171 del Código de Comercio y 384 al 388 del Código Federal de Procedimientos Civiles éste último de aplicación supletoria supletoriamente solicito me sean concedidas las **Providencias Precautorias** en los términos siguientes:

*1.- La declaración judicial que haga su señoría ordenando la suspensión del cumplimiento de las obligaciones que contrajo Grupo Famsa, S.A.B. de C.V., a no hacer pagos de obligaciones vencidas con anterioridad a la fecha en que sea admitida esta solicitud de concurso mercantil, salvo las que sean indispensables para la operación ordinaria de la empresa, hasta la resolución final del juicio que se promueve.*

*2.- La declaración judicial que haga su señoría ordenando la suspensión del cumplimiento de las obligaciones que contrajo Grupo Famsa, S.A.B. de C.V., ordenando la suspensión de todo tipo de procedimiento de ejecución en contra de los bienes y derechos de ésta, hasta la resolución final del juicio de concurso mercantil, que se promueve.*

*3.- La declaración judicial que haga su señoría ordenando la suspensión del cumplimiento de las obligaciones que contrajo Grupo Famsa, S.A.B. de C.V., ordenando la suspensión de todos aquellos procedimientos administrativos de ejecución que se deriven por créditos fiscales en contra de ésta, hasta la resolución final del juicio de concurso mercantil, que se promueve.*

*4.- La declaración judicial que haga su señoría ordenando la suspensión del cumplimiento de las obligaciones que contrajo Grupo Famsa, S.A.B. de C.V., ordenando la prohibición a las instituciones bancarias en donde ésta mantenga cuentas aperturadas, de transferir, disponer, embargar, detener, retener, compensar y/o utilizar los recursos que se encuentren administrados en dichas cuentas o sean parte de su patrimonio, con excepción de aquellas transferencias, disposiciones, movimientos u operaciones análogas o similares que deriven de los actos relacionados con las operaciones ordinarias de la misma y/o autorizadas por la Ley de Concursos Mercantiles, lo anterior hasta la resolución final del juicio que se promueve.*

#### CAPITULO DE PROCEDENCIA

La ley de Concursos Mercantiles en sus artículos 8, 25, 26 segundo párrafo y 37 prevé como ordenamientos supletorios el Código de Comercio y el Código Federal de Procedimientos Civiles; de igual forma se contempla la existencia y supuestos hipotéticos de las Providencias Precautorias en los procedimientos concursales.

Por lo anterior se manifiesta que la procedencia de las Providencias Precautorias, se fundamentan conforme a la supletoriedad del Código Federal de Procedimientos Civiles, que se establecen en los artículos 384 al 388, estos permiten que se puedan decretar medidas cautelares distintas a las previstas limitativamente en el Código de Comercio, ya que la restricción expresa que prevén los artículos 1168 en relación con el 1171 del Código de Comercio, se encuentran referidas exclusivamente a otras medidas de garantía (género), a las que el Código también denomina de modo providencias precautorias, de modo que el juzgador se encuentra impedido para rebasar dicha limitación, para mayor entendimiento se transcriben los artículos correspondientes.

*Ley de Concursos Mercantiles*

*Artículo 8o.- Son de aplicación supletoria a este ordenamiento, en el orden siguiente:*

*I.      El Código de Comercio;*
*II.     La legislación mercantil;*
*III.    Los usos mercantiles especiales y generales;*
*IV.     El Código Federal de Procedimientos Civiles, y*
*V.      El Código Civil en materia federal.*

*Artículo 25.- El acreedor que demande la declaración de concurso mercantil de un Comerciante, podrá solicitar al juez la adopción de providencias precautorias o, en su caso, la modificación de las que se hubieren adoptado. La constitución, modificación o levantamiento de dichas providencias se regirán por lo dispuesto al efecto en el Código de Comercio.*

*Artículo 26.- Admitida la demanda de concurso mercantil, el juez mandará citar al Comerciante, o al Instituto de Administración de Bienes y Activos, en el caso del párrafo segundo, fracción II, del artículo 4o., corriéndole traslado con la demanda y sus anexos, concediéndole un término de nueve días para contestar, debiendo acompañar a su escrito de contestación la relación de acreedores que al efecto alude la fracción III, del artículo 20 de la Ley. El Comerciante deberá ofrecer, en el escrito de contestación, las pruebas que esta Ley le autoriza.*
*Párrafo reformado DOF 10-01-2014, 09-08-2019*

*El juez, a solicitud del Comerciante, o de oficio, dictará las providencias precautorias que considere necesarias a fin de evitar que se ponga en riesgo la viabilidad de la empresa con motivo de la demanda o de otras que se presenten durante la visita, o que se agrave dicho riesgo, para lograr salvaguardar el interés público previsto en el artículo primero de la presente Ley.*

*Al día siguiente de que el juez reciba la contestación dará vista de ella al*

*demandante para que dentro de un término de tres días manifieste lo que a su derecho convenga y, en su caso, adicione su ofrecimiento de pruebas con aquellas relacionadas con las excepciones opuestas por el Comerciante.*
*Párrafo reformado DOF 27-12-2007*

*Al día siguiente de que venza el plazo a que se refiere el primer párrafo de este artículo sin que el Comerciante haya presentado su contestación, el juez deberá certificar este hecho declarando precluido el derecho del Comerciante para contestar. La falta de contestación en tiempo hará presumir, salvo prueba en contrario, como ciertos los hechos contenidos en la demanda que sean determinantes para la declaración de concurso mercantil. El juez deberá dictar sentencia definitiva declarando el concurso mercantil dentro de los cinco días siguientes.*
*Párrafo reformado DOF 27-12-2007*

*Artículo 37.- Además de las providencias precautorias a que hace referencia el artículo 25, el visitador podrá solicitar al juez en el transcurso de la visita la adopción, modificación o levantamiento de las providencias precautorias a las que se refiere este artículo, con el objeto de proteger la Masa y los derechos de los acreedores, debiendo fundamentar en todos los casos las razones de su solicitud.*

*El juez podrá dictar las providencias precautorias que estime necesarias, en cualquier etapa del procedimiento concursal, una vez que reciba la solicitud, o bien de oficio.*
*Párrafo reformado DOF 10-01-2014*

*Las providencias precautorias podrán consistir en las siguientes:*

*I. La prohibición de hacer pagos de obligaciones vencidas con anterioridad a la fecha de admisión de la solicitud o demanda de concurso mercantil;*
*II.    La suspensión de todo procedimiento de ejecución contra los bienes y derechos del Comerciante;*
*III.   La prohibición al Comerciante de realizar operaciones de enajenación o gravamen de los bienes principales de su empresa;*
*IV.    El aseguramiento de bienes;*
*V.     La intervención de la caja;*
*VI.    La prohibición de realizar trasferencias de recursos o valores a favor de terceros;*
*VII.   La orden de arraigar al Comerciante, para el solo efecto de que no pueda separarse del lugar de su Domicilio sin dejar, mediante mandato, apoderado suficientemente instruido y expensado. Cuando quien haya sido arraigado demuestre haber dado cumplimiento a lo anterior, el juez levantará el arraigo, y*
*VIII.  Cualesquiera otras de naturaleza análoga.*

*Desde la solicitud de concurso mercantil o bien, una vez admitida a trámite, el Comerciante podrá solicitar al juez su autorización para la contratación inmediata de créditos indispensables para mantener la operación ordinaria de la empresa y la liquidez necesaria durante la tramitación del concurso mercantil. Para la tramitación de los referidos créditos, el juez podrá autorizar la constitución de garantías que resultaren procedentes, si así fuera solicitado por el Comerciante.*
*Párrafo adicionado DOF 10-01-2014*

*Presentada la petición del Comerciante y dada la urgencia y necesidad del financiamiento, el juez, previa opinión del visitador, resolverá respecto la autorización del financiamiento con el objetivo antes aludido, procediendo a dictar los lineamientos en los que quedará autorizado el crédito respectivo y su pago ordinario durante el concurso mercantil, tomando en consideración su prelación preferente en los términos del artículo 224 de la Ley.*
*Párrafo adicionado DOF 10-01-2014*

### *Código Federal de Procedimientos Civiles*

*Artículo 384.- Antes de iniciarse el juicio, o durante su desarrollo, pueden decretarse todas las medidas necesarias para mantener la situación de hecho existente. Estas medidas se decretarán sin audiencia de la contraparte, y no admitirán recurso alguno. La resolución que niegue la medida es apelable.*

Artículo 385.- *La parte que tenga interés en que se modifique la situación de hecho existente, deberá proponer su demanda ante la autoridad competente.*

Artículo 386.- *Cuando la mantención de los hechos en el estado que guarden entrañe la suspensión de una obra, de la ejecución de un acto o de la celebración de un contrato, la demanda debe ser propuesta por la parte que solicitó la medida, dentro del plazo de cinco días, contados a partir de la fecha en que se haya ordenado la suspensión.*
El hecho de no interponer la demanda dentro del plazo indicado, deja sin efecto la medida.

Artículo 387.- En todo caso en que la mantención de las cosas en el estado que guarden pueda causar daño o perjuicio a persona distinta de la que solicite la medida, se exigirá, previamente, garantía bastante para asegurar su pago, a juicio del tribunal que la decrete.

Artículo 388.- *La determinación que ordene que se mantengan las cosas en el estado que guarden al dictarse la medida, no prejuzga sobre la legalidad de la situación que se mantiene, ni sobre los derechos o responsabilidades del que la solicita.*

### Código de Comercio

Artículo 1168.- En los juicios mercantiles únicamente podrán dictarse las medidas cautelares o providencias precautorias, previstas en este Código, y que son las siguientes:

I. Radicación de persona, cuando hubiere temor fundado de que se ausente u oculte la persona contra quien deba promoverse o se haya promovido una demanda. Dicha medida únicamente tendrá los efectos previstos en el artículo 1173 de este Código;

II. Retención de bienes, en cualquiera de los siguientes casos:

a) Cuando exista temor fundado de que los bienes que se hayan consignado como garantía o respecto de los cuales se vaya a ejercitar una acción real, se dispongan, oculten, dilapiden, enajenen o sean insuficientes, y

b) Tratándose de acciones personales, siempre que la persona contra quien se pida no tuviere otros bienes que aquellos en que se ha de practicar la diligencia, y exista temor fundado de que los disponga, oculte, dilapide o enajene.

En los supuestos a que se refiere esta fracción, si los bienes consisten en dinero en efectivo o en depósito en instituciones de crédito, u otros bienes fungibles, se presumirá, para los efectos de este artículo, el riesgo de que los mismos sean dispuestos, ocultados o dilapidados, salvo que el afectado con la medida garantice el monto del adeudo.

Tratándose de la retención de bienes cuya titularidad o propiedad sea susceptible de inscripción en algún registro público, el Juez ordenará que se haga la anotación sobre el mismo.

*Artículo reformado DOF 10-01-2014*

Artículo 1169.- Las disposiciones del artículo anterior comprenden, no solo al deudor, sino también a los tutores, socios y administradores de bienes ajenos.

Artículo 1170.- El que solicite la radicación de persona, deberá acreditar el derecho que tiene para gestionar dicha medida. Se podrá probar lo anterior mediante documentos o con testigos idóneos.

*Artículo reformado DOF 10-01-2014*

Artículo 1171.- Si la petición de radicación de persona se presenta antes de promover la demanda, además de cumplir con lo dispuesto en el artículo anterior, el promovente deberá garantizar el pago de los daños y perjuicios que se generen si no se presenta la demanda. El monto de la garantía deberá ser

*determinado por el juez prudentemente, con base en la información que se le proporcione y cuidando que la misma sea asequible para el solicitante.*

Artículo reformado DOF 10-01-2014

De estos preceptos se observa que en los juicios mercantiles solamente pueden dictarse las medidas cautelares o las providencias precautorias, sin embargo la Primera Sala de la Suprema Corte de Justicia de la Nación en la tesis de jurisprudencia, *1a/J. 27/ 2013 (10a.)* interpretó estos conceptos , **en el sentido de que la supletoriedad del Código Federal de Procedimientos Civiles, permite se puedan decretar medidas cautelares distintas a las contempladas de manera limitativa en el Código de Comercio**, ya que las restricciones expresas que prevé esa disposición se encuentra referida exclusivamente a otras medidas cautelares de garantía (género), a las que el Código también denomina providencias precautorias (especie), distinta a la radicación de persona y a la retención de bienes, pero esa limitante no abarca a las medidas de tipo conservativo.

Si bien es cierto, que las medidas cautelares y las providencias precautorias están destinadas a garantizar sobre una ejecución y conservación de los bienes, también lo es que despretege al deudor de la no ejecución que no se contempla a contrario sensu, ya que esta resulta indispensable para conservar una masa en favor de los acreedores.

Se alega que la limitante prevista en el artículo 1171, en relación con el artículo 1168 del Código de Comercio, es contraria a la garantía de acceso a la justicia prevista en el artículo 17 de la Constitución Federal; que es procedente la supletoriedad del artículo 384 del Código Federal de Procedimientos Civiles, dado que la naturaleza de los bienes intangibles sobre los que recae la medida necesaria de aseguramiento o conservativa que se pidió, es distinta de aquellos bienes tangibles a que se refiere el Código de Comercio.

## CONSIDERACIONES JURÍDICAS

Desde que se interpone una demanda hasta que se dicta la sentencia, media un período en el cual las consecuencias del transcurso del tiempo no deben ser soportadas por quien tenía razón para litigar, sino por quien infundadamente sostuvo una pretensión contraria. Por eso el Juez, al pronunciar el fallo, debe colocarse al momento de la iniciación del juicio, porque la función del juzgador no es únicamente la de administrar justicia, sino también la de procurar que no queden insatisfechos materialmente los litigios y que toda sentencia sea verdaderamente ejecutable, tutelando los derechos de los contendientes.

Así, existen determinadas situaciones jurídicas que exigen la realización de una actividad procesal previa, tendiente a asegurar el éxito de un proceso definitivo. La primera de esas actividades toma el nombre de "proceso cautelar", vocablo que deriva de caución que significa garantía y lo es, del éxito final del segundo proceso en el cual se logrará la tutela que se pretende.

Las denominadas "medidas cautelares o providencias precauorias" – como las que aquí se solicitan - son aquellas que permiten que el titular de un derecho subjetivo asegure oportunamente su ejercicio, cuando carece de un título ejecutivo mediante el cual pueda de inmediato obtener la ejecución judicial del mismo, y se encuentran sujetas a los siguientes principios:

**a)** Se dictan siempre con el carácter de provisionales y están sujetas a lo que resuelva la sentencia definitiva que se pronuncia en el juicio donde aquéllas se llevan a cabo;

**b)** Excepcionalmente, dan lugar a juicio autónomo como en los interdictos, pero aún en estos casos tienen el carácter de provisionales;

**c)** Pueden promoverse antes de que se inicie el juicio en el que se haga valer el derecho subjetivo que tiende a proteger la medida cautelar o providencias precautorias, durante la tramitación del mismo;

Un proceso cautelar es el que precisamente tiene por objeto obtener una medida preventiva cautelar para asegurar en lo futuro el ejercicio de un derecho o el cumplimiento de una obligación, y mediante estos procedimientos se logra que en lo futuro no sea imposible de hecho, obtener la plena satisfacción de un derecho sustantivo. La doctrina y la jurisprudencia, son unánimes en señalar la trascendencia de la medida cautelar o providencias precautorias, como medio y no como fin de la certeza jurídica y del imperio del Estado en la ejecución de sus sentencias.

Así por ejemplo, Manuel de la Peña y Peña, puntualiza la necesidad de las medidas cautelares, como acto previo para garantizar que la solicitud que se pretende demandar no se verá afectada por el procedimiento:

"Si el actor precisamente ha de demandar en juicio lo que se le debe y en la manera, lugar y tiempo en que se le debe, sin que pueda excederse por ningún capítulo en la cosa que demanda, tampoco puede pretender que se haga novedad alguna en la misma cosa demandada hasta que sea terminado el pleito por la sentencia definitiva, porque es un principio elemental de la práctica forense que pendiente al pleito nada debe innovarse (ca non le debe toller su derecho, ante que sea vencido por juicio). Este principio forma en el Código Canónico de las decretales una oración completa y constituye un título verdadero (lite pendente, nihil innovetur, mientras el caso esté pendiente, que no se produzca ninguna innovación); y tiene lugar tanto en la propiedad como en la posesión como en el uso y en cualquier otro derecho. De ahí, que se ha hecho litigiosa a virtud de una demanda, debe conservarse en el mismo estado, sin diferencia alguna, que el que tenía antes de la misma demanda..."

Del mismo modo, Piero Calamandrei conceptúa:

"De tal manera, la garantía cautelar aparece puesta al servicio de la ulterior actividad jurisdiccional que deberá restablecer de un modo definitivo la observancia del derecho; la misma está destinada más que a hacer justicia a dar tiempo a la justicia de cumplir eficazmente su obra. El contenido de la garantía cautelar es variable, en cuanto, debiéndose el mismo anticipar de un modo provisorio a los efectos de una sucesiva garantía jurisdiccional definitiva, es necesario que se ajuste, caso por caso, al diverso contenido de ésta; pero éste es precisamente su carácter distintivo; ser el anuncio y la anticipación (Se podría decir la sombra que precede al cuerpo) de otra providencia jurisdiccional, el instrumento para hacer que ésta pueda llegar a tiempo, la garantía de la garantía."

Esto demuestra como, para entender de qué modo juegan en el proceso los delicados mecanismos del sistema cautelar, no basta leer lo que está escrito en los artículos del código, sino que hay que conocer también todas las estrategias psicológicas que en la práctica se sirve de estas fórmulas para conseguir, maniobrando, finalidades sumamente distintas de las señaladas en las construcciones dogmáticas de los tratadistas."

Lo que se busca con este tipo de medidas es impedir la modificación del estado que guardan las cosas al tiempo de que la solicitud en vez de evitar el daño irreparable que pueda surgir de su modificación, de conformidad con los artículos 2, 1054, 1063 y 1324 del Código de Comercio, los artículos 18, 19 y 20 del Código Civil Federal, procurando siempre respetar y basarse en los principios generales de derecho.

Debido a la gran complejidad de los procesos sociales es imposible que el legislador, al elaborar la ley, pueda dar solución específica a todos los casos que ocurran en la vida práctica, menos aún a situaciones no previstas. Habrá otros casos en que el texto de la ley que se elabore sea insuficiente o incompleto.

Se dice que existe laguna legal cuando no hay ley o ésta es insuficiente. Esta laguna se colma, entre otras fuentes por los principios generales del derecho y en último término, recurriendo a la equidad y previamente a recurrir a tales instrumentos de interpretación, se puede encontrar su fuente en las disposiciones supletorias al presente caso como resulta ser el Código Federal de Procedimientos Civiles.

Su Señoría no encontrará disposición legal que determine exactamente lo que son las medidas cautelares que aquí son solicitadas. Para colmar esta laguna deberá hacerlo conforme al derecho ya existente, debiendo formular conceptos jurídicos nuevos distintos de las reglas generales, pero fundados en las reglas o principios de derecho, invocados en párrafos precedentes. Esta nueva regla ya en derecho antes, ya que: **"El derecho no tiene lagunas, éstas se encuentran en la ley, pero no en el derecho."**, principio que se encuentra debidamente considerado en el artículo 1324 del Código de Comercio.

Así, las medidas cautelares son procedentes y deben concederse, cuando existe un peligro que con el transcurso del tiempo se deje sin materia el juicio; siempre que se acredite tal circunstancia y el peligro en la demora, pudiendo aplicar las medidas que estime pertinentes para tales efectos, aunque expresamente no estén preceptuadas por la ley; utilizando los medios de interpretación jurídica.

### Derechos Fundamentales y Derechos Humanos

De esta manera, para efectos de protección de la Constitución conforme a los artículos 1o, 14, 16 y 17, nos lleva al análisis del derecho fundamental a la tutela judicial efectiva que tiene el mismo alcance tanto en el plano de constitucionalidad, como de convencionalidad.

Para ello la solicitud planteada busca la protección real de los derechos involucrados que deben garantizarse en forma amplia, a través de todas las medidas legales establecidas para ese efecto, sin ser aceptable que unos artículos en forma expresa restrinjan la aplicación de las medidas establecidas en ley, para proteger un derecho fundamental.

La protección efectiva de los derechos humanos, se encuentra regulado en el artículo 1.1 de la Convención Americana sobre Derechos Humanos, lo cual fue interpretado por la Corte Interamericana de Derechos Humanos, en el sentido de que los Estados tienen el deber de remover los obstáculos para la protección efectiva de los derechos humanos.

Si el derecho civil mexicano introdujo una serie de medidas para garantizar la ejecución de una condena (derecho humano a la tutela judicial efectiva), entonces una disposición que restringe el acceso a la totalidad de dichas providencias, en forma directa, contraviene a los artículos 1.1 y 25 de la Convención anteriormente mencionada.

De lo anterior se transcriben las Tesis Jurisprudenciales que permiten tomar en consideración los derechos humanos de la moral, que se fundamentan el artículo 1º de la Constitución.

Época: Décima Época
Registro: 2014183
Instancia: Tribunales Colegiados de Circuito
Tipo de Tesis: Aislada
Fuente: Gaceta del Semanario Judicial de la Federación
Libro 41, Abril de 2017, Tomo II
Materia(s): Constitucional
Tesis: (I Región)8o.2 CS (10a.)
Página: 1775

PERSONAS MORALES O JURÍDICAS. SON TITULARES DE LOS DERECHOS PREVISTOS EN LA CONVENCIÓN AMERICANA SOBRE DERECHOS HUMANOS, EN LA MEDIDA EN QUE RESULTEN CONFORMES CON SU NATURALEZA Y FINES.

El artículo 1, numeral 2, de la Convención Americana sobre Derechos Humanos dispone que, para efectos de ese tratado "persona" es todo ser humano; sin embargo, acorde con la interpretación que ha hecho la Suprema Corte de Justicia de la Nación del artículo 1o. de la Constitución Política de los Estados Unidos Mexicanos, que dispone que en México todas las personas gozarán de los derechos humanos reconocidos en la propia Norma Suprema y en los tratados internacionales de los que el Estado Mexicano sea Parte, así como de las garantías para su protección, al no prever distinción alguna, se colige que comprende tanto a las personas físicas como a las morales o jurídicas, siendo que éstas gozarán de aquéllos, en la medida en que resulten conformes con su naturaleza y fines, ya que en aras del principio pro personae, no puede dejarse de lado a las personas morales su amparo, por el simple hecho de emplearse la palabra "persona". Además, la Corte Interamericana de Derechos Humanos determinó que el individuo puede invocar violación a sus derechos protegidos por la Convención, incluso cuando aquélla derivara, a su vez, de la afectación de personas morales. En consecuencia, toda vez que es de mayor entidad el criterio que sobre el tema ha sustentado la jurisprudencia nacional, frente al del tribunal interamericano, debe reconocerse la titularidad de los derechos humanos previstos en el Pacto de San José a las personas jurídicas, para estar en armonía con el principio de progresividad. Lo contrario podría constituir una regresión, desconociendo incluso el espíritu que soporta la reforma constitucional en materia de derechos humanos, publicada en el Diario Oficial de la Federación el 10 de junio de 2011.

Época: Décima Época
Registro: 2020903
Instancia: Plenos de Circuito
Tipo de Tesis: Jurisprudencia
Fuente: Gaceta del Semanario Judicial de la Federación
Libro 71, Octubre de 2019, Tomo III
Materia(s): Constitucional, Civil
Tesis: PC.I.C. J/94 C (10a.)
Página: 2979

MEDIDAS CAUTELARES O PROVIDENCIAS PRECAUTORIAS EN LOS JUICIOS MERCANTILES. SON INHERENTES AL DERECHO A LA JURISDICCIÓN, POR LO QUE LA LIMITACIÓN DE SU OTORGAMIENTO DEBE ATENDER A UNA INTERPRETACIÓN FUNCIONAL Y CONFORME DEL ARTÍCULO 1168 DEL CÓDIGO DE COMERCIO CON LOS ARTÍCULOS 1o. Y 17 CONSTITUCIONALES.

En los juicios mercantiles se pueden decretar medidas cautelares o providencias precautorias para mantener una situación preexistente, en virtud de que este tipo de instrumentos son inherentes al derecho a la jurisdicción, al tener la finalidad de hacer eficaces las sentencias de los Jueces tal como está previsto en el artículo 17, párrafo séptimo, de la Constitución Política de los Estados Unidos Mexicanos, el cual dispone que: "Las leyes federales y locales establecerán los medios necesarios para que se garantice la independencia de los tribunales y la plena ejecución de sus resoluciones.". Así la reforma publicada en el Diario Oficial de la Federación el 10 de enero de 2014 a los artículos 1168 y 1171 del Código de Comercio, no tuvo la intención de impedir que en los juicios mercantiles se decreten las medidas o providencias cautelares necesarias para hacer efectivo el cumplimiento de las sentencias, ya que su propósito se concretó en la interpretación de reglas claras y precisas que permitan a los acreedores obtener el cobro efectivo de sus créditos insolutos, mediante la radicación de personas o la retención de bienes. De esta manera, el texto reformado del artículo 1168, primer párrafo, invocado, que establece: "En los juicios mercantiles únicamente podrán dictarse las medidas cautelares o providencias precautorias previstas en este Código y que son las siguientes: (...)", no debe interpretarse con un criterio de simple literalidad, pues resultaría ser prohibitivo frente al deber del Juez ordinario de conservar subsistente la materia del juicio, lo que, desde luego, vulneraría los derechos fundamentales reconocidos por los instrumentos internacionales firmados por el Estado Mexicano y por la Constitución Política de los Estados Unidos Mexicanos, de acuerdo con su artículo 1o.; no obstante, una interpretación funcional y conforme de

aquel numeral da la pauta para advertir que se trata de una norma taxativa al prever dos supuestos aplicables a determinada situación de hecho, lo cual, sin embargo, no restringe la posibilidad del juzgador de que en cumplimiento de su función en relación con el otorgamiento y procedencia de las diferentes medidas cautelares, deben adaptarse a las circunstancias y necesidades de cada caso, pues estas medidas deben ser flexibles incluso con posibilidad de modificación según se necesite en el procedimiento en que se emitan; además, al otorgarlas, debe fundarlas y motivarlas debidamente, así como en cuanto a las garantías que se exijan, a fin de evitar abusos de las partes que las soliciten. En tal virtud, tal interpretación es acorde con los derechos fundamentales a la tutela judicial efectiva y de acceso a la impartición de justicia reconocidos tanto por el artículo constitucional en comento, como por el precepto 25 de la Convención Americana sobre Derechos Humanos.

Época: Décima Época
Registro: 2008584
Instancia: Pleno
Tipo de Tesis: Jurisprudencia
Fuente: Gaceta del Semanario Judicial de la Federación
Libro 16, Marzo de 2015, Tomo I
Materia(s): Constitucional
Tesis: P./J. 1/2015 (10a.)
Página: 117

PRINCIPIO DE INTERPRETACIÓN MÁS FAVORABLE A LA PERSONA. ES APLICABLE RESPECTO DE LAS NORMAS RELATIVAS A LOS DERECHOS HUMANOS DE LOS QUE SEAN TITULARES LAS PERSONAS MORALES.

El artículo 1o. de la Constitución Política de los Estados Unidos Mexicanos, al disponer que en los Estados Unidos Mexicanos todas las personas gozarán de los derechos humanos reconocidos en dicha Constitución y en los tratados internacionales de los que el Estado Mexicano sea parte, así como de las garantías para su protección, no prevé distinción alguna, por lo que debe interpretarse en el sentido de que comprende tanto a las personas físicas, como a las morales, las que gozarán de aquellos derechos en la medida en que resulten conformes con su naturaleza y fines. En consecuencia, el principio de interpretación más favorable a la persona, que como imperativo establece el párrafo segundo del citado precepto, es aplicable respecto de las normas relativas a los derechos humanos de los que gocen las personas morales, por lo que deberán interpretarse favoreciendo en todo tiempo la protección más amplia, a condición de que no se trate de aquellos derechos cuyo contenido material sólo pueda ser disfrutado por las personas físicas, lo que habrá de determinarse en cada caso concreto.

Contradicción de tesis 360/2013. Entre las sustentadas por los Tribunales Colegiados Segundo en Materia Administrativa del Séptimo Circuito y Segundo en Materia Administrativa del Cuarto Circuito. 21 de abril de 2014. Unanimidad de once votos de los Ministros Alfredo Gutiérrez Ortiz Mena, José Ramón Cossío Díaz, Margarita Beatriz Luna Ramos, José Fernando Franco González Salas, Arturo Zaldívar Lelo de Larrea, Jorge Mario Pardo Rebolledo, Luis María Aguilar Morales, Sergio A. Valls Hernández, Olga Sánchez Cordero de García Villegas, Alberto Pérez Dayán y Juan N. Silva Meza. Ponente: Margarita Beatriz Luna Ramos. Secretaria: Guadalupe M. Ortiz Blanco.

Tesis y/o criterios contendientes:

Tesis VII.2o.A.2 K (10a.), de rubro: "DERECHOS HUMANOS. LAS PERSONAS MORALES NO GOZAN DE SU TITULARIDAD.", aprobada por el Segundo Tribunal Colegiado en Materia Administrativa del Séptimo Circuito y publicada en el Semanario Judicial de la Federación y su Gaceta, Décima Época, Libro XVIII, Tomo 3, marzo de 2013, página 1994, y el sustentado por el Segundo Tribunal Colegiado en Materia Administrativa del Cuarto Circuito, al resolver el amparo directo 375/2012.

Nota: De la sentencia que recayó al amparo directo 315/2012, resuelto por el Segundo Tribunal Colegiado en Materia Administrativa del Cuarto Circuito, derivaron las tesis aisladas IV.2o.A.30 K (10a.) y IV.2o.A.31 K (10a.), de rubros: "PERSONAS JURÍDICAS. SON TITULARES DE LOS DERECHOS HUMANOS Y DE LAS GARANTÍAS ESTABLECIDAS PARA SU PROTECCIÓN, EN AQUELLOS SUPUESTOS EN QUE ELLO SEA APLICABLE, CON ARREGLO A SU NATURALEZA." y "TUTELA JUDICIAL EFECTIVA. EL TRATAMIENTO CONSTITUCIONAL DE ESE DERECHO DEBE SER IGUAL PARA PERSONAS FÍSICAS Y JURÍDICAS.", publicadas en el Semanario Judicial de la Federación y su Gaceta, Décima Época, Libro XXIV, Tomo 3, septiembre de 2013, páginas 2628 y 2701, respectivamente.

El Tribunal Pleno, el veinticuatro de febrero en curso, aprobó, con el número 1/2015 (10a.), la tesis jurisprudencial que antecede. México, Distrito Federal, a veinticuatro de febrero de dos mil quince.

Esta tesis se publicó el viernes 06 de marzo de 2015 a las 09:00 horas en el Semanario Judicial de la Federación y, por ende, se considera de aplicación obligatoria a partir del lunes 09 de marzo de 2015, para los efectos previstos en el punto séptimo del Acuerdo General Plenario 19/2013.

Para mayor facilidad en el estudio de su Señoría en el fundamento de las presentes medidas precautorias se transcriben las siguientes Tesis aisladas, Tesis de Jurisprudencial y Jurisprudencias en Contradicción de Tesis del Pleno, en Materia Civil del Primer Circuito de la Suprema Corte de Justicia de la Nación.

Época: Décima Época
Registro: 2003884
Instancia: Primera Sala
Tipo de Tesis: Jurisprudencia
Fuente: Semanario Judicial de la Federación y su Gaceta
Libro XXI, Junio de 2013, Tomo 1
Materia(s): Civil
Tesis: 1a./J. 27/2013 (10a.)
Página: 552

PROVIDENCIAS PRECAUTORIAS EN MATERIA MERCANTIL. CUANDO LA SOLICITUD DE LA MEDIDA NO SE FUNDA EN LOS CASOS QUE PREVÉ EL ARTÍCULO 1168 DEL CÓDIGO DE COMERCIO. LA RESTRICCIÓN CONTENIDA EN EL ARTÍCULO 1171 DE LA MISMA LEY PARA DICTARLAS, NO IMPIDE LA APLICACIÓN SUPLETORIA DE LAS MEDIDAS DE ASEGURAMIENTO PREVISTAS EN LOS NUMERALES 384 A 388 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS CIVILES (ABANDONO PARCIAL DE LAS TESIS 1a. LXXIX/2007 Y 1a. LXXXI/2007).

El artículo 1168 del Código de Comercio regula como medida cautelar las que denomina providencias precautorias, las cuales sólo pueden dictarse cuando exista temor de que: I) se ausente u oculte la persona contra quien deba entablarse o se haya entablado una demanda; II) se oculten o dilapiden los bienes sobre los que ha de ejercitarse una acción real, y III) se oculten o enajenen los bienes sobre los que ha de practicarse la diligencia, siempre que la acción sea personal y el deudor no tuviera otros bienes. Por su parte, el numeral 1171 del mismo ordenamiento prevé que no pueden dictarse otras providencias precautorias que las establecidas en el propio código y que exclusivamente serán, en caso de la citada fracción I, el arraigo de la persona y, en los casos de las mencionadas fracciones II y III, el secuestro de bienes. En ese sentido, si en el Código de Comercio el legislador solamente reguló y denominó expresamente y de manera completa y cerrada la medida cautelar que denominó providencias precautorias, entonces, cuando en un juicio mercantil se plantea la solicitud de que se dicte una medida cautelar cuya finalidad es que se mantenga una situación de hecho existente, y ésta no se funda en alguna de las tres hipótesis mencionadas, es inconcuso que, por un lado, el juzgador estaría impedido para dictar una providencia precautoria de las previstas en el artículo 1168 señalado y, por otro, que al no poder establecer tal providencia precautoria, resultaría inaplicable la prohibición contenida en el diverso artículo 1171, dado que la anotada prohibición sólo tiene por objeto regular los términos y las condiciones para que opere la medida cautelar denominada providencias precautorias prevista en el referido artículo 1168, y en consecuencia, tal prohibición no puede ni debe entenderse extensiva a cualquier medida cautelar que resulte legalmente aplicable a la materia mercantil. En ese sentido, ante la solicitud de una medida cautelar con la finalidad de que se mantenga una situación de hecho, que no se funde en alguna de las tres hipótesis contenidas en el artículo 1168 del Código de Comercio, sí sería aplicable supletoriamente en términos del artículo 1054 del mismo ordenamiento, el contenido conducente del Código Federal de Procedimientos Civiles, que prevé como medida cautelar las denominadas medidas de aseguramiento, establecidas en sus artículos 384 a 388. Lo anterior conduce a esta Sala a apartarse parcialmente del criterio contenido en las tesis aisladas 1a. LXXIX/2007 y 1a. LXXXI/2007, en la tesis que prevén la intención y el alcance del contenido restrictivo del artículo 1171 del Código de Comercio.

Época: Décima Época
Registro: 2015970
Instancia: Tribunales Colegiados de Circuito
Tipo de Tesis: Aislada
Fuente: Gaceta del Semanario Judicial de la Federación
Libro 50, Enero de 2018, Tomo IV
Materia(s): Civil
Tesis: I.12o.C.15 C (10a.)
Página: 2188

MEDIDAS CAUTELARES DIRIGIDAS A MANTENER UNA SITUACIÓN DE HECHO. ES POSIBLE DECRETARLAS EN UN JUICIO ORDINARIO CIVIL, A PETICIÓN DEL INTERESADO, SIEMPRE QUE ACREDITE TENER INTERÉS LEGÍTIMO PARA SOLICITARLAS Y EL JUEZ HAGA UN EXAMEN PRELIMINAR DEL DERECHO ALEGADO Y EL PELIGRO EN LA DEMORA.

De la interpretación conforme de los artículos 235, 238 y 239 del Código de Procedimientos Civiles para el Distrito Federal, aplicable para la Ciudad de México, con la garantía de acceso efectivo a la jurisdicción, prevista en el artículo 17, segundo párrafo, de la Constitución Política de los Estados Unidos Mexicanos, y de acuerdo con los artículos 18 y 19 del Código Civil para esta ciudad, se infiere que el juzgador cuenta con amplias facultades para adoptar las medidas que estime pertinentes a fin de preservar la materia del juicio, así como para evitar que se defrauden derechos de terceros y se causen perjuicios a los interesados, sin que las normas de la legislación adjetiva civil mencionadas puedan entenderse como preceptos aislados y discordantes del sistema al que pertenecen, sino como disposiciones establecidas con el propósito de asegurar la ejecución material de la sentencia y con ello que los gobernados gocen del acceso efectivo a la impartición de justicia que desarrollan los tribunales y evitar que se defrauden derechos de terceros durante la secuela procesal del juicio natural. Ahora bien, para la consecución de dichos objetivos, el juzgador puede adoptar las medidas que estime pertinentes, sin que el silencio, oscuridad o insuficiencia de la ley, lo autorice para dejar de resolver lo solicitado. En ese sentido, cuando las medidas cautelares dirigidas a mantener una situación de hecho resulten acordes con el derecho que se va a dilucidar en la sentencia definitiva, el juzgador puede impedir que se defrauden derechos de terceros o que se ocasionen perjuicios a las partes; de ahí que, en función de los principios que rigen a aquéllas, cuando quien acredite tener interés legítimo para solicitarlas formule la petición atinente, el juzgador en un examen preliminar sobre la existencia -aun presuntiva- del derecho alegado y el peligro en la demora, conforme a las circunstancias que rodeen el caso específico, debe ponderar si la medida cautelar dirigida a mantener una situación de hecho, es apta o no para evitar que se defrauden derechos de terceros, se ocasionen perjuicios a las partes o se realicen actos que puedan dificultar la ejecución de la sentencia que llegue a emitirse en el juicio ordinario civil.

Época: Novena Época
Registro: 172950
Instancia: Primera Sala
Tipo de Tesis: Aislada
Fuente: Semanario Judicial de la Federación y su Gaceta
Tomo XXV, Marzo de 2007
Materia(s): Constitucional, Civil
Tesis: 1a. LXXXI/2007
Página: 263

PROVIDENCIAS PRECAUTORIAS. EL ARTÍCULO 1171 DEL CÓDIGO DE COMERCIO, EN RELACIÓN CON EL NUMERAL 384 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS CIVILES, NO CAUSA INDEFENSIÓN, INCERTIDUMBRE O INSEGURIDAD JURÍDICA A LOS GOBERNADOS.

Si bien es cierto que el Código de Comercio permite la aplicación supletoria del Código Federal de Procedimientos Civiles cuando aquél regule defectuosamente alguna institución jurídica, también lo es que el artículo 1171 del Código primeramente citado no causa indefensión, incertidumbre o inseguridad jurídica a los gobernados, al disponer que en los juicios mercantiles no pueden dictarse otras providencias precautorias distintas del arraigo de personas y del secuestro de bienes, pues el derecho mercantil regula los actos comerciales y por su naturaleza el procedimiento mercantil es menos formalista, más sencillo, y dinámico que el civil, a fin de facilitar las operaciones de comercio, conforme al espíritu del artículo 1049 del Código de Comercio. En esta virtud, tal limitación no significa que el legislador incurrió en una omisión o que el número de las providencias que pueden promoverse amerita suplir su texto, ni debe atribuirse contradicción alguna con el artículo 384 del Código Federal de Procedimientos Civiles, que permite decretar todas las medidas necesarias para mantener la situación de hecho existente, ya sea antes de iniciarse el juicio o durante su desarrollo, pues si el referido artículo 1171 expresamente prohíbe que se dicten otras providencias precautorias diferentes de las señaladas, debe entenderse que la intención del legislador fue delimitar su promoción a esos dos supuestos en los juicios mercantiles en congruencia con la naturaleza y los fines del derecho comercial, lo cual no pugna con los artículos 14 y 16 de la Constitución Federal.

Estos criterios judiciales resultan plenamente aplicables por analogía al presente asunto, en virtud de que el Código de Comercio no contempla la aplicación de las medidas cautelares solicitadas, sino que únicamente prevé la aplicación de las providencias precautorias, mismas que si bien son una especie de aquellas, no resultan suficientes para preservar la materia del litigio que se pretende incoar.

En este orden de ideas, en la solicitud que se pretende existen obligaciones entre las partes mismas que se establecieron en forma recíprocas, dando surgimiento a un sinalagma obligacional, es decir una interdependencia de las obligaciones que tiene como consecuencia el que para que una de las partes pueda exigir el cumplimiento de las obligaciones a cargo de su contraparte debe demostrar, primero, que ha dado cabal cumplimiento a las obligaciones a su cargo, quedando obligado a seguir cumpliendo las obligaciones que asumió en tanto no se haga la declaración judicial que determine lo contrario.

Por tal motivo a fin de no incurrir en ningún incumplimiento mi representada estaría obligada a cumplir con las obligaciones asumidas, en tanto no se haga la declaratoria de acreedores, sin embargo de sostener ese criterio se quebrantarían los principios de igualdad, equidad y buena fe que deben imperar en toda relación jurídica al compeler a mi representada a seguir cumpliendo, máxime si se considera que el cumplimiento de las obligaciones a su cargo evidentemente generan un costo el cual se va afrontando con los pagos que deben realizarse a los acreedores siendo evidente el peligro que corre el patrimonio de mi representada si se demora en la aplicación de la medida cautelar solicitada toda vez que no solamente no cuenta con los recursos a que tiene derecho sino porque debe incurrir en nuevas erogaciones para poder continuar operando y cumpliendo son sus obligaciones, de ahí la necesidad y procedencia de que se decreten las medidas cautelares o providencias precautorias solicitadas.

## Lugar y fecha de presentación

Monterrey Nuevo León miércoles seis de agosto del dos mil veinte

Escriba la entidad federativa del lugar del Juzgado de Distrito en el que se presente la solicitud, así como el día, mes y año en que eso suceda.

NOTARIA PÚBLICA No. 60
TITULAR
LIC. HERNÁN ... PEDRAZA
MONTERREY ... MÉXICO
PRIMER ...

## Nombre y firma de quien(es) promueve(n) por el comerciante

Humberto Loza López

Escriba el nombre completo del (de los) promovente(s) quien(es) deberá(n) poner su firma autógrafa, o bien, de contar con ella, insertar su firma electrónica.

Yo, LICENCIADO HERNAN MONTAÑO PEDRAZA Notario
Público número sesenta en ejercicio en este Primer
Distrito, hago constar y CERTIFICO: Que la presente
copia que consta de____30____hoja(s) utilizada(s) por
____uu____lado(s) es fiel reproducción del original que
tengo a la vista y expido para uso de la parte interesada
registrándose bajo el número 26095854 en el Libro
de Control de Actas Fuera de Protocolo, en Monterrey,
Nuevo León, a __6__ de ___agosto___ del 20 20.
DOY FE.-



LIC. HERNAN MONTAÑO PEDRAZA
NOTARIO PÚBLICO  No. 60

NOTARIA PÚBLICA No. 60
TITULAR
LIC. HERNAN MONTAÑO PEDRAZA
MONTERREY, NUEVO LEÓN, MÉXICO
PRIMER DISTRITO